UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 21-81995-CIV-CANNON/Reinhart
22-80838-CIV-CANNON/Reinhart

**RMST HOLDING COMPANY, INC.,**
**R.M. STARK & CO, INC**, and
**GARY L. STARK**,

    Plaintiffs,
v.

**PREMIUM 72 CAPITAL, LLC,**
**PREMIUM 72 INTERNATIONAL, LLC**,
**AYNBET INVESTMENTS, LLC**,
**ARTURO NICOLAYEVSKY**,
**EDUARDO PEREZ**, and
**ISAAC WRIGHT**,

    Defendants.
_____ /

**BYLINE BANK**,

    Plaintiff,

v.

**PREMIUM 72 CAPITAL LLC**,
**AYNBET INVESTMENTS LLC**,
**R.M. STARK & CO., INC.**,
**ARTURO NICOLAYEVSKY**, and
**GARY STARK**,

    Defendants.
_____/

## ORDER CONSOLIDATING CASES

**THIS CAUSE** comes before the Court upon Plaintiffs' Motion to Consolidate in Case Number 21-81995-CIV-CANNON/Reinhart [ECF No. 58]. Under Rule 42, a court is permitted to consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a).

CASE No. 21-81995-CIV-CANNON/Reinhart
22-80838-CIV-CANNON/Reinhart

"This rule is a codification of a trial court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (internal quotation marks omitted). The Eleventh Circuit has "encouraged trial judges to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." *Id.* (internal quotation marks and ellipses omitted). A district court's decision to consolidate actions under Rule 42 is discretionary, and in exercising its discretion, the court must determine the following:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* (alterations omitted).

After weighing the foregoing considerations, the Court concludes that consolidation of the above-styled cases for pre-trial and trial purposes is warranted. Accordingly, it is

**ORDERED AND ADJUDGED** that the above-styled cases are consolidated as follows:

1. Plaintiffs' Motion to Consolidate in 21-81995-CIV-CANNON/Reinhart [ECF No. 58] is **GRANTED**.

2. The Clerk of the Court is instructed to **CLOSE Case No. 22-80838-CIV-CANNON** for administrative purposes only and **DENY AS MOOT** all pending motions in that case.

3. All future pre-trial filings in this case shall be made under **Case No. 21-81995-CIV-CANNON/Reinhart** only.

4. If circumstances arise warranting reconsideration of this Order for purposes of trial, the parties may file appropriate motions at that time, detailing the need for separate

CASE No. 21-81995-CIV-CANNON/Reinhart
22-80838-CIV-CANNON/Reinhart

trials. Any such request must be jointly filed, even if the parties disagree, at least 60 days before trial.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 9th day of August 2022.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record