## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

RMST HOLDING COMPANY, INC.,
a Florida corporation, R.M. STARK &
CO, INC., a Florida corporation, and
GARY L. STARK, individually,

       Plaintiffs,

v.                          Case No. 9:21-cv-81995-AMC

PREMIUM 72 CAPITAL, LLC, a Texas
limited liability company, PREMIUM 72
INTERNATIONAL, LLC, a Nevada limited
Liability company, AYNBET INVESTMENTS,
LLC, a Texas limited liability company,
ARTURO NICOLAYEVSKY, individually,
EDUARDO PEREZ, individually, ISAAC
WRIGHT, individually, MONEY STORE
FUNDING, a New York limited liability company,
and BYLINE BANK, an Illinois bank

       Defendants.

_____/

## ANSWER AND DEFENSES TO SECOND AMENDED COMPLAINT

Defendant PREMIUM 72 CAPITAL, LLC ("Premium 72"); PREMIUM 72

INTERNATIONAL, LLC ("Premium Intl."); AYNBET INVESTMENTS, LLC

("AYNBET"); ARTURO NICOLAYEVSKY ("Nicolayevsky"); and EDUARDO

PEREZ ("Perez") (collectively "Defendants") answer and assert the following

defenses to the Second Amended Complaint filed by Plaintiffs, RMST HOLDING

COMPANY, INC ("RMST"); R.M. STARK & CO, INC ("RM Stark") and GARY

L. STARK ("Stark")  (collectively "Plaintiffs"), and state:

## NATURE OF THE DISPUTE

1.      Defendants deny the allegations of paragraph 1.

## PARTIES, JURISDICTION AND VENUE

2.      Defendants admit the allegations of paragraph 2 for jurisdictional purposes only.

3.      Defendants admit the allegations of paragraph 3 for jurisdictional purposes only.

4.      Defendants admit the allegations of paragraph 4 for jurisdictional purposes only.

5.      Defendants admit the allegations of paragraph 5 for jurisdictional purposes only.

6.      Defendants admit the allegations of paragraph 6 for jurisdictional purposes only.

7.      Defendants admit the allegations of paragraph 7 for jurisdictional purposes only.

8.      Defendants deny the allegations of paragraph 8.

9.      Defendants admit the allegations of paragraph 9 for jurisdictional purposes only.

10.      Defendants admit the allegations of paragraph 10 for jurisdictional purposes only.

11.     Defendants admit the allegations of paragraph 11 for jurisdictional purposes only.

12.     Defendants admit the allegations of paragraph 12 for jurisdictional purposes only.

13.     Defendants are without knowledge as to the allegations in paragraph 14, therefore deny.

14.     Defendants are without knowledge as to the allegations in paragraph 14, therefore deny.

15.     Defendants are without knowledge as to the allegations in paragraph 15, therefore deny.

16.     Defendants are without knowledge as to the allegations in paragraph 16, therefore deny.

17.     Defendants are without knowledge as to the allegations in paragraph 17, therefore deny.

18.     Defendants are without knowledge as to the allegations in paragraph 18, therefore deny.

19.     Defendants are without knowledge as to the allegations in paragraph 19, therefore deny.

20.     Defendants are without knowledge as to the allegations in paragraph 20, therefore deny.

21.     Defendants are without knowledge as to the allegations in paragraph 21, therefore deny.

22.     Defendants admit the allegations of paragraph 22 insofar as jurisdiction in this Court is predicated upon diversity of jurisdiction pursuant to 28 U.S.C. § 1332. To the extent that paragraph 22 alleges this dispute is between citizens of different states, Defendants are without knowledge and, therefore, deny.

23.     Defendants admit the allegations of paragraph 23 for jurisdictional purposes only.

24.     Defendants admit the allegations of paragraph 24 for venue purposes only.

## FACTUAL ALLEGATIONS

25.     Defendants are without knowledge as to the allegations in paragraph 25, therefore deny.

26.     Defendants admit the allegations of paragraph 26.

27.     Defendants admit the allegations of paragraph 27.

### Premium 72's Purchase of RM Stark

28.     Defendants deny the allegations of paragraph 28 as phrased.

29.     Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 29 because the document attached as "Exhibit A" purporting

to be a Letter of Intent is not executed, therefore Defendants are unable to determine its authenticity.

30.     Defendants admit the LOI speaks for itself, otherwise, Defendants deny allegations of paragraph 30.

31.     Defendants admit the allegations of paragraph 31.

32.     Defendants admit the allegations of paragraph 32.

33.     Defendants admit the allegations of paragraph 25 insofar as the Stock Purchase Agreement divided the transaction in two closings, otherwise, Defendants deny the allegations of paragraph 33.

34.     Defendants admit the allegations of paragraph 34 only to the extent that twenty-four (24%) percent of the Stock in RMST was transferred to Premium 72 at the First Closing, otherwise, Defendants deny the allegations of paragraph 34

35.     Defendants admit the allegations of paragraph 35 insofar as the Stock Purchase Agreement provided for the Second Closing to be held upon FINRA's approval, otherwise, Defendants deny the allegations of paragraph 35.

36.     Defendants admit the allegations of paragraph 36.

37.     Defendants deny the allegations of paragraph 37.

38.     Defendants admit the allegations of paragraph 38 to the extent that FINRA approved the Continuing Membership Application (the "CMA"), otherwise, Defendants deny the allegations of paragraph 38.

39.     Defendants deny the allegations of paragraph 39.

40.     Defendants deny the allegations of paragraph 40 insofar as it implies that Defendants held themselves out as having authority to bind RMST.

41.     Defendants deny the allegations of paragraph 41.

<u>Second Closing/Supplemental Purchase Agreement</u>

42.     Defendants admit that the subject parties entered into the Supplemental Agreement, the terms of which attached to the Amended Complaint as "<u>Exhibit D</u>" speak for themselves. Otherwise, Defendants deny the allegations of paragraph 42.

43.     Defendants deny the allegations of paragraph 43.

44.     Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 44 because the document attached as "<u>Exhibit E</u>" purporting to be a Promissory Note is not executed, therefore, Defendants are unable to determine its authenticity.

45.     Defendants admit that the subject parties entered into the Supplemental Agreement, the terms of which attached to the Amended Complaint as "<u>Exhibit D</u>" speak for themselves. To the extent that the allegations in paragraph 45 seek to alter or modify the terms of the Supplemental Agreement, Defendants deny.

46.     Defendants admit the allegations of paragraph 46.

47.     Defendants admit that the subject parties entered into the Supplemental Purchase Agreement, the terms of which attached to the Amended Complaint as

"Exhibit D" speak for themselves. To the extent that the allegations in paragraph 47 seek to modify the terms of the Supplemental Agreement, Defendants deny.

48.     Defendants admit that the subject parties entered into the Supplemental Purchase Agreement, the terms of which attached to the Amended Complaint as "**Exhibit D**" speak for themselves. To the extent that the allegations in paragraph 48 seek to alter or modify the terms of the Supplemental Agreement, Defendants deny. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 48 as to the Promissory Note, because the document attached as "**Exhibit E**" purporting to be a Promissory Note is not executed.

49.     Defendants deny the allegations of paragraph 49.

50.     Defendants deny the allegations of paragraph 50.

51.     Defendants deny the allegations of paragraph 51

52.     Defendants deny the allegations of paragraph 52.

53.     Defendants deny the allegations of paragraph 53.

FINRA CMA

54.     Defendants admit the allegations of paragraph 54.

55.     Defendants admit the allegations of paragraph 55.

56.     Defendants admit the allegations of paragraph 56.

57.     Defendants admit the allegations of paragraph 57.

58.     Defendants deny the allegations of paragraph 58.

59.     Defendants admit that FINRA approved the CMA, attached to the Amended Complaint as "**Exhibit C**," the terms of which speak for themselves. To the extent that the allegations in paragraph 59 seek to alter or modify the terms of the CMA, Defendants deny.

60.     Defendants deny as stated, the allegations of paragraph 60.

<u>Unauthorized, Improper, and Unlawful Actions</u>

61.     Defendants deny the allegations of paragraph 61 and all its subparts.

  a.  Defendants deny the allegations of subpart a.

  b.  Defendants deny the allegations of subpart b.

  c.  Defendants deny the allegations of subpart c.

  d.  Defendants deny the allegations of subpart d.

  e.  Defendants deny the allegations of subpart e.

  f.  Defendants deny the allegations of subpart f.

  g.  Defendants deny the allegations of subpart g.

  h.  Defendants deny the allegations of subpart h.

  i.  Defendants deny the allegations of subpart i.

  j.  Defendants deny the allegations of subpart j.

  k.  Defendants deny the allegations of subpart k.

  l.  Defendants deny the allegations of subpart l.

  m. Defendants deny the allegations of subpart m.

n.  Defendants deny the allegations of subpart n.

o.  Defendants deny the allegations of subpart o.

p.  Defendants deny the allegations of subpart p.

q.  Defendants deny the allegations of subpart q.

r.  Defendants deny the allegations of subpart r.

s.  Defendants deny the allegations of subpart s.

t.  Defendants deny the allegations of subpart t.

u.  Defendants deny the allegations of subpart u.

v.  Defendants deny the allegations of subpart v.

w. Defendants deny the allegations of subpart w.

x.  Defendants deny the allegations of subpart x.

62.     Defendants deny the allegations of paragraph 62.

63.     Defendants deny the allegations of paragraph 63.

64.     Defendants deny the allegations of paragraph 64.

65.     Defendants deny the allegations of paragraph 65.

66.     Defendants deny the allegations of paragraph 66.

67.     Defendants den the allegations of paragraph 67.

68.     Defendants deny the allegations of paragraph 68.

69.     Defendants deny the allegations of paragraph 69.

70.     Defendants deny the allegations of paragraph 70.

<u>Unauthorized, Improper and Unlawful Loans</u>
<u>The BYLINE SBA Loan</u>

71.     Defendants admit the allegation of paragraph 71 to the extent that Nicolayevsky sought PPP loans, otherwise, Defendants deny the allegations in paragraph 71.

72.     Defendants deny the allegations of paragraph 72.

73.     Defendants deny the allegations of paragraph 73 and all its subparts.

        (i)     Defendants deny the allegations of subpart i.

        (ii)    Defendants deny the allegations of subpart ii.

        (iii)   Defendants deny the allegations of subpart iii.

        (iv)    Defendants deny the allegations of subpart iv.

        (v)     Defendants deny the allegations of subpart v.

74.     Defendants admit the allegations of paragraph 74.

75.     Defendants admit the allegations of paragraph 75.

76.     Defendants admit the allegations of paragraph 76.

77.     Defendants deny the allegations of paragraph 77.

78.     Defendants deny the allegations of paragraph 78.

79.     Defendants deny the allegations of paragraph 79.

80.     Defendants deny the allegations of paragraph 80.

81.     Defendants deny the allegations of paragraph 81.

82.     Defendants deny the allegations of paragraph 82.

83.     Defendants deny the allegations of paragraph 83.

84.     Defendants deny the allegations of paragraph 84.

85.     Defendants deny the allegations of paragraph 85.

86.     Defendants deny the allegations of paragraph 86.

Loans from AMZ Group, LLC

87.     Defendants admit that the subject parties entered into "Contract 467," the terms of which set forth in "Exhibit F" attached to the amended complaint speak for themselves, otherwise, Defendants deny the allegations of paragraph 87.

88.     Defendants deny the allegations of paragraph 88.

89.     Defendants deny the allegations of paragraph 89.

90.     Defendants deny the allegations of paragraph 90.

91.     Defendants deny the allegations of paragraph 91.

92.     Defendants deny the allegations of paragraph 92.

93.     Defendants admit only that "Contract 489," attached to the amended complaint as "Exhibit F," was entered into by the subject parties, otherwise, Defendants deny all allegations of paragraph 93.

94.     Defendants deny the allegations of paragraph 94.

95.     Defendants deny the allegations of paragraph 95.

96.     Defendants deny the allegations of paragraph 96.

97.     Defendants admit only that "Contract 516," attached to the amended complaint as "Exhibit F," was entered into by the subject parties, otherwise, Defendants deny all allegations of paragraph 97.

98.     Defendants deny the allegation of paragraph 98.

99.     Defendants deny the allegation of paragraph 99.

100.     Defendants deny the allegations of paragraph 100.

101.     Defendants deny the allegations of paragraph 101.

102.     Defendants deny the allegations of paragraph 102.

103.     Defendants deny the allegations of paragraph 103.

104.     Defendants deny the allegations of paragraph 104.

105.     Defendants deny the allegations of paragraph 105.

106.     Defendants deny the allegations of paragraph 106

107.     Defendants deny the allegations of paragraph 107.

108.     Defendants deny the allegations of paragraph 108.

<u>Loans from U.S. Small Business Administration
through the Payroll Protection Program</u>

109.     Defendants admit the allegation of paragraph 109 to the extent that Nicolayevsky sought PPP loans, otherwise, Defendants deny the allegations in paragraph 109.

110.     Defendants deny the allegations of paragraph 110.

111.     Defendants deny the allegations of paragraph 111.

112.     Defendants deny the allegations of paragraph 112.

113.     Defendants deny the allegations of paragraph 113.

114.     Defendants deny the allegations of paragraph 114.

115.     Defendants deny the allegations of paragraph 115.

116.     Defendants deny the allegations of paragraph 116.

117.     Defendants deny the allegations of paragraph 117.

118.     Defendants deny the allegations of paragraph 118.

119.     Defendants deny the allegations of paragraph 119.

120.     Defendants deny the allegations of paragraph 120.

121.     Defendants deny the allegations of paragraph 121.

122.     Defendants deny the allegations of paragraph 122.

123.     Defendants deny the allegations of paragraph 123.

124.     Defendants deny the allegations of paragraph 124.

<u>ZAM Loan</u>

125.     Defendants admit only that the loan agreement and UCC attached to the amended complaint as "Exhibit K," was entered into by the subject parties, otherwise, Defendants deny all allegations of paragraph 125.

126.     Defendants deny all allegations of paragraph 126.

127.     Defendants deny the allegations of paragraph 127.

128.     Defendants admit that ZAM filed the UCC-1, attached to the Amended Complaint as "**Exhibit K**," the terms of which speak for themselves. Otherwise, Defendants deny the allegations in paragraph 128.

129.     Defendants deny the allegations of paragraph 129.

130.     Defendants admit the allegation of paragraph 130 to the extent that Nicolayevsky signed the ZAM agreement. Otherwise, Defendants deny the allegations in paragraph 130.

131.     Defendants deny the allegations of paragraph 131.

132.     Defendants deny the allegations of paragraph 132.

133.     Defendants deny the allegations of paragraph 133.

134.     Defendants deny the allegations of paragraph 134.

135.     Defendants admit the allegation of paragraph 135.

136.     Defendants admit that ZAM alleges it was defrauded, otherwise, defendants deny the allegation of paragraph 136.

137.     Defendants admit that an answer to the complaint filed by ZAM was submitted, attached to the Amended Complaint as "Exhibit M," the defenses of which speak for themselves. Otherwise, defendants deny the allegation of paragraph 137.

138.      Defendants admit that a filing with the Securities and Exchange Commission was submitted, attached to the Amended Complaint as "Exhibit N," the

terms of which speak for themselves. Otherwise, Defendants deny the allegations in paragraph 138.

139.     Defendants deny the allegations of paragraph 139.

KINGDOM Loan

140.     Defendants deny the allegations of paragraph 140.

NFG Loan

141.     Defendants deny the allegations of paragraph 141.

142.     Defendants deny the allegations of paragraph 142.

143.     Defendants deny the allegations of paragraph 143.

PROMPT Loan

144.     Defendants admit only that a loan agreement with PROMPT was entered into, otherwise, Defendants deny all allegations in paragraph 144.

145.     Defendants deny the allegations of paragraph 145.

146.     Defendants deny the allegations of paragraph 146.

147.     Defendants deny the allegation of paragraph 147.

PINNACLE Loan

148.     Defendants admit only that a loan agreement with PINNACLE was entered into, otherwise, Defendants deny all allegations in paragraph 148.

149.     Defendants deny the allegations of paragraph 149.

150.     Defendants deny the allegations of paragraph 150.

151.     Defendants admit the allegation of paragraph 151.

<u>MONEY STORE Loan</u>

152.     Defendants admit only that a loan agreement with MONEY STORE,
attached to the Amended Complaint as "Exhibit Q," was entered into, the terms of
which speak for themselves. Otherwise, Defendants deny all allegations in paragraph
152.

153.     Defendants deny the allegations of paragraph 153.

154.     Defendants deny the allegations of paragraph 154.

155.     Defendants admit the allegation of paragraph 155.

156.     Defendants deny the allegations of paragraph 156.

<u>BITTY Loan</u>

157.     Defendants admit only that a loan agreement with BITTY, attached to the
Amended Complaint as "Exhibit S," was entered into, the terms of which speak for
themselves. Otherwise, Defendants deny all allegations in paragraph 157.

158.     Defendants deny the allegations of paragraph 158.

159.     Defendants deny the allegations of paragraph 159.

160.     Defendants deny the allegations of paragraph 160.

161.     Defendants deny the allegations of paragraph 161.

162.     Defendants deny the allegations of paragraph 162.

163.     Defendants deny the allegations of paragraph 163.

164.     Defendants admit only that they received letters from FINRA's enforcement division, attached to the Amended Complaint as "Exhibit T." Otherwise, Defendants deny the allegations in paragraph 164.

165.     Defendants admit only that Form ADV was filed with the SEC, attached to the Amended Complaint as "Exhibit N." Otherwise, Defendants deny the allegations in paragraph 165.

166.     Defendants deny the allegations in paragraph 166.

<u>Additional BYLINE Loan</u>

167.     Defendants deny the allegations in paragraph 167.

168.     Defendants deny the allegations in paragraph 168.

169.     Defendants deny the allegations in paragraph 169.

170.     Defendants deny the allegations of paragraph 170.

171.     Defendants deny the allegations of paragraph 171.

172.     Defendants deny the allegations of paragraph 172.

173.     Defendants deny the allegations of paragraph 173

174.     Defendants deny the allegations of paragraph 174.

175.     Defendants deny the allegations of paragraph 175

<u>Sale to WRIGHT</u>

176.     Defendants deny the allegations in paragraph 176.

177.      Defendants deny the allegations in paragraph 177.

178.      Defendants deny the allegations of paragraph 178.

179.      Defendants deny the allegations of paragraph 179.

180.      Defendants deny the allegations of paragraph 180.

## **GENERAL DENIAL**

Defendants generally deny all allegations not specifically admitted above.

## **COUNT I – DECLARATORY RELIEF**
## **(PREMIUM 72, NICOLAYEVSKY and PEREZ AS TO MANAGEMENT, OPERATION AND CONTROL OF RMST and RM STARK)**

Defendants admit and deny paragraphs below in the same respects as all preceding paragraphs incorporated herein by reference.

181.      Defendants deny the allegations of paragraph 181.

182.      Defendants deny the allegations of paragraph 182.

183.      Defendants deny the allegations of paragraph 183.

184.      Defendants deny the allegations of paragraph 184.

185.      Defendants deny the allegations of paragraph 185.

186.      Defendants deny the allegations of paragraph 186.

Defendants further deny any relief sought in the unnumbered wherefore clause.

## COUNT II – INJUNCTIVE RELIEF
## (PREMIUM 72, NICOLAYEVSKY and PEREZ
## ENJOINING INTERFERENCE IN THE MANAGEMENT,
## OPERATION AND CONTROL OF RMST and RM STARK)

Defendants admit and deny paragraphs below in the same respects as all preceding paragraphs incorporated herein by reference.

187. Defendants deny the allegations of paragraph 187.

188. Defendants deny the allegations of paragraph 188.

189. Defendants deny the allegations of paragraph 189.

190. Defendants deny the allegations of paragraph 190.

191. Defendants deny the allegations of paragraph 191.

192. Defendants deny the allegations of paragraph 192.

Defendants further deny any relief sought in the unnumbered wherefore clause.

## COUNT III – DECLARATORY RELIEF
## (PREMIUM 72, PREMIUM INTL, NICOLAYEVSKY and PEREZ
## AS TO TERMS OF PROMISSORY NOTE and SECURITY PROVISION)

Defendants admit and deny paragraphs below in the same respects as all preceding paragraphs incorporated herein by reference.

193. Defendants deny the allegations of paragraph 193.

194. Defendants deny the allegations of paragraph 194.

195. Defendants deny the allegations of paragraph 195.

196.     Defendants deny the allegations of paragraph 196.

197.     Defendants deny the allegations of paragraph 197.

Defendants further deny any relief sought in the unnumbered wherefore clause.

## COUNT IV – BREACH OF PROMISSORY NOTE

Defendants admit and deny paragraphs below in the same respects as all preceding paragraphs incorporated herein by reference.

198.     Defendants are without sufficient knowledge as to the allegations in paragraph 198 because the document attached as "**Exhibit E**" purporting to "The Note" is not executed. Defendants are unable to determine its authenticity and therefore deny the allegations of paragraph 198.

199.     Defendants admit the allegations of paragraph 199.

200.     Defendants deny the allegations of paragraph 200.

201.     Defendants deny the allegations of paragraph 201.

202.     Defendants deny the allegations of paragraph 202.

203.     Defendants deny the allegations of paragraph 203.

Defendants further deny any relief sought in the unnumbered wherefore clause.

## COUNT V – BREACH OF STOCK PURCHASE AGREEMENT
## (PREMIUM 72, NICOLAYEVSKY and PEREZ)

Defendants admit and deny paragraphs below in the same respects as all preceding paragraphs incorporated herein by reference.

204.     Defendants admit the allegations of paragraph 204.

205.     Defendants deny the allegations of paragraph 205.

206.     Defendants deny the allegations of paragraph 206.

207.     Defendants deny the allegations of paragraph 207.

208.     Defendants deny the allegations of paragraph 208.

Defendants further deny any relief sought in the unnumbered wherefore clause.

## COUNT VI – BREACH OF SUPPLEMENTAL PURCHASE AGREEMENT

Defendants admit and deny paragraphs below in the same respects as all preceding paragraphs incorporated herein by reference.

209.     Defendants admit the allegations of paragraph 209 only to the extent that the subject parties entered into the Supplemental Purchase Agreement, otherwise, Defendants deny the allegations of paragraph 209.

210.     Defendants deny the allegations of paragraph 210.

211.     Defendants deny the allegations of paragraph 211.

212.     Defendants deny the allegations of paragraph 212.

Defendants further deny any relief sought in the unnumbered wherefore clause.

## COUNT VII– BREACH OF CMA
## (PREMIUM 72, PREMIUM INTL, AYNBET, NICOLAYEVSKY and PEREZ)

Defendants admit and deny paragraphs below in the same respects as all preceding paragraphs incorporated herein by reference.

213.     Defendants admit the allegations of paragraph 213.

214.     Defendants deny the allegations of paragraph 214.

215.     Defendants deny the allegations of paragraph 215.

216.     Defendants deny the allegations of paragraph 216.

Defendants further deny any relief sought in the unnumbered wherefore clause.

<u>COUNT VIII – BREACH OF FIDUCIARY DUTY</u>
<u>(PREMIUM 72, AYNBET, NICOLAYEVSKY and PEREZ)</u>

Defendants admit and deny paragraphs below in the same respects as all preceding paragraphs incorporated herein by reference.

217.     Defendants admit the allegations of paragraph 217.

218.     Defendants admit the allegations of paragraph 218.

219.     Defendants deny the allegations of paragraph 219.

220.     Defendants deny the allegations of paragraph 220.

Defendants further deny any relief sought in the unnumbered wherefore clause.

<u>COUNT IX – TORTIOUS INTERFERENCE</u>
<u>(PREMIUM 72, AYNBET, NICOLAYEVSKY, PEREZ and WRIGHT)</u>

Defendants admit and deny paragraphs below in the same respects as all preceding paragraphs incorporated herein by reference.

221.     Defendants are without knowledge of the allegations of paragraph 221, therefore deny.

222.     Defendants admit only that they have a general knowledge that RMST and SM Stark were subject to FINRA regulations, otherwise Defendants deny the allegations of paragraph 222.

223.     Defendants deny the allegations of paragraph 223.

224.     Defendants deny the allegations of paragraph 224.

Defendants further deny any relief sought in the unnumbered wherefore clause.

## COUNT X – ACCOUNTING AND ACCESS TO RECORDS
## (PREMIUM 72, AYNBET, NICOLAYEVSKY, PEREZ and WRIGHT)

Defendants admit and deny paragraphs below in the same respects as all preceding paragraphs incorporated herein by reference.

225.     Defendants deny the allegations of paragraph 225.

226.     Defendants deny the allegations of paragraph 226.

227.     Defendants deny the allegations of paragraph 227.

228.     Defendants deny the allegations of paragraph 228.

229.     Defendants deny the allegations of paragraph 229.

230.     Defendants deny the allegations of paragraph 230.

Defendants further deny any relief sought in the unnumbered wherefore clause.

## COUNT XI – PETITION TO APPOINT A RECEIVER
## (PREMIUM 72 and PREMIUM INTL)

Defendants admit and deny paragraphs below in the same respects as all preceding paragraphs incorporated herein by reference.

231.     Defendants deny the allegations of paragraph 231.

232.     Defendants deny the allegations of paragraph 232.

233.     Defendants deny the allegations of paragraph 233.

234.     Defendants deny the allegations of paragraph 234.

235.     Defendants deny the allegations of paragraph 235.

## COUNT XII – CIVIL THEFT
## (NICOLAYEVSKY and PEREZ)

Defendants admit and deny paragraphs below in the same respects as all preceding paragraphs incorporated herein by reference.

236.     Defendants deny the allegations of paragraph 236.

237.     Defendants deny the allegations of paragraph 237.

238.     Defendants deny the allegations of paragraph 238.

239.     Defendants deny the allegations of paragraph 239.

240.     Defendants deny the allegations of paragraph 240.

241.     Defendants deny the allegations of paragraph 241.

Defendants further deny any relief sought in the unnumbered wherefore clause.

## COUNT XIII – AIDING AND ABETTING CIVIL THEFT
## (AS TO BYLINE)

Defendants admit and deny paragraphs below in the same respects as all preceding paragraphs incorporated herein by reference.

242.    As Count XIII does not implicate claims against Defendants, Defendants has no response to the allegations of paragraph 242.

243.    As Count XIII does not implicate claims against Defendants, Defendants has no response to the allegations of paragraph 243.

244.    As Count XIII does not implicate claims against Defendants, Defendants has no response to the allegations of paragraph 244.

245.    As Count XIII does not implicate claims against Defendants, Defendants has no response to the allegations of paragraph 245.

246.    As Count XIII does not implicate claims against Defendants, Defendants has no response to the allegations of paragraph 246.

247.    As Count XIII does not implicate claims against Defendants, Defendants has no response to the allegations of paragraph 247.

Defendants further deny any relief sought in the unnumbered wherefore clause.

## COUNT XIV – CONVERSION
## (AS TO NICOLAYEVSKY and PEREZ)

Defendants admit and deny paragraphs below in the same respects as all preceding paragraphs incorporated herein by reference.

248.    Defendants deny the allegations of paragraph 248.

249.      Defendants deny the allegations of paragraph 249

250.      Defendants deny the allegations of paragraph 250

251.      Defendants deny the allegations of paragraph 251.

252.      Defendants deny the allegations of paragraph 252.

Defendants further deny any relief sought in the unnumbered wherefore clause.

## COUNT XV – AIDING AND ABETTING CONVERSION
## (AS TO BYLINE)

Defendants admit and deny paragraphs below in the same respects as all preceding paragraphs incorporated herein by reference.

253.      As Count XV does not implicate claims against Defendants, Defendants has no response to the allegations of paragraph 253.

254.      As Count XV does not implicate claims against Defendants, Defendants has no response to the allegations of paragraph 254.

255.      As Count XV does not implicate claims against Defendants, Defendants has no response to the allegations of paragraph 255.

256.      As Count XV does not implicate claims against Defendants, Defendants has no response to the allegations of paragraph 256.

257.      As Count XV does not implicate claims against Defendants, Defendants has no response to the allegations of paragraph 257.

258.     As Count XV does not implicate claims against Defendants, Defendants has no response to the allegations of paragraph 258.

259.     As Count XV does not implicate claims against Defendants, Defendants has no response to the allegations of paragraph 259.

260.     As Count XV does not implicate claims against Defendants, Defendants has no response to the allegations of paragraph 260.

## COUNT XVI – NEGLIGENCE
## (AS TO BYLINE)

Defendants admit and deny paragraphs below in the same respects as all preceding paragraphs incorporated herein by reference.

261.     As Count XVI does not implicate claims against Defendants, Defendants has no response to the allegations of paragraph 261.

262.     As Count XVI does not implicate claims against Defendants, Defendants has no response to the allegations of paragraph 262.

263.     As Count XVI does not implicate claims against Defendants, Defendants has no response to the allegations of paragraph 263.

264.     As Count XVI does not implicate claims against Defendants, Defendants has no response to the allegations of paragraph 264.

265.     As Count XVI does not implicate claims against Defendants, Defendants has no response to the allegations of paragraph 265.

## COUNT XCII – GROSS NEGLIGENCE

**(AS TO BYLINE)**

Defendants admit and deny paragraphs below in the same respects as all preceding paragraphs incorporated herein by reference.

266.     As Count XCII does not implicate claims against Defendants, Defendants has no response to the allegations of paragraph 266.

267.     As Count XCII does not implicate claims against Defendants, Defendants has no response to the allegations of paragraph 267.

268.     As Count XCII does not implicate claims against Defendants, Defendants has no response to the allegations of paragraph 268.

269.     As Count XCII does not implicate claims against Defendants, Defendants has no response to the allegations of paragraph 269.

270.     As Count XCII does not implicate claims against Defendants, Defendants has no response to the allegations of paragraph 270.

271.     As Count XCII does not implicate claims against Defendants, Defendants has no response to the allegations of paragraph 271.

**COUNT XVIII – AIDING AND ABETTING FRAUD**
**(AS TO BYLINE)**

Defendants admit and deny paragraphs below in the same respects as all preceding paragraphs incorporated herein by reference.

272.     As Count XVIII does not implicate claims against Defendants, Defendants has no response to the allegations of paragraph 272.

273.     As Count XVIII does not implicate claims against Defendants, Defendants has no response to the allegations of paragraph 273.

274.     As Count XVIII does not implicate claims against Defendants, Defendants has no response to the allegations of paragraph 274.

275.     As Count XVIII does not implicate claims against Defendants, Defendants has no response to the allegations of paragraph 275.

276.     As Count XVIII does not implicate claims against Defendants, Defendants has no response to the allegations of paragraph 276.

## COUNT XIX – FRAUD
## (AS TO BYLINE)

Defendants admit and deny paragraphs below in the same respects as all preceding paragraphs incorporated herein by reference.

277.     As Count XIX does not implicate claims against Defendants, Defendants has no response to the allegations of paragraph and as applied to all its subparts.

278.     As Count XIX does not implicate claims against Defendants, Defendants has no response to the allegations of paragraph 278.

279.     As Count XIX does not implicate claims against Defendants, Defendants has no response to the allegations of paragraph 279.

280.     As Count XIX does not implicate claims against Defendants, Defendants has no response to the allegations of paragraph 280.

281.     As Count XIX does not implicate claims against Defendants, Defendants has no response to the allegations of paragraph 281.

## COUNT XX – DECLARATORY RELIEF
## (PREMIUM 72, PREMIUM INTL, NICOLAYEVSKY, PEREZ, AND BYLINE)

Defendants admit and deny paragraphs below in the same respects as all preceding paragraphs incorporated herein by reference.

282.     Defendants deny the allegations of paragraph 282.

283.     Defendants deny the allegations of paragraph 283.

284.     Defendants deny the allegations of paragraph 284.

285.     Defendants deny the allegations of paragraph 285.

286.     Defendants deny the allegations of paragraph 286.

287.     Defendants deny the allegations of paragraph 287.

Defendants deny to the relief sought in the unnumbered wherefore clause.

## COUNT XXI – DECLARATORY RELIEF
## (AS TO PREMIUM 72, PREMIUM INTL, NICOLAYEVSKY, PEREZ, and ZAM)

Defendants admit and deny paragraphs below in the same respects as all preceding paragraphs incorporated herein by reference.

288.     Defendants deny the allegations of paragraph 288.

289.     Defendants deny the allegations of paragraph 289.

290.     Defendants deny the allegations of paragraph 290.

291.     Defendants deny the allegations of paragraph 291.

292.     Defendants deny the allegations of paragraph 292.

Defendants deny to the relief sought in the unnumbered wherefore clause.

## COUNT XXII – DECLARATORY RELIEF
## (AS TO PREMIUM 72, PREMIUM INTL, NICOLAYEVSKY, PEREZ, and KINGDOM)

Defendants admit and deny paragraphs below in the same respects as all preceding paragraphs incorporated herein by reference.

293.     Defendants deny the allegations of paragraph 293.

294.     Defendants deny the allegations of paragraph 294.

295.     Defendants deny the allegations of paragraph 295.

296.     Defendants deny the allegations of paragraph 296.

297.     Defendants deny the allegations of paragraph 297.

Defendants deny to the relief sought in the unnumbered wherefore clause.

## COUNT XXIII – DECLARATORY RELIEF
## (AS TO PREMIUM 72, PREMIUM INTL, NICOLAYEVSKY, PEREZ, and NFG)

Defendants admit and deny paragraphs below in the same respects as all preceding paragraphs incorporated herein by reference.

298.     Defendants deny the allegations of paragraph 298.

299.     Defendants deny the allegations of paragraph 299.

300.　　　Defendants deny the allegations of paragraph 300.

301.　　　Defendants deny the allegations of paragraph 301.

302.　　　Defendants deny the allegations of paragraph 302.

Defendants deny to the relief sought in the unnumbered wherefore clause.

## COUNT XXIV – DECLARATORY RELIEF
### (AS TO PREMIUM 72, PREMIUM INTL, NICOLAYEVSKY, PEREZ, and PROMPT)

Defendants admit and deny paragraphs below in the same respects as all preceding paragraphs incorporated herein by reference.

303.　　　Defendants deny the allegations of paragraph 303.

304.　　　Defendants deny the allegations of paragraph 304.

305.　　　Defendants deny the allegations of paragraph 305.

306.　　　Defendants deny the allegations of paragraph 306.

307.　　　Defendants deny the allegations of paragraph 307.

Defendants deny to the relief sought in the unnumbered wherefore clause.

## COUNT XXV – DECLARATORY RELIEF
### (AS TO PREMIUM 72, PREMIUM INTL, NICOLAYEVSKY, PEREZ, and PINNACLE)

Defendants admit and deny paragraphs below in the same respects as all preceding paragraphs incorporated herein by reference.

308.　　　Defendants deny the allegations of paragraph 308.

309.     Defendants deny the allegations of paragraph 309.

310.     Defendants deny the allegations of paragraph 310.

311.     Defendants deny the allegations of paragraph 311.

312.     Defendants deny the allegations of paragraph 312.

Defendants deny to the relief sought in the unnumbered wherefore clause.

## COUNT XXVI – DECLARATORY RELIEF
## (AS TO PREMIUM 72, PREMIUM INTL, NICOLAYEVSKY, PEREZ, and MONEY STORE)

Defendants admit and deny paragraphs below in the same respects as all preceding paragraphs incorporated herein by reference.

313.     Defendants deny the allegations of paragraph 313.

314.     Defendants deny the allegations of paragraph 314.

315.     Defendants deny the allegations of paragraph 315.

316.     Defendants deny the allegations of paragraph 316.

317.     Defendants deny the allegations of paragraph 317.

Defendants deny to the relief sought in the unnumbered wherefore clause.

## COUNT XXVII – DECLARATORY RELIEF
## (AS TO PREMIUM 72, PREMIUM INTL, NICOLAYEVSKY, PEREZ, and BITTY)

Defendants admit and deny paragraphs below in the same respects as all preceding paragraphs incorporated herein by reference.

318.      Defendants deny the allegations of paragraph 318.

319.      Defendants deny the allegations of paragraph 319.

320.      Defendants deny the allegations of paragraph 320.

321.      Defendants deny the allegations of paragraph 321.

322.      Defendants deny the allegations of paragraph 322.

Defendants deny to the relief sought in the unnumbered wherefore clause.

## COUNT XXVIII – DECLARATORY RELIEF
## (AS TO PREMIUM 72, PREMIUM INTL, NICOLAYEVSKY, PEREZ, and BYLINE)

Defendants admit and deny paragraphs below in the same respects as all preceding paragraphs incorporated herein by reference.

323.      Defendants deny the allegations of paragraph 323.

324.      Defendants deny the allegations of paragraph 324.

325.      Defendants deny the allegations of paragraph 325.

326.      Defendants deny the allegations of paragraph 326.

327.      Defendants deny the allegations of paragraph 327.

328.      Defendants deny the allegations of paragraph 328.

Defendants deny to the relief sought in the unnumbered wherefore clause.

## COUNT XXIX – DECLARATORY RELIEF
## (AS TO PREMIUM 72, PREMIUM INTL, NICOLAYEVSKY, and PEREZ)

Defendants admit and deny paragraphs below in the same respects as all preceding paragraphs incorporated herein by reference.

329.     Defendants admit the allegation in paragraph 329.

330.     Defendants deny the allegations of paragraph 330.

331.     Defendants deny the allegations of paragraph 331.

332.     Defendants deny the allegations of paragraph 332.

333.     Defendants deny the allegations of paragraph 333.

334.     Defendants deny the allegations of paragraph 335.

335.     Defendants deny the allegations of paragraph 335.

Defendants deny to the relief sought in the unnumbered wherefore clause.

## COUNT XXXI – DECLARATORY RELIEF<br>(AS TO PREMIUM 72, PREMIUM INTL, NICOLAYEVSKY, and PEREZ)

Defendants admit and deny paragraphs below in the same respects as all preceding paragraphs incorporated herein by reference.

336.     Defendants deny the allegations of paragraph 336.

337.     Defendants deny the allegations of paragraph 337.

338.     Defendants deny the allegations of paragraph 338.

339.     Defendants deny the allegations of paragraph 339.

340.     Defendants deny the allegations of paragraph 340.

Defendants deny to the relief sought in the unnumbered wherefore clause.

## COUNT XXXII – ALTERNATIVE DECLARATORY RELIEF
## (AS TO PREMIUM 72, PREMIUM INTL, NICOLAYEVSKY, and
## PEREZ, AS TO BYLINE, ZAM, KINGDOM, NFG, PROMPT, PINNACLE,
## MONEY STORE, BITTY)

Defendants admit and deny paragraphs below in the same respects as all preceding paragraphs incorporated herein by reference.

341.     Defendants deny the allegations of paragraph 342.

342.     Defendants deny the allegations of paragraph 342.

343.     Defendants deny the allegations of paragraph 343.

Defendants deny to the relief sought in the unnumbered wherefore clause.

## GENERAL DENIAL

Defendants generally deny all allegations not specifically admitted above.

## DEFENSES

## FIRST DEFENSE
### (Failure to State a Cause of Action)

Plaintiffs have failed to state a cause of action in that they have failed to allege the essential elements of its claims.

## SECOND DEFENSE
### (Waiver/Release)

Plaintiffs have waived and/or released their right to this Amended Complaint due to Defendants' performance under and compliance with the subject agreements.

## THIRD DEFENSE
### (Parol Evidence)

Plaintiffs' claims are barred by the parol evidence rule because the alleged claims seek to alter, vary, and contradict the express terms of the subject agreements.

## FOURTH DEFENSE
### (Laches)

Plaintiffs' claims are barred by the doctrine of laches because they have delayed bringing their claims, to the prejudice of the Defendants.

## FIFTH DEFENSE
### (Unclean Hands)

Plaintiffs' claims are barred by the doctrine of unclean hands based on Plaintiffs' prior misconduct.

## SIXTH DEFENSE
### (Failure to Attach Necessary Document)

Plaintiffs' claims are barred because they did not attach documents necessary to sustain their claims and have left Defendants without sufficient notice as to the contracts that Plaintiffs rely on in alleging damages.

## SEVENTH DEFENSE
### (Lack of Jurisdiction)

Plaintiff's claims against all LLC defendants are barred because they have failed to establish the citizenship of each defendant for the purposes of diversity jurisdiction.

## **EIGHTH DEFENSE**
### **(Failure to mitigate)**

Plaintiffs failed to mitigate any alleged damages, in whole or in part.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 29, 2022, a copy of the foregoing has

been furnished to all counsel of record.

*s/ Tucker H. Byrd*

**Tucker H. Byrd**
Florida Bar No. 381632
**Jason Ward Johnson**
Florida Bar No. 186538
**BYRD CAMPBELL, P.A.**
180 Park Avenue North, Suite 2A
Winter Park, Florida 32789
Telephone: (407) 392-2285
Facsimile: (407) 392-2286
Primary Email: TByrd@ByrdCampbell.com
Primary Email: JJohnson@ByrdCampbell.com
Secondary Email: RMicale@ByrdCampbell.com
*Attorneys for Defendants*