UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

RMST HOLDING COMPANY, INC., et al.,

    Plaintiffs,

v.                                      Case No. 9:21-81995-CIV-CANNON/Reinhart

PREMIUM 72 CAPITAL, LLC, et al.,

    Defendants.

_____/    CONSOLIDATED WITH

BYLINE BANK,

    Plaintiff,

v.                                      Case No. 9:22-80838-CIV-CANNON/Reinhart

PREMIUM 72 CAPITAL, LLC, et al.,

    Defendants.

_____/

**BYLINE BANK'S RENEWED MOTION FOR**
**DEFAULT JUDGMENT AGAINST DEFENDANTS PREMIUM 72**
**CAPITAL, LLC, AYNBET INVESTMENTS, LLC, AND ARTURO NICOLAYEVSKY**

Pursuant to Federal Rule of Civil Procedure 55, Byline Bank ("**Byline**") moves on the following grounds for default judgment against Premium 72 Capital, LLC f/k/a OPC Advisors, LLC ("**Premium 72**"), Aynbet Investments, LLC ("**Aynbet**"), and Arturo Nicolayevsky ("**Nicolayevsky**").

On June 8, 2022, Byline filed a separate lawsuit in this Court, styled *Byline Bank v. Premium 72 Capital LLC et al.*, Case No. 9:22-80838-CIV-CANNON/Reinhart. In that case, Byline obtained a Clerk's default against Premium 72, Aynbet, and Nicolayevsky on July 21, 2022. Byline then moved for default judgment against Premium 72, Aynbet, and Nicolayevsky on August 5, 2022. On August 8, 2022, before Byline's motion for default judgment was resolved,

Byline's lawsuit was consolidated with this lawsuit, styled *RMST Holding Company, Inc., et al. v. Premium 72 Capital LLC et al.*, Case No. 9:21-81995-CIV-CANNON/Reinhart.  Therefore, this Court administrative closed Byline's lawsuit, denied all pending motions – including Byline's motion for default judgment – as moot, and directed Byline to pursue its claims in this lawsuit.  Byline now again moves for default judgment against Premium 72, Aynbet, and Nicolayevsky.

## BRIEF FACTUAL BACKGROUND

1. Byline's claims against the defendants arise out of two loan transactions.  First, under the 2019 Loan Agreement,[1] Byline loaned $1,575,000 to Premium 72, Aynbet, and Defendant RMST Holding Company, Inc. ("**RMST**") pursuant to the 2019 Note.  (*See* Case No. 9:22-cv-80838, ECF No. 1, ¶¶ 12-15; Mullins Decl. ¶ 6).[2]

2. Pursuant to the 2019 Loan Agreement and the 2019 Note, Premium 72, Aynbet, and RMST granted Byline a security interest in certain collateral defined and described in the 2019 Security Agreements (the "**Collateral**").  (*See* Case No. 9:22-cv-80838, ECF No. 1, ¶¶ 16-17; Mullins Decl. ¶ 7).  The 2019 Security Agreements define the Collateral to include Premium 72, Aynbet, and RMST's equipment, inventory, accounts, instruments, chattel paper, general intangibles, documents, and deposit accounts.  (Case No. 9:22-cv-80838, ECF No. 1-4, §§ 2, 4). The Collateral is also defined to include the property listed in Exhibits "A" to the 2019 Security Agreements.  (*Id.* § 4).  Specifically, Exhibits A further identify the Collateral as:

> All goods, inventory, equipment, accounts (including but not limited to all health-care-insurance receivables), chattel paper (whether tangible or electronic), instruments (including but not limited to all promissory notes), letter-of-credit rights, letters of credit, documents, deposit accounts, investment property, money, commercial tort claims, contract rights and other rights to payment and performance (including but not limited to grant monies), insurance claims and proceeds, and general

---

[1] Capitalized terms not defined herein are given the meanings ascribed to them in the Complaint that was filed in Case No. 22-80838-CIV-CANNON/Reinhart.  A true and correct copy of Byline's Complaint from Case No. 9:22-80838-CIV-CANNON/Reinhart is attached as Exhibit A.

[2] For purposes of this Motion, Byline refers to filings from Case No. 9:22-80838-CIV-CANNON/Reinhart as "Case No. 9:22-cv-80838, ECF No. XXX."

2

> intangibles (including but not limited to all software and all payment intangibles); all oil, gas and other minerals before extraction; all oil, gas, other minerals and accounts constituting as-extracted collateral; all fixtures; all timber to be cut; all attachments, accessions, accessories, fittings, increases, tools, parts, repairs, supplies, and commingled goods relating to the foregoing property, and all additions, replacements of and substitutions for all or any part of the foregoing property; all insurance refunds relating to the foregoing property; all goodwill relating to the foregoing property; all records and data and embedded software relating to the foregoing property, and all equipment, inventory and software to utilize, create, maintain and process and such records and data on electronic media; and all supporting obligations relating to the foregoing property; all whether now existing or hereafter arising, whether now owned or hereafter acquired or whether now or hereafter subject to any rights in the foregoing property; and all products and proceeds (including but not limited to all insurance payments) of or relating to the foregoing property.

(Case No. 9:22-cv-80838, ECF No. 1-4 at 7, Exhibit "A"; Case No. 9:22-cv-80838, ECF No. 1-4 at 13, Exhibit "A"; Case No. 9:22-cv-80838, ECF No. 1-4 at 19, Exhibit "A").

3.      Nicolayevsky unconditionally guaranteed the obligations of Premium 72, Aynbet, and RMST under the 2019 Note pursuant to the 2019 Guaranty. (*See* Case No. 9:22-cv-80838, ECF No. 1, ¶¶ 18-21; Mullins Decl. ¶ 8). In addition, as required by the 2019 Loan Agreement and the 2019 Note, Nicolayevsky assigned his life insurance policy as collateral in favor of Byline pursuant to the 2019 Life Insurance Assignment. (*See* Case No. 9:22-cv-80838, ECF No. 1, ¶¶ 18-21; Mullins Decl. ¶ 8).

4.      Second, under the 2020 Loan Agreement, Byline loaned $835,000 to Premium 72, Aynbet, and RMST pursuant to the 2020 Note. (*See* Case No. 9:22-cv-80838, ECF No. 1, ¶¶ 23-25; Mullins Decl. ¶ 9).

5.      Pursuant to the 2020 Loan Agreement and the 2020 Note, Premium 72, Aynbet, and RMST granted Byline a security interest in certain collateral defined and described in the 2020 Security Agreement, which is defined to include essentially the same Collateral in Exhibits A to the 2019 Security Agreements. (*Compare* Case No. 9:22-cv-80838, ECF No. 1-4, Exhibit "A", *with* Case No. 9:22-cv-80838, ECF No. 1-9, Exhibit A; *see also* Case No. 9:22-cv-80838, ECF No. 1, ¶¶ 27-28; Mullins Decl. ¶ 10).

6.      Nicolayevsky unconditionally guaranteed the obligations of Premium 72, Aynbet,

3

and RMST under the 2020 Note pursuant to the 2020 Guaranty. (*See* Case No. 9:22-cv-80838, ECF No. 1, ¶¶ 29-32; Mullins Decl. ¶ 11). In addition, as required by the 2020 Loan Agreement and the 2020 Note, Nicolayevsky assigned his life insurance policy as collateral in favor of Byline pursuant to the 2020 Life Insurance Assignment. (*See* Case No. 9:22-cv-80838, ECF No. 1, ¶¶ 29-32; Mullins Decl. ¶ 11).

7. Premium 72, Aynbet, and RMST have defaulted on their loan obligations by failing to pay the amounts due under the 2019 Loan Agreement, including the amounts reflected in the 2019 Note. (*See* Case No. 9:22-cv-80838, ECF No. 1, ¶¶ 33-39, 43-54; Mullins Decl. ¶¶ 12-13). Likewise, Premium 72, Aynbet, and RMST have defaulted on their loan obligations by failing to pay the amounts due under the 2020 Loan Agreement, including the amounts reflected in the 2020 Note. (*See* Case No. 9:22-cv-80838, ECF No. 1, ¶¶ 33-39, 43-54; Mullins Decl. ¶¶ 12-13).

8. Byline sent Premium 72, Aynbet, and RMST a notice of default on March 2, 2022, but they failed to cure their defaults within the period specified in the notice. (*See* Case No. 9:22-cv-80838, ECF No. 1, ¶¶ 33-39, 43-54).

9. Nicolayevsky has defaulted on his guaranty obligations by failing to pay the amounts owed by Premium 72, Aynbet, and RMST to Byline. (*See* Case No. 9:22-cv-80838, ECF No. 1, ¶¶ 33-39, 43-54; Mullins Decl. ¶¶ 12-13).

10. Byline sent Nicolayevsky a notice of default on March 2, 2022, but Nicolayevsky failed to cure his defaults within the period specified in the notice. (*See* Case No. 9:22-cv-80838, ECF No. 1, ¶¶ 33-39, 43-54).

11. The total amount loaned to Premium 72, Aynbet, and RMST under the loan agreements and the promissory notes is $2,410,000. (Mullins Decl. ¶ 14).

12. As of August 5, 2022, the total amount owed under the 2019 Loan Agreement and

the 2019 Note is $1,430,028.84, which is comprised of $1,373,760.29 in outstanding principal, $45,702.18 in accrued interest, $9,750.37 in late fees, and $816.00 for insurance. (Mullins Decl. ¶ 15). The 2019 Note is accruing interest at a per diem amount of $282.28. (*Id.* ¶ 16).

13. As of August 5, 2022, the total amount owed under the 2020 Loan Agreement and the 2020 Note is $816,316.19, which is comprised of $788,293.13 in outstanding principal, $22,876.69 in accrued interest, and $5,146.37 in late fees. (Mullins Decl. ¶ 17). The 2020 Note is accruing interest at a per diem amount of $161.98. (*Id.* ¶ 18).

## PROCEDURAL HISTORY

14. On June 8, 2022, Byline filed a lawsuit in this Court, styled *Byline Bank v. Premium 72 Capital LLC et al.*, Case No. 9:22-80838-CIV-CANNON/Reinhart, against Premium 72, Aynbet, Nicolayevsky, RMST, R.M. Stark & Co., Inc. ("**R.M. Stark Co.**"), and Gary Stark ("**Stark**," and collectively with RMST and R.M. Stark Co., the "**Stark Group**").

15. Counsel for the Stark Group agreed to accept service of process on behalf of his clients in Byline's lawsuit. On June 29, 2022, the Stark Group moved to dismiss Byline's Complaint. (Case No. 9:22-cv-80838, ECF No. 7). Byline thereafter timely filed a response in opposition to the Stark Group's motion to dismiss. (Case No. 9:22-cv-80838, ECF No. 10).

16. Premium 72, Aynbet, and Nicolayevsky were served with process on June 24, 2022, which made their answers to Byline's Complaint due by July 15, 2022. (*See* Case No. 9:22-cv-80838, ECF No. 11; Case No. 9:22-cv-80838, ECF No. 16, ¶¶ 3-8); Fed. R. Civ. P. 12(a)(1)(A)(i). Nicolayevsky was also served with process through alternative means on June 27, 2022, which made his answer to Byline's Complaint due by July 18, 2022. (*See* Case No. 9:22-cv-80838, ECF No. 11; Case No. 9:22-cv-80838, ECF No. 16, ¶¶ 3-8); Fed. R. Civ. P. 12(a)(1)(A)(i).

17. Premium 72, Aynbet, and Nicolayevsky failed to serve answers to Byline's

Complaint or file any other paper as required by law in Byline's lawsuit. (*See* Case No. 9:22-cv-80838, ECF No. 16, ¶ 9). Upon Byline's motion, the Clerk of Court entered defaults against Premium 72, Aynbet, and Nicolayevsky on July 21, 2022. (*See* Case No. 9:22-cv-80838, ECF No. 17).

18.  On August 5, 2022, Byline moved for default judgment against Premium 72, Aynbet, and Nicolayevsky. (Case No. 9:22-cv-80838, ECF No. 21).

19.  However, on August 8, 2022, before Byline's motion for default judgment was resolved, Byline's lawsuit was consolidated with this lawsuit, styled *RMST Holding Company, Inc., et al. v. Premium 72 Capital LLC et al.*, Case No. 9:21-81995-CIV-CANNON/Reinhart, which is brought by the Stark Group against, among other defendants, Premium 72, Aynbet, and Nicolayevsky. (Case No. 9:22-cv-80838, ECF Nos. 22-23). Therefore, this Court administrative closed Byline's lawsuit, denied all pending motions – including Byline's motion for default judgment and the Stark Group's motion to dismiss – as moot, and directed Byline to pursue its claims in this lawsuit. (*See* ECF No. 66).

## ARGUMENT

The Clerk of Court has entered default against Premium 72, Aynbet, and Nicolayevsky; therefore, the factual allegations in Byline's Complaint are taken as true. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). Additionally, Byline submits the Declaration of Matthew Mullins In Support of Motion for Default Judgment, which is attached as Exhibit B and was previously filed with Byline's original motion for default judgment. (*See* Mullins Decl.). Considering the admitted allegations and undisputed exhibits, Byline is entitled to a default judgment against Premium 72, Aynbet, and Nicolayevsky on each of Byline's claims against them.

**I.   BYLINE IS ENTITLED TO A DEFAULT JUDGMENT ON COUNTS I-IV OF THE COMPLAINT FROM THE CLERK OF THE COURT.**

Pursuant to Federal Rule of Civil Procedure 55(b)(1), Byline is entitled to a default judgment against Premium 72, Aynbet, and Nicolayevsky on Counts I, II, III, and IV from the Clerk of Court.  Pursuant to Rule 55(b)(1), if a plaintiff's claim is for a sum certain, the Clerk of Court, on the plaintiff's request and with a declaration showing the amounts due, must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.  *See* Fed. R. Civ. P. 55(b)(1).  As fully explained below, under the allegations of Byline's Complaint, which are now deemed admitted, Premium 72, Aynbet, and Nicolayevsky breached their obligations under the applicable loan agreements, promissory notes, and guarantees.  Furthermore, these monetary claims against Premium 72, Aynbet, and Nicolayevsky are for a sum certain, as alleged in Byline's Complaint and detailed in the Declaration of Matthew Mullins In Support of Motion for Default Judgment.  Neither Premium 72, Aynbet, nor Nicolayevsky is a minor or an incompetent person. For these reasons and the reasons explained below, Byline requests that the Clerk of Court enter a default judgment against Premium 72, Aynbet, and Nicolayevsky in the amounts set forth herein.

A.   **Breach of Loan Agreements and Notes (Counts I and II).**

Byline is entitled to a default judgment against Premium 72 and Aynbet on its claims for breach of the 2019 Loan Agreement, the 2019 Note, the 2020 Loan Agreement, and the 2020 Note. These loan agreements and promissory notes are governed by Illinois law.  (*See* Case No. 9:22-cv-80838, ECF No. 1-2, § 8.5; Case No. 9:22-cv-80838, ECF No. 1-7, § 8.5).  Under Illinois law, "[t]o succeed on a breach of contract claim, a plaintiff must show (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resulting damages."  *Blue Book Servs., Inc. v. Amerihua Produce, Inc.*, 337 F. Supp. 3d 802, 808 (N.D. Ill. 2018); *accord J.J. Gumberg Co. v. Janis Servs., Inc.*, 847 So. 2d 1048, 1049

7

(Fla. 4th DCA 2003) ("The elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages.").

Under the allegations of the Complaint, which are now deemed admitted, each element of Byline's breach of contract claims is established. The 2019 Loan Agreement, the 2019 Note, the 2020 Loan Agreement, and the 2020 Note are valid, enforceable contracts. Byline fully performed under these contracts by, among other things, loaning $2,410,000 to Premium 72 and Aynbet. Premium 72 and Aynbet materially breached these contracts by failing to pay all amounts owed to Byline. Indeed, this non-payment constitutes an "Event of Default" under the 2019 Loan Agreement and the 2020 Loan Agreement, as well as a "Default" under the 2019 Note and the 2020 Note. (*See* Case No. 9:22-cv-80838, ECF No. 1-2, § 7.1(a); Case No. 9:22-cv-80838, ECF No. 1-3, §§ 3-4; Case No. 9:22-cv-80838, ECF No. 1-7, § 7.1(a); Case No. 9:22-cv-80838, ECF No. 1-8, §§ 3-4). Upon default, Byline may accelerate all amounts outstanding on the 2019 Note and the 2020 Note or any other indebtedness owed by the borrowers to Byline and demand payment in full. (*See* Case No. 9:22-cv-80838, ECF No. 1-2, § 7.3; Case No. 9:22-cv-80838, ECF No. 1-7, § 7.3).

Byline suffered damages as a result of Premium 72 and Aynbet's breach and is entitled to recover the unpaid amount due under the loan agreements and promissory notes (plus interest). Specifically, because of Premium 72 and Aynbet's breach of the 2019 Loan Agreement, the 2019 Note, the 2020 Loan Agreement, and the 2020 Note, Byline is entitled to recover from Premium 72 and Aynbet a total amount of $2,246,345.03 (plus post-judgment interest accruing on the principal amounts of the indebtedness). The Clerk of Court should therefore enter a default judgment in favor of Byline and against Premium 72 and Aynbet on Counts I and II.

Pursuant to the loan documents, Byline is also entitled to recover its attorneys' fees and

costs incurred in bringing the claims against Premium 72 and Aynbet. (*See, e.g.*, Case No. 9:22-cv-80838, ECF No. 1-3, § 6(b); Case No. 9:22-cv-80838, ECF No. 1-8, § 6(b)). Pursuant to Local Rule 7.3(a), Byline will file a motion for fees and costs within sixty days of entry of judgment. *See* S.D. Fla. L. R. 7.3(a)(1).

### B.     Breach Of Guaranty (Counts III and IV).

Byline is entitled to a default judgment against Nicolayevsky on its claims for breach of the 2019 Guaranty and the 2020 Guaranty. The 2019 Guaranty and the 2020 Guaranty are governed by Illinois law. (*See* Case No. 9:22-cv-80838, ECF No. 1-2, §§ 2, 2.4, 8.5; Case No. 9:22-cv-80838, ECF No. 1-7, §§ 2, 2.4, 8.5). "Under Illinois law, a suit on a guarantee requires that the plaintiff 'enter[ ] proof of the original indebtedness, the debtor's default and the guarantee.' " *Bank of Montreal v. SK Foods, LLC*, No. 09 C 3479, 2010 WL 3385534, at *3 (N.D. Ill. Aug. 19, 2010) (citations omitted); *accord Regions Bank v. Legal Outsource PA*, No. 2:14-476-FtM-PAM-MRM, 2017 WL 443371, at *2 (M.D. Fla. Feb. 1, 2017) ("Under Florida law, a claim for breach of a note or breach of a loan guaranty has the same elements as a claim for breach of contract.").

Under the allegations of Byline's Complaint, which are now deemed admitted, each element of Byline's breach of guaranty claims is established. As explained above, Byline has established the original indebtedness – namely, the valid, enforceable 2019 Loan Agreement, 2019 Note, 2020 Loan Agreement, and 2020 Note. Byline has also established the borrowers' default of their loan obligations under the loan agreements and promissory notes due to their non-payment. Furthermore, the 2019 Guaranty and the 2020 Guaranty are valid, enforceable agreements between Byline and Nicolayevsky. Pursuant to the 2019 Guaranty and the 2020 Guaranty, Nicolayevsky is unconditionally obligated to repay the amounts owed to Byline. Despite Byline's demands,

however, Nicolayevsky failed to pay the amounts due as a result of the borrowers' defaults under the 2019 Loan Agreement, the 2019 Note, the 2020 Loan Agreement, and the 2020 Note. Byline suffered damages as a result of Nicolayevsky's breach and is entitled to recover the unpaid amount due under the loan agreements and promissory notes (plus interest). Accordingly, Byline has established each element of its breach of guaranty claims as a matter of law. *See SK Foods, LLC*, 2010 WL 3385534, at *3; *accord Wiltliams Holding Corp. v. Vi-Tel Wireless, LLC*, No. 8:15-CV-180-T-30TGW, 2016 WL 539350, at *3 (M.D. Fla. Feb. 11, 2016) ("In Florida, the elements of an action for breach of a guaranty arise from a debtor's default and the guarantor's subsequent failure to pay.").

Because of Nicolayevsky's breach of the 2019 Guaranty and the 2020 Guaranty, Byline is entitled to recover from Nicolayevsky a total amount of $2,246,345.03 (plus post-judgment interest accruing on the principal amounts of the indebtedness). The Clerk of the Court should therefore enter a default judgment in favor of Byline and against Nicolayevsky on Counts III and IV.

Pursuant to the loan documents, Byline is entitled to recover its attorneys' fees and costs incurred in bringing the claims against Nicolayevsky. (*See, e.g.*, Case No. 9:22-cv-80838, ECF No. 1-5, § 9(a); Case No. 9:22-cv-80838, ECF No. 1-10, § 9(a)). Pursuant to Local Rule 7.3(a), Byline will file a motion for fees and costs within sixty days of entry of judgment. *See* S.D. Fla. L. R. 7.3(a)(1).

**II.     THE COURT SHOULD ENTER DEFAULT JUDGMENT IN BYLINE'S FAVOR ON COUNTS V AND VI OF THE COMPLAINT.**

Pursuant to Federal Rule of Civil Procedure 55(b)(2), Byline is entitled to a default judgment on its claims to foreclose on the Collateral secured under the 2019 Security Agreements and under the 2020 Security Agreement. Where, as here for Counts V and VI, certain claims are not for a sum certain, the party seeking a default judgment must apply to the Court. *See* Fed. R.

Civ. P. 55(b)(2). Premium 72 and Aynbet are located in Texas; therefore, Texas law governs the 2019 Security Agreements and the 2020 Security Agreement. (*See* Case No. 9:22-cv-80838, ECF No. 1-4, § 11; Case No. 9:22-cv-80838, ECF No. 1-9, § 14). Under Texas law, a plaintiff may judicially foreclose on collateral if the plaintiff establishes it has a valid security interest in the collateral and the defendant defaulted on a debt. *See Rabo Agrifinance, Inc. v. Terra XXI Ltd.*, No. 2:06-CV-153J, 2007 WL 2446278, at *10 (N.D. Tex. Aug. 29, 2007).

Here, Byline has a valid security interest in the Collateral. Specifically, a security interest was created by a written agreement – namely, the 2019 Security Agreements and the 2020 Security Agreement. As detailed above, the 2019 Security Agreements and the 2020 Security Agreement contain descriptions that reasonably identify the Collateral. Accordingly, Byline has established it has an enforceable security interest in the Collateral described in the 2019 Security Agreements and the 2020 Security Agreement. *See Franch v. HP Locate, LLC*, No. 3:14-CV-3247-L, 2015 WL 7251678, at *5 (N.D. Tex. Nov. 16, 2015).

Additionally, as explained above, Premium 72 and Aynbet defaulted on their loan obligations by failing to pay all amounts owed to Byline under the 2019 Loan Agreement, the 2019 Note, the 2020 Loan Agreement, and the 2020 Note. Pursuant to the loan documents, Byline may foreclose on any security interest upon the borrowers' default of their loan obligations. (*See* Case No. 9:22-cv-80838, ECF No. 1-2, § 7.3; Case No. 9:22-cv-80838, ECF No. 1-3, § 5; Case No. 9:22-cv-80838, ECF No. 1-4, § 9; Case No. 9:22-cv-80838, ECF No. 1-7, § 7.3; Case No. 9:22-cv-80838, ECF No. 1-8, § 5; Case No. 9:22-cv-80838, ECF No. 1-9, §§ 7, 9, 11). As a result, Byline is entitled to foreclose on the Collateral secured under the 2019 Security Agreements and under the 2020 Security Agreement. *See Franch*, 2015 WL 7251678, at *5; *Rabo Agrifinance*, 2007 WL 2446278, at *10-11.

The Court should therefore grant a default judgment in favor of Byline and against Premium 72 and Aynbet on Counts V and IV.

## CONCLUSION

For the reasons explained, Byline is entitled to a default judgment in its favor on each of its claims against Premium 72, Aynbet, and Nicolayevsky. Pursuant to Local Rule 7.1(a)(2), a proposed order granting this Motion is attached as Exhibit C. *See* S.D. Fla. L. R. 7.1(a)(2).

Accordingly, Byline requests a default judgment as follows:

1. Judgment be entered in favor of Byline and against Premium 72, Aynbet, and Nicolayevsky on Counts I, II, III, IV, V, and VI of Byline's Complaint.

2. Judgment be entered in favor of Byline and against Premium 72, Aynbet, and Nicolayevsky, jointly and severally, in the total amount of $1,430,028.84, which is comprised of $1,373,760.29 in outstanding principal, $45,702.18 in accrued interest as of August 5, 2022, $9,750.37 in late fees, and $816.00 for insurance, plus interest accruing on the principal amount of the indebtedness after August 5, 2022, at the rate of $282.28 per diem.

3. Judgment be entered in favor of Byline and against Premium 72, Aynbet, and Nicolayevsky, jointly and severally, in the total amount of $816,316.19, which is comprised of $788,293.13 in outstanding principal, $22,876.69 in accrued interest as of August 5, 2022, and $5,146.37 in late fees, plus interest accruing on the principal amount of the indebtedness after August 5, 2022, at the rate of $161.98 per diem.

4. Judgment be entered allowing Byline to foreclose on the Collateral pledged as security in the 2019 Security Agreements and the 2020 Security Agreement.

5. Any other relief the Court deems appropriate.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(A)(3)

Pursuant to Local Rule 7.1(a)(3), counsel for Byline conferred with then-counsel for Premium 72 Capital, LLC, Premium 72 International, LLC, Aynbet Investments, LLC, Arturo Nicolayesky, Eduardo Perez, and Issac Wright – before their request to withdraw as counsel was granted by the Court – regarding the relief sought in this Motion in a good-faith effort to resolve the issues raised. Then-counsel for Premium 72 Capital, LLC, Premium 72 International, LLC, Aynbet Investments, LLC, Arturo Nicolayesky, Eduardo Perez, and Issac Wright advised that his clients object to the relief requested in this Motion.

Dated: October 7, 2022

HOLLAND & KNIGHT LLP

*/s/ Jason Baruch*
Jason H. Baruch, FBN: 10280
jason.baruch@hklaw.com
Daniel L. Buchholz, FBN: 1010188
daniel.buchholz@hklaw.com
100 N. Tampa Street, Suite 4100
Tampa, Florida 33602
813-227-8500
*Attorneys for Byline Bank*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 7, 2022, I electronically filed the foregoing document with the Clerk of the United States District Court for the Southern District of Florida (West Palm Beach Division) using the CM/ECF system will caused a copy of the foregoing document to be served by email to all counsel of record.

*/s/ Jason Baruch*
Attorney

#176909786_v2