UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 21-81995-CIV-CANNON/Reinhart
22-80838-CIV-CANNON/Reinhart

**RMST HOLDING COMPANY, INC.,**
**R.M. STARK & CO, INC**, and
**GARY L. STARK**,

    Plaintiffs,
v.

**PREMIUM 72 CAPITAL, LLC et al.**,

    Defendants.
_____/

**BYLINE BANK**,

    Plaintiff,

v.

**PREMIUM 72 CAPITAL LLC,**
**AYNBET INVESTMENTS LLC,**
**R.M. STARK & CO., INC.,**
**ARTURO NICOLAYEVSKY**, and
**GARY STARK**,

    Defendants.
_____/

**ORDER GRANTING**
**CONSOLIDATED PLAINTIFF BYLINE BANK'S MOTION TO DISMISS**

**THIS CAUSE** comes before the Court upon Consolidated Plaintiff Byline Bank's Motion to Dismiss Second Amended Complaint (the "Motion") [ECF No. 75]. The Court heard argument on the Motion on October 17, 2022. The Court has reviewed the Motion, Plaintiffs' Response in Opposition [ECF No. 94], Byline Bank's Reply [ECF No. 99], and the full record. Following that review, it is **ORDERED AND ADJUDGED** as follows:

    1. Consolidated Plaintiff Byline Bank's Motion to Dismiss Second Amended Complaint

[ECF No. 75] is **GRANTED**.

a. Plaintiffs will have one final opportunity to file an amended complaint, mindful of the arguments presented in the Motion to Dismiss [ECF No. 77].

b. **Any such amended pleading is due no later than November 14, 2022, and must comply, as applicable, with the heightened pleading standard under Rule 9(b) of the Federal Rules of Civil Procedure**. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380–81 (11th Cir. 1997) ("Rule 9(b) may be satisfied if the complaint sets forth: (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."). This heightened pleading standard must be met for any allegations in the amended complaint that mirror the allegations made in Count XIX (fraud), Count XVIIII (aiding and abetting fraud), Count XIII (aiding and abetting civil theft), and Count XV (aiding and abetting conversion) of the Second Amended Complaint [ECF No. 67].

c. Any such amended pleading must allege the requisite elements of a claim for aiding and abetting under Florida, including Byline Bank's knowledge of the underlying violation(s). *See Lawrence v. Bank of Am., N.A.*, 455 F. Appx. 904, 906 (11th Cir. 2012).

d. Any such amended pleading also must contain sufficient allegations to show

that Byline Bank owed a duty to Plaintiffs that would render them liable for negligence. *See HIS Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1094–95 (11th Cir. 2017) (noting that "as a general matter, a bank does not owe a duty of care to a noncustomer with whom the bank has no direct relationship").

2. Plaintiffs must serve and file proof of service of the amended complaint on all Defendants, **including those who have not yet been served**.

3. In accordance with Rule 15(a)(3) and the Court's Combined Response Order [ECF No. 5], Defendants shall file a single combined response to the amended pleading or separate answers within fourteen days after being served with the amended complaint.

4. Consolidated Plaintiff Byline Bank's Motion to Strike Jury Demand in Second Amended Complaint [ECF No. 76] is **DENIED WITHOUT PREJUDICE** to be refiled as necessary following amendment by Plaintiffs RMST Holding Company, Inc., R.M. Stark & Co., Inc., and Gary L. Stark.

5. Deadlines remain stayed per the Court's Order [ECF No. 108] and will be reset by separate Order following the steps outlined in this Order.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 26th day of October 2022.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc: counsel of record