UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 21-81995-CIV-AMC/BER
(Consolidated Action: Case No. 22-80838-CIV-AMC/BER)

**RMST HOLDING COMPANY, INC.,**
**R.M. STARK & CO, INC**, and
**GARY L. STARK**,

    Plaintiffs,

v.

**PREMIUM 72 CAPITAL, LLC et al.**,

    Defendants.
_____/

**BYLINE BANK**,

    Plaintiff,

v.

**PREMIUM 72 CAPITAL LLC,**
**AYNBET INVESTMENTS LLC,**
**R.M. STARK & CO., INC.,**
**ARTURO NICOLAYEVSKY**, and
**GARY STARK**,

    Defendants.
_____/

**ORDER GRANTING BYLINE BANK'S**
**RENEWED MOTION FOR DEFAULT JUDGMENT**

**THIS CAUSE** comes before the Court upon Consolidated Plaintiff Byline Bank's Renewed Motion for Default Judgment (the "Motion") [ECF No. 100], filed on October 7, 2022. The Motion seeks entry of default judgment against Defendants Premium 72 Capital LLC, Aynbet Investments LLC, and Arturo Nicolayevksy (the "Defaulting Defendants") [ECF No. 100], because of their default on Byline Bank's Complaint filed in the consolidated case, Case No. 22-

80838-CIV.[1]  For the reasons set forth below, the Motion [ECF No. 100] is **GRANTED**.

## RELEVANT BACKGROUND

Consolidated Plaintiff Byline Bank ("Byline Bank") filed a complaint against Defendants RMST Holding Company, Inc., R.M. Stark & Co., Inc., Gary Stark, and the Defaulting Defendants on June 8, 2022, in a separate action, Case No. 22-80838-CIV [ECF No. 100-1 pp. 2–14]. The Complaint alleges that Defendants Premium 72, RMST, and Aynbet entered into loan agreements with Byline Bank in 2019 and 2020 and subsequently defaulted on their loan obligations by failing to make the required payments [ECF No. 100-1 ¶¶ 12, 23, 33]. The Complaint further alleges that Defendant Nicolayevsky defaulted on his guaranty obligations under the loans [ECF No. 100-1 ¶ 37]. Byline Bank alleges that Defendants Stark and R.M. Stark Co., though not signatories to the loan agreements, benefitted from the agreements by receiving and using the loan proceeds [ECF No. 100-1 ¶ 40]. The Complaint seeks damages against Defendants Premium 72, Aynbet, and RMST for breach of the loan agreements (Counts I and II) [ECF No. 100-1 pp. 8–9]; damages against Defendant Nicolayevsky for breach of his guaranty obligations under the loan agreements (Counts III and IV) [ECF No. 100-1 pp. 10–11]; foreclosure of the security interest against Defendants Premium 72, Aynbet, and RMST under the loan agreements (Counts V and VI) [ECF No. 100-1 pp. 11–13]; and damages against Defendants Stark and R.M. Stark Co. for unjust enrichment [ECF No. 100-1 p. 13–14].

On July 21, 2022, the Clerk of Court entered a default against the Defaulting Defendants for failure to appear, answer, or otherwise plead to the Complaint within the time required by the

---

[1] The remaining Defendants, RMST Holding Company, Inc., R.M. Stark & Co., Inc., and Gary Stark have filed a Motion to Dismiss Consolidated Plaintiff Byline Bank's Complaint [ECF No. 101].

rules [ECF No. 17, Case No. 22-80838-CIV].[2] Byline Bank filed a motion for default judgment against the Defaulting Defendants [ECF No. 21, Case No. 22-80838-CIV] prior to the case being consolidated; however, that motion was denied as moot in the Court's Order Consolidating Cases [ECF No. 66].

Byline Bank filed the instant Motion on October 7, 2022, renewing its request for an entry of default judgment against the Defaulting Defendants [ECF No. 100]. The Motion is accompanied by the Declaration of Matthew Mullins, vice president, special asset group manager for Byline Bank, which affirms that the Defaulting Defendants failed to make the required payments under the loan agreements and subsequently defaulted under the loan [ECF No. 100-2 ¶ 12]. The declaration also affirms that Defendant Nicolayevksy has defaulted on his guaranty obligations under the loan agreements [ECF No. 100-2 ¶ 13]. The declaration states that the total amount owed under the 2019 loan agreement is $1,430,028.84 and the total amount owed under the 2020 loan agreement is $816,316.19 [ECF No. 100-2 ¶¶ 15, 17].

## LEGAL STANDARD

A party may apply to the Court for a default judgment when the defendant fails to timely respond to a pleading. Fed. R. Civ. P. 55(b)(2). "A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'" *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "A default judgment is unassailable

---

[2] The Defaulting Defendants are named as defendants in the Complaint filed by RMST Holding Company, Inc., R.M. Stark & Co., Inc., and Gary Stark [ECF No. 1], and have taken steps to participate in that action [*See* ECF No. 16 (Motion to Dismiss); ECF No. 40 (Answer)]. They have not, however, responded to the consolidated Complaint filed by Byline Bank that is the subject of the instant Motion.

on the merits, but only so far as it is supported by well-pleaded allegations." *Nishimatsu*, 515 F.2d at 1206. Therefore, a court may enter default judgment only if there is a "sufficient basis to state a claim," the standard for which is Rule 12(b)(6). *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) ("Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim.").

To satisfy Rule 12(b)(6), a complaint must allege facts that, if accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6). A claim for relief is plausible if the complaint contains factual allegations that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 545). Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal. *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## DISCUSSION

Byline Bank seeks default judgment against the Defaulting Defendants on Counts I through VI of the Complaint. The Court addresses each in turn.

### 1. Breach of Loan Agreements (Counts I and II)

Byline Bank asks the Court to grant default judgment against Defaulting Defendants Premium 72 Capital LLC and Aynbet Investments for their breach of the 2019 and 2020 loan agreements (and the notes signed therewith) [ECF No. 100 pp. 7–9]. The loan agreements are governed by Illinois law [ECF No. 100-1 pp. 27, 86 (§ 8.5 of each loan agreement)]. Under Illinois law, "[t]o succeed on a breach of contract claim, a plaintiff must show (1) the existence

4

of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resulting damages." *Blue Book Servs., Inc. v. Amerihua Produce, Inc.*, 337 F. Supp. 3d 802, 808 (N.D. Ill. 2018).

Byline Bank's Complaint establishes each of these elements, entitling it to default judgment on Counts I and II. The loan documents attached to Byline Bank's Complaint establish that the 2019 and 2020 loan agreements, and their accompanying notes, were valid and enforceable contracts [ECF No. 100-1 pp. 16–43, 75–98]. Premium 72 and Aynbet materially breached the contracts by failing to pay the amounts owed under the contracts [ECF No. 100-1 p. 6 ¶ 33]. Byline Bank has suffered damages because of Premium 72 and Aynbet's default [ECF No. 100-1 pp. 7–8 ¶¶ 45, 48]. The Complaint contains a sufficient basis to state a claim against Premium 72 Capital LLC and Aynbet Investments for breach of the 2019 and 2020 loan agreements. Premium 72 and Aynbet admit Byline Bank's well-pleaded allegations through their default. *See Eagle Hosp. Physicians, LLC*, 561 F.3d at 1307.

### 2. Breach of Guaranty (Counts III and IV)

Byline Bank also seeks a default judgment against Defaulting Defendant Nicolayevsky for breach of the 2019 Guaranty and the 2020 Guaranty [ECF No. 100 pp. 9–10]. The guaranty agreements are governed by Illinois law [ECF No. 100-1 pp. pp. 17, 27, 76, 86]. According to Illinois law, to recover for the breach of a guaranty agreement, a plaintiff must show proof of the original indebtedness, the debtor's default, and the guarantee. *Bank of Montreal v. SK Foods, LLC*, No. 09 C 3479, 2010 WL 3385534, at *3 (N.D. Ill. Aug. 19, 2010).

The Complaint contains sufficient allegations to entitle Byline Bank to default judgment against Nicolayevsky for breach of the guaranty agreements. Byline Bank has established the original indebtedness by producing the 2019 and 2020 loan agreements and their accompanying

notes [ECF No. 100-1 pp. 16–43, 75–98]. Premium 72 and Aynbet defaulted on their obligations under the loan agreements when they failed to pay the amounts due [ECF No. 100-1 pp. 7–8 ¶¶ 45, 48]. As a part of the loan agreements, Nicolayevsky signed enforceable guaranty agreements with Byline Bank to guarantee Premium 72 and Aynbet's obligations under the loans; under these agreements, Nicolayevsky was obligated to repay the amounts owed to Byline Bank in the event of the borrowers' default [ECF No. 100-1 pp. 4–5, 17, 76]. Nicolayevsky has failed to pay Byline Bank the amount due because of the borrowers' default under the 2019 and 2020 loan agreements and their accompanying notes [ECF No. 100-1 p. 6 ¶¶ 36–38]. As a result of Nicolayevsky's failure, Byline Bank has suffered damages [ECF No. 100-1 pp. 10–11 ¶¶ 51, 54]. Byline Bank has provided a sufficient basis for the Court to conclude that Nicolayevsky has breached the 2019 and 2020 guaranty agreements. Nicolayevsky has admitted Byline Bank's well-pleaded allegations as a result of his default. *See Eagle Hosp. Physicians, LLC*, 561 F.3d at 1307.

### 3. Foreclosure on Collateral (Counts V and VI)

Byline Bank seeks to foreclose on the collateral secured by the 2019 and 2020 security agreements [ECF No. 100 p. 10]. As Premium 72 and Aynbet are located in Texas, Texas law governs the security agreements [ECF No. 100-1 pp. 48, 104]. Texas law allows a plaintiff to judicially foreclose on collateral if the plaintiff establishes it has a valid security interest in the collateral and the defendant defaulted on a debt. *See Rabo Agrifinance, Inc. v. Terra XXI Ltd.*, No. 2:06-CV-153J, 2007 WL 2446278, at * 10 (N.D. Tex. Aug. 29, 2007).

The Complaint establishes a valid security interest in the collateral and a default on the debt by the Defaulting Defendants, and thus Byline Bank is entitled to default judgment against Premium 72 and Aynbet on Counts V and VI of the Complaint. Under the 2019 and 2020 security

agreements, a security interest was created in the collateral by written agreement [ECF No. 100-1 pp. 45–62, 100–07]. The agreements also contain a description that reasonably identifies the collateral [ECF No. 100-1 pp. 50, 56, 62, 107]. Byline Bank therefore has an enforceable security interest in the collateral described in the 2019 and 2020 security agreements. Byline Bank is entitled to foreclose on the collateral as a result of Premium 72 and Aynbet's default under the 2019 and 2020 loan agreements. As a result of their default, Premium 72 and Aynbet have admitted Byline Bank's well-pleaded allegations. *See Eagle Hosp. Physicians, LLC*, 561 F.3d at 1307.

### 4. Recovery

Having found sufficient basis for entry of default judgment against the Defaulting Defendants under Counts I through VI, the Court now considers the amounts recoverable by Byline Bank. Pursuant to the Court's entry of default judgment, Byline Bank seeks the entry of a final judgment against the Defaulting Defendants, jointly and severally, for the outstanding amounts due under the 2019 and 2020 loan agreements. Specifically, Byline Bank asserts that the amount outstanding under the 2019 loan agreement is $1,430,028.84, which is comprised of $1,373,760.29 in outstanding principal, $45,702.18 in accrued interest, $9,750.37 in late fees, and $816.00 for insurance [ECF No. 100 p. 12]. Byline Bank states that interest continues to accrue under the loan at a rate of $282.28 per diem [ECF No. 100 p. 12]. As for the 2020 loan agreement, Byline Bank seeks to recover the outstanding balance of $816,316.19, which is comprised of $788,293.13 in outstanding principal, $22,876.69 in accrued interest, and $5,146.37 in late fees [ECF No. 100 p. 12]. The interest continues to accrue under the loan at a rate of $161.98 per diem [ECF No. 100 p. 12]. Attached to the Motion is the declaration of Matthew Mullins, vice president, special asset group manager for Byline Bank, which provides

CASE NO. 21-81995-CIV-CANNON/Reinhart
(Consolidated Case No. 22-80838-CIV-AMC/BER)

calculations showing the amount owed to Byline Bank under each loan agreement [ECF No. 100-2 ¶¶ 15, 17]. The Court finds the declaration to contain credible and sufficient evidence to support Byline Bank's requests.

## CONCLUSION

Being fully advised, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Renewed Motion for Default Judgment filed by Consolidated Plaintiff Byline Bank [ECF No. 100] is **GRANTED**.

2. Final judgment will be entered separately pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 10th day of November 2022.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record