IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| RMST HOLDING COMPANY, INC., a Florida S corporation, R.M. STARK & CO, INC., a Florida S corporation, and GARY L. STARK, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>PREMIUM 72 CAPITAL, LLC, a Texas limited liability company; PREMIUM 72 INTERNATIONAL, LLC, a Nevada limited liability company; AYNBET INVESTMENTS, LLC, a Texas limited liability company; ARTURO NICOLAYEVSKY, individually; EDUARDO PEREZ, individually; ZAHAV ASSET MANAGEMENT, LLC, a New York limited liability company; KINGDOM LOGISTICS, LLC, a Texas limited Liability company; PROMPT CAPTIAL FUNDING, LLC, a New York limited liability company; PINNACLE BUSINESS FUNDING, LLC, a New York limited liability company; MONEY STORE FUNDING, a New York limited liability company; BITTY ADVANCE 2, LLC, a Wyoming limited liability company; and BYLINE BANK, an Illinois Bank,<br><br>Defendants. | Civil Case No. 9:21-CV-81995-AMC<br><br><br>**MOTION TO VACATE DEFAULT JUDGMENT**<br><br> |

**DEFENDANT, ARTURO NICOLAYEVSKY'S, RESPONSE TO THE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT DATED FEBRUARY 9, 2023**

1. It is hereby submitted before this honorable Court that the Defendant, ARTURO NICOLAYEVSKY, is submitting this instant response to the Plaintiff's motion for default dated February 9, 2023 ("**Motion for Default**"), wrongly requesting that the court enters a judgment in default against the Defendant for failing to obtain counsel.

**BRIEF STATEMENT OF FACTS:**

2. The Plaintiffs filed a complaint dated November 14, 2022, before this court ("**Complaint**") alleging, *inter alia*, mismanagement of RMST and RM Stark by the Defendants. After 2nd Closing, Defendant was NEVER allowed to manage RMST and/or RM Stark, let alone mismanage them. While Defendant is in the process of submitting a response to the Complaint, Plaintiff has filed a Motion for Default asserting that the court enters a judgment in default against Defendant for failing to obtain counsel.

**Legal Grounds to Vacate Motion for Default**

3. Although corporate defendants are to be represented by a counsel (Florida Rule of Civil Procedure 1.500(b)), the burden of proof is on the Plaintiffs to show that the Defendants have willfully and deliberately failed to obtain and retain counsel for the corporate Defendants. As already stated by the Plaintiffs in its Complaint, the corporate Defendants were originally represented by Byrd Campbell, PA, and thereafter by Carlin Law Firm, PLLC. Therefore, the Defendants have been putting in their best and reasonable efforts to retain counsel for the corporate Defendants.

4. Entering Motion for Default judgement is discretionary upon the court finding that "*the Corporate Defendants failure to retain new counsel was willful and deliberate, thus authorizing the striking of the Corporate Defendants' pleadings and entering a Final Judgment against them.*" **Helix Gs v. V Gene 2 Know, LLC, a Fla. Liab. Co., Mdmp, LLC, a Fla. Liab. Co., Drake Collaborative**, 2020 Fla. Cir. LEXIS 17547, *2. On the other hand, the Defendants have retained counsel, who subsequently withdrew, which is beyond Defendant's reasonable control. The Defendants are still trying their best to retain a counsel for corporate Defendants; therefore, they are not "*willfully or deliberately*" failing to comply with Court's orders. In fact, as instructed by the court, Defendant

Arturo Nicolayevsky has filed his notice of Pro Se appearance. Accordingly, the corporate Defendants will also be retaining competent counsel. Entering a default judgment would jeopardize Defendant's case against the Plaintiffs and deprive them of their rights without a reasonable opportunity of being heard on merits.

PRAYER(S):

1. In view of the above, it is humbly requested before this honorable Court that the Court dismisses the contents of the Plaintiff's Motion for Default and grants additional time to corporate Defendants to retain their counsel.

2. Any other relief, which this honorable Court deems fit and proper, may also be granted to Defendant.

**Respectfully Submitted By:**

/s/ **Arturo Nicolayevsky**
Arturo Nicolayevsky
121 N Post Oak Ln., # 705
Houston, TX 77024
arturon26@hotmail.com
(281) 591-7777

**Place: Houston, Texas**
**Date: February 15, 2023**

3










FedEx First Overnight shipping label:

ORIGIN ID:NQIA  (281) 591-7777
ARTURO NICOLAYEVSKY
121 N. POST OAK LANE
SUITE 705
HOUSTON, TX 77024
UNITED STATES US

SHIP DATE: 16FEB23
ACTWGT: 1.00 LB
CAD: 8954530/INET4580

BILL SENDER

TO: CLERKS OFFICE, ROOM 202
US DISTRICT COURT FOR SOUTHERN FL
701 CLEMATIS STREET

WEST PALM BEACH FL 33401
(561) 803-3400

FRI - 17 FEB 8:00A
FIRST OVERNIGHT

TRK# 7713 2972 1810
0201

X1 PBIA

33401
FL-US  PBI