# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| RMST HOLDING COMPANY, INC.,<br>a Florida S Corporation,<br>R.M. STARK & CO, INC.,<br>a Florida S Corporation, and<br>GARY L. STARK, individually, | Civil Case No. 9:21-CV-81995-AMC |
| **Plaintiffs,** | |
| vs. | |
| PREMIUM 72 CAPITAL, LLC,<br>a Texas limited liability company;<br>PREMIUM 72 INTERNATIONAL, LLC,<br>a Nevada limited liability company;<br>AYNBET INVESTMENTS, LLC,<br>a Texas limited liability company;<br>ARTURO NICOLAYEVSKY, individually;<br>EDUARDO PEREZ, individually;<br>ISAAC WRIGHT, individually[1];<br>ZAHAV ASSET MANAGEMENT, LLC,<br>a New York limited liability company;<br>KINGDOM LOGISTICS, LLC,<br>a Texas limited Liability company;<br>NFG ADVANCE, LLC[2],<br>a New York limited liability company;<br>PROMPT CAPTIAL FUNDING, LLC,<br>a New York limited liability company;<br>PINNACLE BUSINESS FUNDING, LLC,<br>a New York limited liability company;<br>MONEY STORE FUNDING,<br>a New York limited liability company;<br>BITTY ADVANCE 2, LLC,<br>a Wyoming limited liability company;<br>and BYLINE BANK, an Illinois Bank, | <br><br>FILED BY ____ D.C.<br><br>FEB 2 1 2023<br><br>ANGELA E. NOBLE<br>CLERK U.S. DIST. CT.<br>S.D. OF FLA. – W.P.B. |
| **Defendants.** | |

## DEFENDANT, ARTURO NICOLAYEVSKY'S, RESPONSE TO THE PLAINTIFFS' THIRD AMENDED COMPLAINT DATED NOVEMBER 14, 2022

It is hereby submitted before this honorable Court that the Defendant, ARTURO NICOLAYEVSKY,

is submitting this instant response to the Plaintiff's complaint dated November 14, 2022, filed before

---

[1] **DE-153** Clearly States that Defendants Isaac Wright and NFG Advance, LLC, where dismissed by Judge Aileen M. Cannon on 01/12/2023 without prejudice.
[2] **DE-153** Clearly States that Defendants Isaac Wright and NFG Advance, LLC, where dismissed by Judge Aileen M. Cannon on 01/12/2023 without prejudice.

this court ("**Complaint**"). For the reasons set out below, the Defendants request that the contents of the Complaint be dismissed by the court in its entirety.

ANSWERS TO THE COMPLAINT:

1. The Defendant disputes Plaintiffs' contentions that RMST and RM Stark were mismanaged.

2. The Defendant agrees with and does not dispute the contents of paragraph (2) of the Complaint.

3. The Defendant agrees with and does not dispute the contents of paragraph (3) of the Complaint.

4. The Defendant agrees with and does not dispute the contents of paragraph (4) of the Complaint.

5. The Defendant disputes the contents of paragraph (5) of the Complaint. OPC/Premium 72 is an LLC, and as per IRS regulations, it is illegal for an LLC to be Shareholder of an S Corporation, RMST is a Florida S Corporation. Arturo Nicolayevsky and Eduardo Perez, as individual shareholders, were, are and should have been RMST's buyer, as per IRS regulations, and written as such in all legal documents pertaining to RMST's sale. Neither OPC/P72, nor AynBet nor any of the MCA Lenders[3] (collectively "Other Defendants") listed as Defendant in Lawsuit, have any legal, financial, banking, involvement, affiliation, participation, nor contractual agreements nor are related in any way to RMST, RMS nor Gary L. Stark. Since around March 2021, Gary L. Stark and his counsel KNEW who RMST's correct buyer was, is and should be, as his CPA filed 2020 RMST's Tax returns with IRS, that included Gary L. Stark[4], Arturo Nicolayevsky and Eduardo Perez, as RMST's <u>individual shareholders</u>, and all received K-1; moreover, neither OPC nor P72 were ever mentioned or included in filed Tax Returns. CPA also filed 2021 RMST's Tax returns with IRS that only included Arturo Nicolayevsky and Eduardo Perez, as RMST's <u>individual shareholders</u>, and both received K-1. Therefore, by Plaintiff and his counsel having included Other Defendants in Lawsuit, indicates Plaintiff's true malicious, intentional, deceitful, unproductive, deliberate and illegal motives to further convolute and confuse Court; moreover, Plaintiff's inclusion of Other Defendants in Lawsuit is to distract, confuse and evade the fact that Plaintiff has misrepresented, violated, committed perjuries, felonies and embezzlement, as stated

---

[3] Zahav Asset Management, LLC, Kingdom Logistics, LLC, NFG Advance, LLC,[3] Prompt Capital Funding, LLC, Pinnacle Business Funding, LLC, Money Store Funding, Bitty Advance 2, LLC
[4] Gary L. Stark and his partners

in DE-169. Moreover, Defendant maintains that contrary to Plaintiffs' assertion, a) Premium 72 Capital, LLC does not have any subsidiaries, and b) Premium 72 International, LLC and Premium 72 Capital, LLC have any legal, financial, banking, involvement, affiliation, participation, nor contractual agreements with each other. **Furthermore, AN request for Plaintiff to provide reasons why Plaintiff included Other Defendants in Lawsuit, when he knew not to.**

6.   The Defendant agrees with and does not dispute the contents of paragraph (6) of the Complaint.

7.   The Defendant agrees with and does not dispute the contents of paragraph (7) of the Complaint.

8.   The Defendant disputes the contents of paragraph (8) of the Complaint. and reiterates its position elaborated in paragraph (5) above.

9.   The Defendant disputes the contents of paragraph (9) of the Complaint, and reiterates its position elaborated in paragraph (5) above.

10.   The Defendant disputes the contents of paragraph (10) of the Complaint. Neither OPC nor Premium 72 or AynBet are lawfully related in any way to RMST or RM Stark. Therefore, their inclusion in the list of Defendants is out of place in the instant lawsuit.

11.   The Defendant agrees with and does not dispute the contents of paragraph (11) of the Complaint.

12.   The Defendant agrees with and does not dispute the contents of paragraph (12) of the Complaint.

13.   The Defendant disputes the contents of paragraph (13) of the Complaint. Both the Defendants NFG and Isaac Wright were dismissed from the lawsuit pursuant to District Court's order dated January 12, 2023, bearing case no. 21-81995-CIV-CANNON/Reinhart and 21-80838-CIV-CANNON/Reinhart.

14.   The Defendant disputes the contents of paragraphs (14) and (149) of the Complaint. It is pertinent to mention here that Premium 72 was the only borrower and guarantor of all MCA loans. Moreover, neither Gary Stark, nor RMST nor RM Stark, were ever signors, co-signors, guarantors, co-guarantors, nor mentioned in any of the MCA loans; moreover, other Defendants inclusion in Lawsuit is illegal, per IRS and further reiterates its position elaborated in paragraph (5).

15.   The Defendant disputes the contents of paragraph (15) of the Complaint, and reiterates its position elaborated in paragraphs (5) and (14) above.

16. The Defendant disputes the contents of paragraph (16) of the Complaint, and reiterates its position elaborated in paragraphs (5) and (14) above.

17. The Defendant disputes the contents of paragraph (17) of the Complaint, and reiterates its position elaborated in paragraphs (5) and (14) above.

18. The Defendant disputes the contents of paragraph (18) of the Complaint, and reiterates its position elaborated in paragraphs (5) and (14) above.

19. The Defendant disputes the contents of paragraph (19) of the Complaint, and reiterates its position elaborated in paragraphs (5) and (14) above.

20. The Defendant disputes the contents of paragraph (20) of the Complaint, and reiterates its position elaborated in paragraphs (5) and (14) above.

21. The contents of paragraph (21) of the Complaint are unknown to the Defendant.

22. The contents of paragraph (22) of the Complaint are unknown to the Defendant.

23. The Defendant agrees with and does not dispute the contents of paragraph (23) of the Complaint.

24. The contents of paragraph (24) of the Complaint are unknown to the Defendant.

25. The contents of paragraph (25) of the Complaint are unknown to the Defendant.

26. The Defendant agrees with and does not dispute the contents of paragraph (26) of the Complaint.

27. The Defendant disputes the contents of paragraph (27) of the Complaint. The Defendant clarifies that RMS is subject to both the rules of U.S. Securities and Exchange Commission ("**SEC**") and Financial Industry Regulatory Authority ("**FINRA**").

28. The Defendant disputes the contents of paragraph (28) of the Complaint, and reiterates its position elaborated in paragraph (5) above.

29. The Defendant disputes the contents of paragraph (29) of the Complaint. The Letter of Intent ("**LOI**") should have been executed between Gary Stark, RMST/RMS' as the seller, and Arturo Nicolayevsky and Eduardo Perez as the buyer.

30. The Defendant agrees with and does not dispute the contents of paragraph (30) of the Complaint.

31. The Defendant disputes the contents of paragraph (31) of the Complaint, and reiterates its position elaborated in paragraph (5) above.  Moreover, the Defendant clarifies that the Defendants: 1) were provided copies of all documents reflecting both RMST and RM Stark's financials; 2) were

guided and assisted by the SBA and in completing all Loan Applications Forms, 3) followed all SBA and Banking laws as were told, 4) together with Byline were NOT misrepresenting any information included in executed loan documents i.e., a) Documents Defendant signed as President of RMST (per SBA/Banking Regulations), b) Net Capital Clause inserted in loan documents to protect RMS' Net Capital in case of Note's default (approved by FINRA) c) the use of RMST as a guarantor of the Loan. Plaintiff had knowledge and had seen all executed SBA and Byline documents between February 2020 and June 2020 and never complained nor questioned their content. The Defendant also maintains that had Plaintiff not agreed with any of SBA/Byline regulations and documentation at that time, the Plaintiff had a chance between June 2020 and September 2020 to void and rescind RMST's purchase. Moreover, after 2nd Closing, the Plaintiff was never again the Chairman of the Board of Directors, nor a Director of RMST, nor RMS, nor Premium 72.

32. The Defendant disputes the contents of paragraph (32) of the Complaint, and reiterates its position elaborated in paragraphs (5) and (31) above.

33. The Defendant disputes the contents of paragraph (33) of the Complaint, and reiterates its position elaborated in paragraph (5) and (31) above.

34. The Defendant disputes the contents of paragraph (34) of the Complaint, and reiterates its position elaborated in paragraph (5) and (31) above. Moreover, PSA was signed on January 02, 2020; however, due to the nature of a purchase of a Broker Dealer where FINRA had to prior approve RMST's purchase through the CMA process; both Byline and SBA allowed this transaction to be done in two parts: **First Part** occurred at 1st Closing, on/by February 6, 2020, where a)Byline funded 100% RMST's loan proceeds (purchase price) to Greg Levine's Escrow, b)Plaintiff sent Greg Levine 100% of RMST's shares (to be placed under same escrow), c)Escrow wired Plaintiff a cash payment of $384,000.00 USD, equivalent of 24% of Purchase Price and d)Defendants received the equivalent of 24% of RMST's shares (these shares remained at Escrow under Defendant's name). **Second Part** occurred 2nd Closing on September 22, 2020, where, a)Escrow wired Plaintiff the remaining 76% of purchase price in cash of RMST's Purchase price, and b)Defendant received 100% of RMST' shares and control of company. The Defendant wants to

clarify that the executed 24% of RMST's equity was **NOT** <u>a conditional sale</u>, but a completely executed transaction where there was an exchange of cash and shares between Defendant and Plaintiff. Moreover, the Defendant also highlights here that <u>had FINRA not approved CMA</u>, the above transaction would be reversed and canceled, as per PSA Section 1.6.

35. The Defendant disputes the contents of paragraph (35) of the Complaint, and reiterates its position elaborated in paragraphs (5) and (34) above .

36. The Defendant disputes the contents of paragraph (36) of the Complaint, and reiterates its position elaborated in paragraphs (5) and (34) above .

37. The Defendant disputes the contents of paragraph (37) of the Complaint, and reiterates its position elaborated in paragraphs (5) and (34) above .

38. The Defendant disputes the contents of paragraph (38) of the Complaint. FINRA did not approve the CMA with numerous conditions. There was only one (01) condition in FINRA's CMA approval letter directed to new owners (Arturo Nicolayevsky and Eduardo Perez) in paragraph 6 that "...*The Firm is reminded of FINRA Rule 1017, which requires notification to and approval by FINRA of a material change in business operations prior to such change being effected...*"

39. The Defendant disputes the contents of paragraph (39) of the Complaint, and reiterates its position elaborated in paragraphs (5) and (34) above.

40. The Defendant disputes the contents of paragraph (40) of the Complaint, and reiterates its position elaborated in paragraph (34) above. However, the Plaintiff illegally registered both Arturo Nicolayevsky and Eduardo Perez as employees of RMS with FINRA.

41. The Defendant disputes the contents of paragraph (41) of the Complaint. The Defendants Byline and SBA had authority with RMST, as they included RMST as co-borrower/guarantor of Byline's loan, as per SBA and the Banking Regulations

42. The Defendant agrees with and does not dispute the contents of paragraph (42) of the Complaint.

43. The Defendant agrees with and does not dispute the contents of paragraph (43) of the Complaint.

44. The Defendant agrees with and does not dispute the contents of paragraph (44) of the Complaint.

45. The Defendant disputes the contents of paragraph (45) of the Complaint. The insurance assignment was for US $2.5 million.

46. The Defendant disputes the contents of paragraph (46) of the Complaint. The Defendant wants to clarify that in case of default, either RMST stock was pledged, or life insurance proceeds were pledged in case of Defendant's death. It was not the case that both RMST Stock and life insurance proceeds were pledged. Moreover, Premium 72 was not part of Supplemental Agreement.

47. The Defendant agrees with and does not dispute the contents of paragraph (47) of the Complaint.

48. The Defendant disputes the contents of paragraph (48) of the Complaint. In case of default, either RMST stock was pledged, or life insurance proceeds were pledged in case of Defendant's death. It was not the case that both RMST Stock and life insurance proceeds were pledged. Moreover, Premium 72 was not part of Supplemental Agreement.

49. The Defendant disputes the contents of paragraph (49) of the Complaint.

50. The Defendant disputes the contents of paragraph (50) of the Complaint.

51. The Defendant disputes the contents of paragraph (51) of the Complaint. Before second (2nd) closing, the Plaintiff spoke on the phone with Life Insurance Policy's salesperson in order to give him Plaintiff's specifics to complete assignment of proceeds of the policy to the Plaintiff.

52. The Defendant disputes the contents of paragraph (52) of the Complaint, and vehemently denies Plaintiff has fulfilled any promises and covenants.

53. The Defendant disputes the contents of paragraph (53) of the Complaint.

54. The Defendant agrees with and does not dispute the contents of paragraph (54) of the Complaint.

55. The Defendant agrees with and does not dispute the contents of paragraph (55) of the Complaint.

56. The Defendant agrees with and does not dispute the contents of paragraph (56) of the Complaint.

57. The Defendant agrees with and does not dispute the contents of paragraph (57) of the Complaint.

58. The Defendant disputes the contents of paragraph (58) of the Complaint. CMA is a questionnaire and assessment of the applicant subject to be approved by FINRA and/or updated by the applicant, much like a medical questionnaire. Moreover, BD Membership Agreement is equivalent to a Shareholders Agreement between Firm and FINRA, much as a medical diagnosis.

59. The Defendant vehemently denies and disputes the contents of paragraph (59) of the Complaint. The Plaintiff has no evidence or authority to levy multiple accusations in his false, frivolous and SLANDEROUS Complaint. Moreover, Plaintiff's understanding of CMA questionnaire is false,

illogical, and misplaced. Plaintiff's has a complete lack the understanding as to what are the differences of an individual intervening on day-to-day operations of a company, as defined by FINRA's regulations and Defendants' Attestation Letters. After 2ⁿᵈ, Closing Plaintiff VIOLATED FINRA's, SEC's, U.S. Corporate Laws, Florida State Laws and RMST's Bylaws, by conveniently failing to understand, acknowledge and accept the definitions, rights and obligations of Directors and Shareholders of a Firm (RMST/RMS), as they have the complete authority and rights to: a) hire and fire officers of the company; b) direct officers on the strategy the company has to follow; and c) obtain and access all financial and accounting records of the Firm. Arturo Nicolayevsky and Eduardo Perez were <u>never</u> involved in RMS's day-to-day operations but acted only under their lawful rights as RMS/RMST Shareholders and Directors. Furthermore, CEO had no right to hire and/or fire any of the company's officers, without previous approval/consent of Shareholders/Directors; and reiterates its position elaborated in paragraphs (5) and (34) above.

60. The Defendant disputes the contents of paragraph (60) of the Complaint, and reiterates its position elaborated in paragraph (59) above.

61. The Defendant disputes the contents of paragraph (61) of the Complaint, and reiterates its position elaborated in paragraph (59) above.

    a.  The Defendant disputes the contents of paragraph (61.a) of the Complaint, and reiterates its position elaborated in paragraph (59) above. **Hiring and Firing Firm's Officers is within the rights of Shareholder-Director;** Susan Davis was never going to replace Jerry Desiderio, but become CEO of RMS.

    b.  The Defendant disputes the contents of paragraph (61.b) of the Complaint, and reiterates its position elaborated in paragraph (59) above. **Hiring and Firing Firm's Officers is within the rights of Shareholder-Director;** Jerry Desiderio's termination was further approved by CEO.

    c.  The Defendant disputes the contents of paragraph (61.c) of the Complaint, and reiterates its position elaborated in paragraph (59) above. **Hiring and Firing Firm's**

**Officers is within the rights of Shareholder-Director;** Peggy Lebert's hiring was further approved by FINOP and CEO.

    d.  The Defendant disputes the contents of paragraph (61) of the Complaint, and reiterates its position elaborated in paragraph (59) above. **Setting Firm's strategies[5] are within the rights of Shareholder-Director; their implementation is Firm Officers' obligation.**

    e.  The Defendant disputes the contents of paragraph (61.e) of the Complaint, and reiterates its position elaborated in paragraph (59) above. **Setting Firm's strategies[6] are within the rights of Shareholder-Director; their implementation is Firm Officers' obligation.**

    f.  The Defendant disputes the contents of paragraph (61.f) of the Complaint, and reiterates its position elaborated in paragraph (59) above. Director never signed any IT Vendor contract under the name of RMST/RMS, nor did Director put RMST/RMS under any contractual agreement with any of the IT Vendors; however, it is **within of Shareholder's-Director's rights to direct Officers on the strategy;[7] their implementation is Firm Officers' obligation,** and CEO willingly and with excitement embraced and accepting working with all the IT Vendors.

    g.  The Defendant disputes the contents of paragraph (61.g) of the Complaint, and reiterates its position elaborated in paragraph (59) above. **Setting Firm's strategies[8] are within the rights of Shareholder-Director; their implementation is Firm Officers' obligation.**

---

[5] Shareholder's-Director's strategies was to use existing RMS'/RMST's existing processes and procedures, but make them more efficient, practical, easier, and more cost effective, by using technology to automate, facilitate all Firm's tasks.
[6] Shareholder's-Director's strategies was to use existing RMS'/RMST's existing processes and procedures, but make them more efficient, practical, easier, and more cost effective, by using technology to automate, facilitate all Firm's tasks.
[7] Shareholder's-Director's strategies was to use existing RMS'/RMST's existing processes and procedures, but make them more efficient, practical, easier, and more cost effective, by using technology to automate, facilitate all Firm's tasks.
[8] Shareholder's-Director's strategies was to use existing RMS'/RMST's existing processes and procedures, but make them more efficient, practical, easier, and more cost effective, by using technology to automate, facilitate all Firm's tasks.

h. The Defendant disputes the contents of paragraph (61.h) of the Complaint, and reiterates its position elaborated in paragraph (59) above. **Hiring and Firing Firm's Officers is within the rights of Shareholder-Director;**

i. The Defendant disputes the contents of paragraph (61.i) of the Complaint, and reiterates its position elaborated in paragraph (59) above. **Hiring and Firing Firm's Officers is within the rights of Shareholder-Director;**

j. The Defendant disputes the contents of paragraph (61.j) of the Complaint, and reiterates its position elaborated in paragraph (59) above. Director never signed any IT Vendor contract under the name of RMST/RMS, nor did Director put RMST/RMS under any contractual agreement with any of the IT Vendors; however, it is **within of Shareholder's-Director's rights to direct Officers on the strategy;[9] their implementation is Firm Officers' obligation**, and CEO willingly and with excitement embraced and accepting working with all the IT Vendors.

k. The Defendant disputes the contents of paragraph (61.k) of the Complaint, and reiterates its position elaborated in paragraph (59) above. **Setting Firm's strategies[10] are within the rights of Shareholder-Director; their implementation is Firm Officers' obligation.**

l. The Defendant disputes the contents of paragraph (61.l) of the Complaint, and reiterates its position elaborated in paragraph (59) above. **Setting Firm's strategies[11] are within the rights of Shareholder-Director; their implementation is Firm Officers' obligation.** CEO willingly accepted the Payroll vendor's change, since Oasis was a PEO, and CEO needed insurance. Neither CEO nor Director knew at that time that Oasis was capable of handling broker-dealers payroll.

---

[9] Shareholder's-Director's strategies was to use existing RMS'/RMST's existing processes and procedures, but make them more efficient, practical, easier, and more cost effective, by using technology to automate, facilitate all Firm's tasks.
[10] Shareholder's-Director's strategies was to use existing RMS'/RMST's existing processes and procedures, but make them more efficient, practical, easier, and more cost effective, by using technology to automate, facilitate all Firm's tasks.
[11] Shareholder's-Director's strategies was to use existing RMS'/RMST's existing processes and procedures, but make them more efficient, practical, easier, and more cost effective, by using technology to automate, facilitate all Firm's tasks.

m. The Defendant disputes the contents of paragraph (61.m) of the Complaint, and reiterates its position elaborated in paragraph (59) above. Director <u>never</u> cancel 401k plan, and when payroll vendor was changed, PEO's fees included Worker's Compensation.

n. The Defendant disputes the contents of paragraph (61.n) of the Complaint, and reiterates its position elaborated in paragraph (59) above. **Setting Firm's strategies[12] are within the rights of Shareholder-Director; their implementation is Firm Officers' obligation.** Director NEVER controlled RMS' Chase account.

o. The Defendant disputes the contents of paragraph (61.o) of the Complaint, and reiterates its position elaborated in paragraph (59) above. **Setting Firm's strategies[13] are within the rights of Shareholder-Director; their implementation is Firm Officers' obligation**. That's a bank error.

p. The Defendant disputes the contents of paragraph (61.p) of the Complaint, and reiterates its position elaborated in paragraph (59) above. **Setting Firm's strategies[14] are within the rights of Shareholder-Director; their implementation is Firm Officers' obligation**. Director got confused between P72's and RMS' credit cards, both looked exactly the same.

q. The Defendant disputes the contents of paragraph (61.q) of the Complaint, and reiterates its position elaborated in paragraph (59) above. <u>**Hiring and Firing Firm's Officers** is within the rights of Shareholder-Director; their implementation is Firm Officers' obligation</u>. Updating the archaic, and inaccurate processes of RMS' accounting system was part of Director's strategies.[15] **There is no "creative accounting" only accurate, efficient, transparent, real time, clear and precise**

---

[12] Shareholder's-Director's strategies was to use existing RMS'/RMST's existing processes and procedures, but make them more efficient, practical, easier, and more cost effective, by using technology to automate, facilitate all Firm's tasks.

[13] Shareholder's-Director's strategies was to use existing RMS'/RMST's existing processes and procedures, but make them more efficient, practical, easier, and more cost effective, by using technology to automate, facilitate all Firm's tasks.

[14] Shareholder's-Director's strategies was to use existing RMS'/RMST's existing processes and procedures, but make them more efficient, practical, easier, and more cost effective, by using technology to automate, facilitate all Firm's tasks.

[15] Shareholder's-Director's strategies was to use existing RMS'/RMST's existing processes and procedures, but make them more efficient, practical, easier, and more cost effective, by using technology to automate, facilitate all Firm's tasks.

**accounting.** RMS' accounting was sloppy, delayed, inaccurate, often mistaken and had NO transparency at all. Director postponed his Series 28 studies because the eye accidents he incurred, multiple eye surgeries he went through; it lasted from 11/2020 till 06/2021, during which time, impeded him to see, read, work and permanently damaged his vision.

r.  The Defendant disputes the contents of paragraph (61.r) of the Complaint, and reiterates its position elaborated in paragraph (59) above. **Director has the right to choose his own counsel and consult them with client/attorney privilege.**

s.  The Defendant disputes the contents of paragraph (61.s) of the Complaint, and reiterates its position elaborated in paragraph (59) above. **Director has the right to choose his own counsel and consult them with client/attorney privilege.**

t.  The Defendant disputes the contents of paragraph (61.t) of the Complaint, and reiterates its position elaborated in paragraph (59) above. **<u>Hiring and Firing Firm's Officers</u>, is within the rights of Shareholder-Director;**

u.  The Defendant disputes the contents of paragraph (61.u) of the Complaint, and reiterates its position elaborated in paragraph (59) above. **This is out of the scope of this Lawsuit.**

v.  The Defendant disputes the contents of paragraph (61.v) of the Complaint, and reiterates its position elaborated in paragraph (59) above. **COMPLETE LIE.**

w.  The Defendant disputes the contents of paragraph (61.w) of the Complaint, and reiterates its position elaborated in paragraph (59) above. By 03/2021, Director-Shareholder had COMPLETE control of RMST/RMS. FINOP/CEO had NO authority to push, bully or pressure him to allow CPA to file 2020 RMST's/RMS' Tax returns when FINOP wanted.  It is within Director's-Shareholder's rights and obligations to inspect Firm's books and records, prior to signing Tax Return; in addition, IRS lawfully allows for extension.

    x.   The Defendant disputes the contents of paragraph (61.x) of the Complaint, and reiterates its position elaborated in paragraph (59) above. **This is out of the scope of this Lawsuit.  Plaintiff was NEVER in the Board of Directors of P72.**

62. The Defendant disputes the contents of paragraph (62) of the Complaint, and reiterates its position elaborated in paragraph (59) above.

63. The Defendant disputes the contents of paragraph (63) of the Complaint, and reiterates its position elaborated in paragraph (59) above. Furthermore, Plaintiff's multiple accusations in his false and frivolous Complaint which amounts to SLANDER.

64. The Defendant disputes the contents of paragraph (64) of the Complaint, and reiterates its position elaborated in paragraph (59) above. Furthermore, Florida Stat. §815.06 is non-applicable in this accusation.

65. The Defendant disputes the contents of paragraph (65) of the Complaint, and reiterates its position elaborated in paragraph (59) above.

66. The Defendant disputes the contents of paragraph (66) of the Complaint, and reiterates its position elaborated in paragraph (59) above. Furthermore, This is a <u>slanderous</u> accusation by Plaintiff, with no supportive evidence, nor background to prove is, as Gender has absolutely nothing to do in judging the performance, capabilities, knowledge and experience of any employee.

67. The Defendant disputes the contents of paragraph (67) of the Complaint, and reiterates its position elaborated in paragraph (59) above. Furthermore, This is a slanderous accusation by Plaintiff, with no supportive evidence, nor background to prove is, as Gender has absolutely nothing to do in judging the performance, capabilities, knowledge and experience of any employee.

68. The Defendant disputes the contents of paragraph (68) of the Complaint, and reiterates its position elaborated in paragraph (59) above.

69. The Defendant disputes the contents of paragraph (69) of the Complaint, and reiterates its position elaborated in paragraph (59) above. Furthermore, Florida Stat. §815.06 is non-applicable in this accusation.

70. The Defendant disputes the contents of paragraph (70) of the Complaint. On August 24, 2021, Arturo Nicolayevsky and Eduardo Perez executed RMST/RMS minutes to remove Starks from

any director position each had at RMST/RMS, exercising their right as sole directors, shareholders and owners of RMST/RMS. Therefore, The Plaintiff's version of their " 09-03-2021 Board of Directors", is invalid and illegal. Moreover, after the 2nd Closing, Plaintiff was no longer the Chairman of the Board of Directors, nor a Director of RMST/RMS; nor was Plaintiff a Director of P72. After 2nd Closing, Plaintiff stayed in RMS as RMS' FINRA registered FINOP, Munis and Insurance Principal; therefore Defendant had no Fiduciary relationship, nor obligations towards Plaintiff nor any permission from Plaintiff to run RMST, RMS strategically and P72 as a Director and majority Shareholder.

71. The Defendant disputes the contents of paragraph (71) of the Complaint, and reiterates its position elaborated in paragraph (31) above.

72. The Defendant disputes the contents of paragraph (72) of the Complaint, and reiterates its position elaborated in paragraph (31) above.

73. The Defendant disputes the contents of paragraph (73) of the Complaint, and reiterates its position elaborated in paragraph (31) above.

74. The Defendant disputes the contents of paragraph (74) of the Complaint, and reiterates its position elaborated in paragraph (31) above.

75. The Defendant disputes the contents of paragraph (75) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (70) above. Defendant did not need further approval or permission from Plaintiff to obtain a loan to purchase RMST than the signed PSA.

76. The Defendant disputes the contents of paragraph (76) of the Complaint, and reiterates its position elaborated in paragraph (31) above.

77. The Defendant disputes the contents of paragraph (77) of the Complaint, and reiterates its position elaborated in paragraph (31) above.

78. The Defendant disputes the contents of paragraph (78) of the Complaint, and reiterates its position elaborated in paragraph (31) above.

79. The Defendant disputes the contents of paragraph (79) of the Complaint, and reiterates its position elaborated in paragraph (31) above.

80. The Defendant disputes the contents of paragraph (80) of the Complaint, and reiterates its position elaborated in paragraph (31) above.

81. The Defendant disputes the contents of paragraph (81) of the Complaint, and reiterates its position elaborated in paragraph (31) above.

82. The Defendant disputes the contents of paragraph (82) of the Complaint, and reiterates its position elaborated in paragraph (31) above.

83. The Defendant disputes the contents of paragraph (83) of the Complaint, and reiterates its position elaborated in paragraph (31) above.

84. The Defendant disputes the contents of paragraph (84) of the Complaint, and reiterates its position elaborated in paragraph (31) above.

85. The Defendant agrees with and does not dispute the contents of paragraph (85) of the Complaint.

86. The Defendant disputes the contents of paragraph (86) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (34) above.

87. The Defendant agrees with and does not dispute the contents of paragraph (87) of the Complaint.

88. The Defendant disputes the contents of paragraph (88) of the Complaint, and reiterates its position elaborated in paragraph (86) above. Moreover, the Defendant clarified that there was No Unauthorized Shareholder Action, in this transactions, as Defendant was following the precise processes and SBA and Banking regulations.

89. The Defendant disputes the contents of paragraph (89) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (34) above.

90. The Defendant disputes the contents of paragraph (90) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (34) above.

91. The Defendant disputes the contents of paragraph (91) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (34) above.

92. The Defendant disputes the contents of paragraph (92) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (34) above. Defendant did not need further approval or permission from Plaintiff to obtain a loan to purchase RMST than the signed PSA. Moreover, after the 2nd Closing, Plaintiff was no longer the Chairman of the Board of Directors, nor a

Director of RMST/RMS, nor Premium 72; only a FINRA registered Officer of RMS, therefore Defendant had no Fiduciary relationship, nor obligations towards Plaintiff.

93. The Defendant disputes the contents of paragraph (93) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (34) above.

94. The Defendant disputes the contents of paragraph (94) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (34) above.

95. The Defendant disputes the contents of paragraph (95) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (34) above.

96. The Defendant disputes the contents of paragraph (96) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (34) above.

97. The Defendant disputes the contents of paragraph (97) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (34) above.

98. The Defendant disputes the contents of paragraph (98) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (34) above.

99. The Defendant disputes the contents of paragraph (99) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (34) above.

100. The Defendant disputes the contents of paragraph (100) of the Complaint, and reiterates its position elaborated in paragraph (31) and (34) above. Moreover, after the 2nd Closing, Plaintiff was no longer the Chairman of the Board of Directors, nor a Director of RMST/RMS, nor Premium 72; only a FINRA registered Officer of RMS, therefore Defendant had no Fiduciary relationship, nor obligations towards Plaintiff.

101. The Defendant disputes the contents of paragraph (101) of the Complaint, and reiterates its position elaborated in paragraph (31) and (34) above.

102. The Defendant disputes the contents of paragraph (102) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (34) above.

103. The Defendant disputes the contents of paragraph (103) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (34) above.

104. The Defendant disputes the contents of paragraph (104) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (34) above.

105. The Defendant disputes the contents of paragraph (105) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (34) above.

106. The Defendant disputes the contents of paragraph (106) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (34) above.

107. The Defendant disputes the contents of paragraph (107) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (34) above.

108. The Defendant disputes the contents of paragraph (108) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (34) above.

109. The Defendant disputes the contents of paragraph (109) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (34) above.

110. The Defendant disputes the contents of paragraph (110) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (34) above.

111. The Defendant disputes the contents of paragraph (111) of the Complaint. The Plaintiff has no evidence or authority to levy multiple accusations in his false and frivolous Complaint which amounts to slander. Defendant has the following arguments: **1)** After the 2nd Closing, Plaintiff was no longer the Chairman of the Board of Directors, nor a Director of RMST/RMS, nor Premium 72; but a FINRA registered Officer of RMS, who acted as its FINOP, Insurance and Munis Principal. **2)** FINRA, SEC, U.S. Corporate Laws, Florida State Laws and RMST's Bylaws, state that Directors of a company have the complete authority and rights to: a) hire and fire officers of the company; b) direct officers on the strategy the company has to follow; and c) obtain and access all financial and accounting records of the company. Therefore, the Defendant did not have to ask permission nor seek any approval from any officer of the firm to borrow money, **3)** AMZ' staff made a clerical error by not including the Net Capital Clause in AMZ's Loans, and Defendant failed to see the mistake in AMZ' documents, **4)** FINOP followed his obligations with FINRA and to the Firm, by letting them know the irregularity in RMS' accounting and the possible Net Capital violations, caused by AMZ' loans **5)** Defendant, upon

learning AMZ' mistake, took action by making a contribution of $130,000 USD to the Firm on March 2021 in order to be in compliance with FINRA and AMZ' removed all RMS' UCC filings, **6)** By May 2021, all AMZ' loans had been paid in full and AMZ provided Defendant a release/paid in full letter and the matter was closed with FINRA, and all regulators, **7)** Defendant strongly beliefs that there is no real evidence that RMS was ever out of compliance with FINRA during the AMZ incident, as FINOP's Net Capital calculations have always been seven (07) weeks late and out of compliance with FINRA's 15c3-1 law, that states Net Capital must be calculated daily. Therefore, FINOP's Net Capital calculations were not current, valid and under compliance **8)** it is illogical and unreal for anyone to think (in this case Plaintiff accusing Defendant) and accuse the owner of any company of committing deliberate, deceptive, concealed, fraudulent actions ON PURPOSE to directly harm and damage the company he/she owns. Owner must have made a mistake as it could have never been a deliberate action, and, **9)** It is irrelevant and unnecessary to bring a problem that was resolved in its entirety 2 years ago into this lawsuit.

112.   The Defendant disputes the contents of paragraph (112) of the Complaint, and reiterates its position elaborated in paragraph (111) above.

113.   The Defendant disputes the contents of paragraph (113) of the Complaint, and reiterates its position elaborated in paragraph (111) above.

114.   The Defendant disputes the contents of paragraph (114) of the Complaint, and reiterates its position elaborated in paragraph (111) above.

115.   The Defendant disputes the contents of paragraph (115) of the Complaint, and reiterates its position elaborated in paragraph (111) above.

116.   The Defendant disputes the contents of paragraph (116) of the Complaint, and reiterates its position elaborated in paragraph (111) above.

117.   The Defendant disputes the contents of paragraph (117) of the Complaint, and reiterates its position elaborated in paragraph (111) above.

118.   The Defendant disputes the contents of paragraph (118) of the Complaint, and reiterates its position elaborated in paragraph (111) above.

119.    The Defendant disputes the contents of paragraph (119) of the Complaint, and reiterates its position elaborated in paragraphs (70) and (111) above.

120.    The Defendant disputes the contents of paragraph (120) of the Complaint, and reiterates its position elaborated in paragraphs (70) and (111) above.

121.    The Defendant disputes the contents of paragraph (121) of the Complaint, and reiterates its position elaborated in  paragraphs (70) and (111) above.

122.    The Defendant disputes the contents of paragraph (122) of the Complaint, and reiterates its position elaborated in paragraphs (70) and (111) above.

123.    The Defendant disputes the contents of paragraph (123) of the Complaint, and reiterates its position elaborated in paragraphs (70) and (111) above.

124.    The Defendant disputes the contents of paragraph (124) of the Complaint, and reiterates its position elaborated in paragraph (111) above.

125.    The Defendant disputes the contents of paragraph (125) of the Complaint, and reiterates its position elaborated in paragraph (111) above.

126.    The Defendant disputes the contents of paragraph (126) of the Complaint, and reiterates its position elaborated in paragraph (70) and (111) above. Defendant did provide all debt P72 had incurred at that time, and documents to prove it.  Plaintiff did not believe Defendant. Moreover, after the 2nd Closing, Plaintiff was no longer the Chairman of the Board of Directors, nor a Director of RMST/RMS; nor was Plaintiff a Director of P72.  After 2nd Closing, Plaintiff stayed in RMS as RMS' FINRA registered FINOP, Munis and Insurance Principal; therefore Defendant had no Fiduciary relationship, nor obligations towards Plaintiff nor any permission from Plaintiff to run RMST, RMS strategically and P72 as a Director and majority Shareholder.

127.    The Defendant disputes the contents of paragraph (127) of the Complaint, and reiterates its position elaborated in paragraph (111) above.

128.    The Defendant disputes the contents of paragraph (128) of the Complaint, and reiterates its position elaborated in paragraph (111) above.

129.    The Defendant disputes the contents of paragraph (129) of the Complaint, and reiterates its position elaborated in paragraph (111) above.

130.   The Defendant disputes the contents of paragraph (130) of the Complaint, and reiterates its position elaborated in paragraph (111) above.

131.   The Defendant disputes the contents of paragraph (131) of the Complaint, and reiterates its position elaborated in paragraph (111) above.

132.   The Defendant disputes the contents of paragraph (132) of the Complaint, and reiterates its position elaborated in paragraph (111) above.

133.   The Defendant disputes the contents of paragraph (133) of the Complaint, and reiterates its position elaborated in paragraph (31) above.  Moreover, it is pertinent to highlight here that: **1)** all banks are required by Banking regulations to check, review, use and treat every document a client provides them with complete confidentiality. The Defendant's banks had all been previously provided RMST's/RMS' financial documents; therefore, Defendant did not breach any confidentiality; **2)** in reference to, SBA's PPP loan, SBA applications states and directs applicant "*...All parties listed below are considered owners of the Applicant as defined in 13 CFR § 120.10, as well as "principals"...*", "*....For a corporation, all owners of 20% or more of the corporation...*"; **3)** when Defendant prepared applications for PPP Loans, Defendant was the lawful owner of 24% of RMST, and 100% of Premium 72. **4)** None of the proceeds of PPP loan Defendant received were EVER used for Defendants' personal expenses; they were all used to pay Premium 72's company expenses; **5)** Plaintiff is not entitled to receive any of the proceeds Defendant received from SBA, as SBA regulations state that if SBA does not approve the PPP loan, recipient of PPP loan must return monies to SBA, not to Plaintiff.

134.   The Defendant disputes the contents of paragraph (134) of the Complaint, and reiterates its position elaborated in paragraph (133) above.

135.   The Defendant disputes the contents of paragraph (135) of the Complaint, and reiterates its position elaborated in paragraph (133) above.

136.   The Defendant disputes the contents of paragraph (136) of the Complaint, and reiterates its position elaborated in paragraph (133) above.

137.   The Defendant disputes the contents of paragraph (137) of the Complaint, and reiterates its position elaborated in paragraph (133) above.

138.   The Defendant disputes the contents of paragraph (138) of the Complaint, and reiterates its position elaborated in paragraph (133) above.

139.   The Defendant disputes the contents of paragraph (139) of the Complaint, and reiterates its position elaborated in paragraph (133) above.

140.   The Defendant disputes the contents of paragraph (140) of the Complaint, and reiterates its position elaborated in paragraph (133) above.

141.   The Defendant disputes the contents of paragraph (141) of the Complaint, and reiterates its position elaborated in paragraph (133) above.

142.   The Defendant disputes the contents of paragraph (142) of the Complaint, and reiterates its position elaborated in paragraph (133) above. Moreover, after the 2nd Closing, Plaintiff was no longer the Chairman of the Board of Directors, nor a Director of RMST/RMS, nor Premium 72; only a FINRA registered Officer of RMS, therefore Defendant had no Fiduciary relationship, nor obligations towards Plaintiff.

143.   The Defendant disputes the contents of paragraph (143) of the Complaint, and reiterates its position elaborated in paragraph (133) above.

144.   The Defendant disputes the contents of paragraph (144) of the Complaint, and reiterates its position elaborated in paragraph (133) above.

145.   The Defendant disputes the contents of paragraph (145) of the Complaint, and reiterates its position elaborated in paragraph (133) above.

146.   The Defendant disputes the contents of paragraph (146) of the Complaint, and reiterates its position elaborated in paragraph (133) above.

147.   The Defendant disputes the contents of paragraph (147) of the Complaint, and reiterates its position elaborated in paragraph (133) above.

148.   The Defendant disputes the contents of paragraph (148) of the Complaint, and reiterates its position elaborated in paragraph (133) above.

149.   The Defendant disputes the contents of paragraph (149) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.  Furthermore, Defendant questions why Plaintiff and his counsel included MCA Lenders in Lawsuit

150.    The Defendant disputes the contents of paragraph (150) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

151.    The Defendant disputes the contents of paragraph (151) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

152.    The Defendant disputes the contents of paragraph (152) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

153.    The Defendant disputes the contents of paragraph (153) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

154.    The Defendant disputes the contents of paragraph (154) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

155.    The Defendant disputes the contents of paragraph (155) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

156.    The Defendant disputes the contents of paragraph (156) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

157.    The Defendant disputes the contents of paragraph (157) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

158.    The Defendant disputes the contents of paragraph (158) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

159.    The Defendant disputes the contents of paragraph (159) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

160.    The Defendant disputes the contents of paragraph (160) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

161.    The Defendant disputes the contents of paragraph (161) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

162.    The Defendant disputes the contents of paragraph (162) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

163.    The Defendant disputes the contents of paragraph (163) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

164.    The Defendant disputes the contents of paragraph (164) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

165.    The Defendant disputes the contents of paragraph (165) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

166.    The Defendant disputes the contents of paragraph (166) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

167.    The Defendant disputes the contents of paragraph (167) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

168.    The Defendant disputes the contents of paragraph (168) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

169.    The Defendant disputes the contents of paragraph (169) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

170.    The Defendant disputes the contents of paragraph (170) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

171.    The Defendant disputes the contents of paragraph (171) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

172.    The Defendant disputes the contents of paragraph (172) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

173.    The Defendant disputes the contents of paragraph (173) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

174.    The Defendant disputes the contents of paragraph (174) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

175.    The Defendant disputes the contents of paragraph (175) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

176.    The Defendant disputes the contents of paragraph (176) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

177.    The Defendant disputes the contents of paragraph (177) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

178.    The Defendant disputes the contents of paragraph (178) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

179.    The Defendant disputes the contents of paragraph (179) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

180.    The Defendant disputes the contents of paragraph (180) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

181.    The Defendant disputes the contents of paragraph (181) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

182.    The Defendant disputes the contents of paragraph (182) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

183.    The Defendant disputes the contents of paragraph (183) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

184.    The Defendant disputes the contents of paragraph (184) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

185.    The Defendant disputes the contents of paragraph (185) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

186.    The Defendant disputes the contents of paragraph (186) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

187.    The Defendant disputes the contents of paragraph (187) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

188.    The Defendant disputes the contents of paragraph (188) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

189.    The Defendant disputes the contents of paragraph (189) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

190.    The Defendant disputes the contents of paragraph (190) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

191.    The Defendant disputes the contents of paragraph (191) of the Complaint, and reiterates its position elaborated in paragraph (31) above.  As such, the Plaintiff has no evidence nor authority

to make such accusations against the Defendant; **1)** Sandlapper was not a Broker Dealer, but an RIA. Moreover, Premium 72 did an asset purchase of Sandlapper's book of business, **2)** after the 2nd Closing, Plaintiff was no longer the Chairman of the Board of Directors, nor a Director of RMST/RMS, nor Premium 72; but a FINRA registered Officer of RMS, who acted as its FINOP, Insurance and Munis Principal. **3)** FINRA, SEC, U.S. Corporate Laws, Florida State Laws and RMST's Bylaws, state that Directors of a company have the complete authority and rights to: a) hire and fire officers of the company; b) direct officers on the strategy the company has to follow; and c) obtain and access all financial and accounting records of the company. Therefore, the Defendant did not have to ask permission nor seek any approval from any officer of the firm to borrow money, **4)** Byline and SBA as all were in compliance with the Federal Regulations when approving Sandlappers loan; furthermore, SBA and Byline can use any asset the borrower has, as collateral for a loan. In doing so, SBA and Byline guided and assisted Arturo Nicolayevsky and Eduardo Perez on completing SBA and Byline forms, as per the law. Hence, there were no misrepresentations by anyone.

192.   The Defendant disputes the contents of paragraph (192) of the Complaint, and reiterates its position elaborated in paragraph (191) above.  Moreover, Premium 72 Capital by doing an Asset purchase of Sandlapper's book of business, ONLY bought the book of those IARs who had no, or small disclosures with FINRA, as individuals

193.   The Defendant disputes the contents of paragraph (193) of the Complaint, and reiterates its position elaborated in paragraph (191) above.

194.   The Defendant disputes the contents of paragraph (194) of the Complaint, and reiterates its position elaborated in paragraph (191) above .

195.   The Defendant disputes the contents of paragraph (195) of the Complaint, and reiterates its position elaborated in paragraph (191) above .

196.   The Defendant disputes the contents of paragraph (196) of the Complaint, and reiterates its position elaborated in paragraph (191) above .

197.   The Defendant disputes the contents of paragraph (197) of the Complaint, and reiterates its position elaborated in paragraph (191) above .

198.    The Defendant disputes the contents of paragraph (198) of the Complaint, and reiterates its position elaborated in paragraph (191) above .

199.    The Defendant disputes the contents of paragraph (199) of the Complaint, and reiterates its position elaborated in paragraph (191) above.

200.    The Defendant disputes the contents of paragraph (200) of the Complaint, and reiterates its position elaborated in paragraph (191) above.

201.    The Defendant disputes the contents of paragraph (201) of the Complaint, and reiterates its position elaborated in paragraphs (13) above.

202.    The Defendant disputes the contents of paragraph (202) of the Complaint, and reiterates its position elaborated in paragraphs (13) above.

203.    The Defendant disputes the contents of paragraph (203) of the Complaint, and reiterates its position elaborated in paragraphs (13) above.

204.    The Defendant disputes the contents of paragraph (204) of the Complaint, and reiterates its position elaborated in paragraphs (13) above. Moreover, after the 2nd Closing, Plaintiff was no longer the Chairman of the Board of Directors, nor a Director of RMST/RMS, nor Premium 72; only a FINRA registered Officer of RMS, therefore Defendant had no Fiduciary relationship, nor obligations towards Plaintiff.

205.    The Defendant disputes the contents of paragraph (205) of the Complaint, and reiterates its position elaborated in paragraphs (13) above.

---

206.    The Defendant disputes the contents of paragraph (206) of the Complaint, and reiterates its position elaborated in paragraphs (59) above. Moreover, vehemently denies Plaintiff's reaffirmation that Paragraphs 1 through 205 are correct, valid and relevant.

207.    The Defendant disputes the contents of paragraph (207) of the Complaint, and reiterates its position elaborated in paragraph (59) above.

208.    The Defendant disputes the contents of paragraph (208) of the Complaint, and reiterates its position elaborated in paragraph (59) above.

209.    The Defendant disputes the contents of paragraph (209) of the Complaint, and reiterates its position elaborated in paragraph (59) above.

210.    The Defendant disputes the contents of paragraph (210) of the Complaint, and reiterates its position elaborated in paragraph (59) above.

211.    The Defendant disputes the contents of paragraph (211) of the Complaint, and reiterates its position elaborated in paragraph (59) above.

212.    The Defendant disputes the contents of paragraph (212) of the Complaint, and reiterates its position elaborated in paragraph (59) above. Moreover, vehemently denies Plaintiff's reaffirmation that Paragraphs 1 through 205 are correct, valid and relevant.

213.    The Defendant disputes the contents of paragraph (213) of the Complaint, and reiterates its position elaborated in paragraph (59) above.

214.    The Defendant disputes the contents of paragraph (214) of the Complaint, and reiterates its position elaborated in paragraph (59) above.

215.    The Defendant disputes the contents of paragraph (215) of the Complaint, and reiterates its position elaborated in paragraph (59) above.

216.    The Defendant disputes the contents of paragraph (216) of the Complaint, and reiterates its position elaborated in paragraph (59) above.

217.    The Defendant disputes the contents of paragraph (217) of the Complaint, and reiterates its position elaborated in paragraph (206) above.

218.    The Defendant disputes the contents of paragraph (218) of the Complaint, and reiterates its position elaborated in paragraphs (59) above. Moreover, Defendant strongly denies Plaintiff's reaffirmation that Paragraphs 1 through 205 are correct, valid and relevant. The Defendant further maintains that after 2nd Closing, Plaintiff shouldn't have had control of RMST/RMS, as he was no longer a Shareholder of nor a director. However, the Defendant remained RMST's majority Shareholder and Director-President since 09/22/2020 till present. Moreover, the promissory note

was supposed to be paid with RMS'/RMST's distributions to Defendant; however, the Plaintiff breached PSA, FINRA's, SEC's, Florida State Laws, US Corporate's Laws and RMST's Bylaws, and <u>deliberately</u> impeded Defendant to improve RMS'/RMST's financial situation, as in any M&A.

219.    The Defendant disputes the contents of paragraph (219) of the Complaint, and reiterates its position elaborated in paragraphs (59) and (218) above.

220.    The Defendant disputes the contents of paragraph (220) of the Complaint, and reiterates its position elaborated in paragraphs (59) and (218) above.

221.    The Defendant disputes the contents of paragraph (221) of the Complaint, and reiterates its position elaborated in paragraphs (59) and (218) above.

222.    The Defendant disputes the contents of paragraph (222) of the Complaint, and reiterates its position elaborated in paragraphs (59) and (218) above.

223.    The Defendant disputes the contents of paragraph (223) of the Complaint, and reiterates its position elaborated in paragraphs (59) and (218) above. Moreover, vehemently denies Plaintiff's reaffirmation that <u>Paragraphs 1 through 205</u> are correct, valid and relevant.

224.    The Defendant disputes the contents of paragraph (224) of the Complaint, and reiterates its position elaborated in paragraphs (59) and (218) above.

225.    The Defendant disputes the contents of paragraph (225) of the Complaint, and reiterates its position elaborated in paragraphs (59) and (218) above.

226.    The Defendant disputes the contents of paragraph (226) of the Complaint, and reiterates its position elaborated in paragraphs (59) and (218) above.

227.    The Defendant disputes the contents of paragraph (227) of the Complaint, and reiterates its position elaborated in paragraphs (59) and (218) above.

228.    The Defendant disputes the contents of paragraph (228) of the Complaint, and reiterates its position elaborated in paragraphs (59) and (218) above.

229.   The Defendant disputes the contents of paragraph (229) of the Complaint. Moreover, vehemently denies Plaintiff's reaffirmation that Paragraphs 1 through 205 are correct, valid and relevant. The Buyer and Seller were introduced by a MH, who charged the Defendant US $30,000 for Buyer/Seller introduction. The Defendant wired US $30,000 to MH's Escrow account at Chase, which were to be applied as down-payment to Seller's payment if both Buyer and Seller went through the RMST's sale or returned to Defendant if the sale did not go through. Seller was supposed to pay MH 10% of the Purchase price, as it was stated in Seller/Broker's contract. However, the Seller never paid MH's commission in the amount of US $157,500. Thereafter, around February 2020, Buyer and Seller were told that MH was under FBI investigation for theft; MH had stolen Defendant's US $30,000 and since Seller "saved" MH's commission, Buyer and Seller had a verbal agreement that Seller will deduct the US $30,000 in question from purchase price.

230.   The Defendant disputes the contents of paragraph (230) of the Complaint, and reiterates its position elaborated in paragraph (229) above.

231.   The Defendant disputes the contents of paragraph (231) of the Complaint, and reiterates its position elaborated in paragraph (229) above.

232.   The Defendant disputes the contents of paragraph (232) of the Complaint, and reiterates its position elaborated in paragraph (229) above.

233.   The Defendant disputes the contents of paragraph (233) of the Complaint, and reiterates its position elaborated in paragraph (229) above.

234.   The Defendant disputes the contents of paragraph (234) of the Complaint, and reiterates its position elaborated in paragraphs (59) and (218) above. Moreover, vehemently denies Plaintiff's reaffirmation that Paragraphs 1 through 205 are correct, valid and relevant.

235.   The Defendant disputes the contents of paragraph (235) of the Complaint, and reiterates its position elaborated in paragraphs (59) and (218) above.

236.    The Defendant disputes the contents of paragraph (236) of the Complaint, and reiterates its position elaborated in paragraphs (59) and (218) above.

237.    The Defendant disputes the contents of paragraph (237) of the Complaint, and reiterates its position elaborated in paragraphs (59) and (218) above.

238.    The Defendant strongly disagrees and disputes the contents of paragraph (238) of the Complaint, and reiterates its position elaborated in paragraphs (59). Moreover, Defendant strongly denies Plaintiff's reaffirmation that Paragraphs 1 through 205 are correct, valid and relevant.

239.    The Defendant disputes the contents of paragraph (239) of the Complaint, and reiterates its position elaborated in paragraph (59) above.

240.    The Defendant disputes the contents of paragraph (240) of the Complaint, and reiterates its position elaborated in paragraph (59) above.

241.    The Defendant disputes the contents of paragraph (241) of the Complaint, and reiterates its position elaborated in paragraph (59) above.

242.    The Defendant disputes the contents of paragraph (242) of the Complaint, and reiterates its position elaborated in paragraph (59) above. Moreover, Defendant strongly denies Plaintiff's reaffirmation that Paragraphs 1 through 205 are correct, valid and relevant. Moreover, after the 2nd Closing, Plaintiff was no longer the Chairman of the Board of Directors, nor a Director of RMST/RMS, nor Premium 72; only a FINRA registered Officer of RMS, therefore Defendant had no Fiduciary relationship, nor obligations towards Plaintiff.

243.    The Defendant disputes the contents of paragraph (243) of the Complaint, and reiterates its position elaborated in paragraph (59) above.

244.    The Defendant disputes the contents of paragraph (244) of the Complaint, and reiterates its position elaborated in paragraph (59) above.

245.   The Defendant disputes the contents of paragraph (245) of the Complaint, and reiterates its position elaborated in paragraph (238) above.

246.   The Defendant vehemently denies and disputes the contents of paragraph (246) of the Complaint. Moreover, Defendant strongly denies Plaintiff's reaffirmation that Paragraphs 1 through 205 are correct, valid and relevant. Defendant states that the only TORTIOUS interference was Plaintiff's illegal and hostile takeover of RMS from Defendant. Both the Defendants NFG and Isaac Wright were dismissed from the lawsuit pursuant to District Court's order dated January 12, 2023, bearing case no. 21-81995-CIV-CANNON/Reinhart and 21-80838-CIV-CANNON/Reinhart.

247.   The Defendant disputes the contents of paragraph (247) of the Complaint, and reiterates its position elaborated in paragraph (246) above.

248.   The Defendant disputes the contents of paragraph (248) of the Complaint, and reiterates its position elaborated in paragraph (246) above.

249.   The Defendant disputes the contents of paragraph (249) of the Complaint, and reiterates its position elaborated in paragraph (246) above. Moreover, after the 2nd Closing, Plaintiff was no longer the Chairman of the Board of Directors, nor a Director of RMST/RMS, nor Premium 72; only a FINRA registered Officer of RMS, therefore Defendant had no Fiduciary relationship, nor obligations towards Plaintiff.

250.   The Defendant vehemently denies and disputes the contents of paragraph (250) of the Complaint. Moreover, Defendant strongly denies Plaintiff's reaffirmation that Paragraphs 1 through 205 are correct, valid and relevant. There is NO complex relationship between Plaintiff and Defendant, especially in regard to accounting and financial records. The Plaintiff clearly VIOLATED FINRA's, SEC's, U.S. Corporate Laws, Florida State Laws and RMST's Bylaws, in regard to Plaintiff's position at RMS/RMST after 2nd Closing, and the rights and obligations that Arturo Nicolayevsky and Eduardo Perez inherit, as new owners, Directors and Shareholders

of RMST/RMS. Arturo Nicolayevsky and Eduardo Perez as new Directors and Shareholders of RMST/RMS have the complete authority and rights to a) hire and fire officers of the company; b) direct officers on the strategy the company has to follow; and c) obtain and access all financial and accounting records of the company. After the 2nd Closing, Plaintiff was no longer the Chairman of the Board of Directors, nor a Director of RMST/RMS, nor Premium 72; only a FINRA registered Officer of RMS, therefore Defendant had no Fiduciary relationship, nor obligations towards Plaint. Both the Defendants NFG and Isaac Wright were dismissed from the lawsuit pursuant to District Court's order dated January 12, 2023, bearing case no. 21-81995-CIV-CANNON/Reinhart and 21-80838-CIV-CANNON/Reinhart. Moreover, after the 2nd Closing, Plaintiff was no longer the Chairman of the Board of Directors, nor a Director of RMST/RMS, nor Premium 72; only a FINRA registered Officer of RMS, therefore Defendant had no Fiduciary relationship, nor obligations towards Plaintiff.

251.    The Defendant disputes the contents of paragraph (251) of the Complaint, and reiterates its position elaborated in paragraph (250) above.

252.    The Defendant disputes the contents of paragraph (252) of the Complaint, and reiterates its position elaborated in paragraph (250) above.

253.    The Defendant disputes the contents of paragraph (253) of the Complaint, and reiterates its position elaborated in paragraph (250) above.

254.    The Defendant disputes the contents of paragraph (254) of the Complaint, and reiterates its position elaborated in paragraph (250) above.

255.    The Defendant disputes the contents of paragraph (255) of the Complaint, and reiterates its position elaborated in paragraph (250) above.

256.    The Defendant disputes the contents of paragraph (256) of the Complaint, and reiterates its position elaborated in paragraph (250) above. Moreover, Defendant strongly denies Plaintiff's reaffirmation that Paragraphs 1 through 205 are correct, valid and relevant. STARK WAS NOT THE CHAIRMAN OF THE BOARD OF RMS. Moreover, after the 2nd Closing, Plaintiff was

no longer the Chairman of the Board of Directors, nor a Director of RMST/RMS, nor Premium 72; only a FINRA registered Officer of RMS, therefore Defendant had no Fiduciary relationship, nor obligations towards Plaintiff.

257.    The Defendant disputes the contents of paragraph (257) of the Complaint, and reiterates its position elaborated in paragraph (256) above.

258.    The Defendant disputes the contents of paragraph (258) of the Complaint, and reiterates its position elaborated in paragraph (256) above.

259.    The Defendant disputes the contents of paragraph (259) of the Complaint, and reiterates its position elaborated in paragraph (256) above.

260.    The Defendant disputes the contents of paragraph (260) of the Complaint, and reiterates its position elaborated in paragraph (256) above.

261.    The Defendant disputes the contents of paragraph (261) of the Complaint, and reiterates its position elaborated in paragraph (133) above. Moreover, Defendant strongly denies Plaintiff's reaffirmation that Paragraphs 1 through 205 are correct, valid and relevant.  FINRA, SEC, US Corporate Law, Florida State Law and RMST's Bylaws, state that Directors of a company have the complete authority and rights to a) hire and fire Officers of the company, b) direct Officers on the strategy the Company has to follow and c) obtain and access all financial and accounting records of the company. As such, there are NO controversies NOR confusions in regard to AN's and EP's rights. The Plaintiff was never the Chairman of the Board of Directors, nor a Director of RMST/RMS, nor P72. Moreover, SBA and Byline guided and assisted Arturo Nicolayevsky and Eduardo Perez on completing SBA and Byline form, as per law. Hence, there were NO misrepresentations by neither Defendant nor Byline.

262.    The Defendant disputes the contents of paragraph (262) of the Complaint, and reiterates its position elaborated in paragraphs (133) and (261) above.

263.    The Defendant disputes the contents of paragraph (263) of the Complaint, and reiterates its position elaborated in paragraphs (133) and (261) above.

264.   The Defendant disputes the contents of paragraph (264) of the Complaint, and reiterates its position elaborated in paragraphs (133) and (261) above.

265.   The Defendant disputes the contents of paragraph (265) of the Complaint, and reiterates its position elaborated in paragraphs (133) and (261) above.

266.   The Defendant disputes the contents of paragraph (266) of the Complaint, and reiterates its position elaborated in paragraphs (133) and (261) above. Defendant denies awarding Treble damages to Plaintiff pursuant Fla. Stat. 772.11, as it is out of place.

267.   The Defendant disputes the contents of paragraph (267) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above. Moreover, Defendant strongly denies Plaintiff's reaffirmation that Paragraphs 1 through 205 are correct, valid and relevant.

268.   The Defendant disputes the contents of paragraph (268) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

269.   The Defendant disputes the contents of paragraph (269) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

270.   The Defendant disputes the contents of paragraph (270) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

271.   The Defendant disputes the contents of paragraph (271) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

272.   The Defendant disputes the contents of paragraph (272) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

273.   The Defendant disputes the contents of paragraph (273) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above. Defendant denies awarding Treble damages to Plaintiff pursuant Fla. Stat. 772.11, as it is out of place.

274.    The Defendant disputes the contents of paragraph (274) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above. Moreover, Defendant strongly denies Plaintiff's reaffirmation that Paragraphs 1 through 205 are correct, valid and relevant.

275.    The Defendant disputes the contents of paragraph (275) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

276.    The Defendant disputes the contents of paragraph (276) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

277.    The Defendant disputes the contents of paragraph (277) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

278.    The Defendant disputes the contents of paragraph (278) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

279.    The Defendant disputes the contents of paragraph (279) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above. Moreover, Defendant strongly denies Plaintiff's reaffirmation that Paragraphs 1 through 205 are correct, valid and relevant.

280.    The Defendant disputes the contents of paragraph (280) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

281.    The Defendant disputes the contents of paragraph (281) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

282.    The Defendant disputes the contents of paragraph (282) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

283.    The Defendant disputes the contents of paragraph (283) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

284.    The Defendant disputes the contents of paragraph (284) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

285.    The Defendant disputes the contents of paragraph (285) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

286.   The Defendant disputes the contents of paragraph (286) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

287.   The Defendant disputes the contents of paragraph (287) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

288.   The Defendant disputes the contents of paragraph (288) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above. Moreover, Defendant strongly denies Plaintiff's reaffirmation that Paragraphs 1 through 205 are correct, valid and relevant.

289.   The Defendant disputes the contents of paragraph (289) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

290.   The Defendant disputes the contents of paragraph (290) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

291.   The Defendant disputes the contents of paragraph (291) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

292.   The Defendant disputes the contents of paragraph (292) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above. Moreover, after the 2nd Closing, Plaintiff was no longer the Chairman of the Board of Directors, nor a Director of RMST/RMS, nor Premium 72; only a FINRA registered Officer of RMS, therefore Defendant had no Fiduciary relationship, nor obligations towards Plaintiff.

293.   The Defendant disputes the contents of paragraph (293) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

294.   The Defendant disputes the contents of paragraph (294) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

295.   The Defendant disputes the contents of paragraph (295) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

296.   The Defendant disputes the contents of paragraph (296) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

297.   The Defendant disputes the contents of paragraph (297) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

298.   The Defendant disputes the contents of paragraph (298) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

299.   The Defendant disputes the contents of paragraph (299) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

300.   The Defendant disputes the contents of paragraph (300) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

301.   The Defendant disputes the contents of paragraph (301) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above. Moreover, Defendant strongly denies Plaintiff's reaffirmation that Paragraphs 1 through 205 are correct, valid and relevant.

302.   The Defendant disputes the contents of paragraph (302) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

303.   The Defendant disputes the contents of paragraph (303) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

304.   The Defendant disputes the contents of paragraph (304) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

305.   The Defendant disputes the contents of paragraph (305) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above. Moreover, after the 2nd Closing, Plaintiff was no longer the Chairman of the Board of Directors, nor a Director of RMST/RMS, nor Premium 72; only a FINRA registered Officer of RMS, therefore Defendant had no Fiduciary relationship, nor obligations towards Plaintiff.

306.   The Defendant disputes the contents of paragraph (306) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

307.   The Defendant disputes the contents of paragraph (307) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

308.   The Defendant disputes the contents of paragraph (308) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

309.   The Defendant disputes the contents of paragraph (309) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

310.   The Defendant disputes the contents of paragraph (310) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

311.   The Defendant disputes the contents of paragraph (311) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

312.   The Defendant disputes the contents of paragraph (312) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

313.   The Defendant disputes the contents of paragraph (313) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

314.   The Defendant disputes the contents of paragraph (314) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

315.   The Defendant disputes the contents of paragraph (315) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above. Moreover, Defendant strongly denies Plaintiff's reaffirmation that Paragraphs 1 through 205 are correct, valid and relevant.

316.   The Defendant disputes the contents of paragraph (316) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

317.   The Defendant disputes the contents of paragraph (317) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

318.   The Defendant disputes the contents of paragraph (318) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

319.   The Defendant disputes the contents of paragraph (319) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

320.    The Defendant disputes the contents of paragraph (320) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

321.    The Defendant disputes the contents of paragraph (321) of the Complaint, and reiterates its position elaborated in paragraphs (31) and (133) above.

322.    The Defendant disputes the contents of paragraph (322) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above. Moreover, Defendant strongly denies Plaintiff's reaffirmation that Paragraphs 1 through 205 are correct, valid and relevant.

323.    The Defendant disputes the contents of paragraph (323) of the Complaint, and reiterates its position elaborated in paragraphs (14) above.

324.    The Defendant disputes the contents of paragraph (324) of the Complaint, and reiterates its position elaborated in paragraphs (14) above.

325.    The Defendant disputes the contents of paragraph (325) of the Complaint, and reiterates its position elaborated in paragraphs (14) above.

326.    The Defendant disputes the contents of paragraph (326) of the Complaint, and reiterates its position elaborated in paragraphs (14) above.

327.    The Defendant disputes the contents of paragraph (327) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above. Moreover, Defendant strongly denies Plaintiff's reaffirmation that Paragraphs 1 through 205 are correct, valid and relevant.

328.    The Defendant disputes the contents of paragraph (328) of the Complaint, and reiterates its position elaborated in paragraphs (14) above.

329.    The Defendant disputes the contents of paragraph (329) of the Complaint, and reiterates its position elaborated in paragraphs (14) above.

330.    The Defendant disputes the contents of paragraph (330) of the Complaint, and reiterates its position elaborated in paragraphs (14) above.

331.   The Defendant disputes the contents of paragraph (331) of the Complaint, and reiterates its position elaborated in paragraphs (14) above.

332.   The Defendant disputes the contents of paragraph (332) of the Complaint, and reiterates its position elaborated in paragraphs (13) and (14) above. Moreover, Defendant strongly denies Plaintiff's reaffirmation that Paragraphs 1 through 205 are correct, valid and relevant.

333.   The Defendant disputes the contents of paragraph (333) of the Complaint, and reiterates its position elaborated in paragraphs (14) above.

334.   The Defendant disputes the contents of paragraph (334) of the Complaint, and reiterates its position elaborated in paragraphs (14) above.

335.   The Defendant disputes the contents of paragraph (335) of the Complaint, and reiterates its position elaborated in paragraphs (14) above.

336.   The Defendant disputes the contents of paragraph (336) of the Complaint, and reiterates its position elaborated in paragraphs (14) above.

337.   The Defendant disputes the contents of paragraph (337) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above. Moreover, Defendant strongly denies Plaintiff's reaffirmation that Paragraphs 1 through 205 are correct, valid and relevant.

338.   The Defendant disputes the contents of paragraph (338) of the Complaint, and reiterates its position elaborated in paragraphs (14) above.

339.   The Defendant disputes the contents of paragraph (339) of the Complaint, and reiterates its position elaborated in paragraphs (14) above.

340.   The Defendant disputes the contents of paragraph (340) of the Complaint, and reiterates its position elaborated in paragraphs (14) above.

341.   The Defendant disputes the contents of paragraph (341) of the Complaint, and reiterates its position elaborated in paragraphs (14) above.

342.    The Defendant disputes the contents of paragraph (342) of the Complaint, and reiterates its position elaborated in paragraphs (14) above. Moreover, Defendant strongly denies Plaintiff's reaffirmation that Paragraphs 1 through 205 are correct, valid and relevant.

343.    The Defendant disputes the contents of paragraph (343) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

344.    The Defendant disputes the contents of paragraph (344) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

345.    The Defendant disputes the contents of paragraph (345) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

346.    The Defendant disputes the contents of paragraph (346) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

347.    The Defendant disputes the contents of paragraph (347) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above. Moreover, Defendant strongly denies Plaintiff's reaffirmation that Paragraphs 1 through 205 are correct, valid and relevant.

348.    The Defendant disputes the contents of paragraph (348) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

349.    The Defendant disputes the contents of paragraph (349) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

350.    The Defendant disputes the contents of paragraph (350) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

351.    The Defendant disputes the contents of paragraph (351) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

352.    The Defendant disputes the contents of paragraph (352) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above. Moreover, Defendant strongly denies Plaintiff's reaffirmation that Paragraphs 1 through 205 are correct, valid and relevant.

353.   The Defendant disputes the contents of paragraph (353) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

354.   The Defendant disputes the contents of paragraph (354) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

355.   The Defendant disputes the contents of paragraph (355) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

356.   The Defendant disputes the contents of paragraph (356) of the Complaint, and reiterates its position elaborated in paragraphs (14) and (149) above.

357.   The Defendant disputes the contents of paragraphs (357)-(362) of the Complaint, and reiterates its position elaborated in paragraphs (1)-(356) above. Moreover, Defendant strongly denies Plaintiff's reaffirmation that Paragraphs 1 through 205 are correct, valid and relevant. Moreover, after the 2nd Closing, Plaintiff was no longer the Chairman of the Board of Directors, nor a Director of RMST/RMS, nor Premium 72; only a FINRA registered Officer of RMS, therefore Defendant had no Fiduciary relationship, nor obligations towards Plaintiff.

358.   The Defendant disputes the contents of paragraphs (363)-(374) of the Complaint, and reiterates its position elaborated in paragraphs (1)-(356) above. Moreover, after the 2nd Closing, Plaintiff was no longer the Chairman of the Board of Directors, nor a Director of RMST/RMS, nor Premium 72; only a FINRA registered Officer of RMS, therefore Defendant had no Fiduciary relationship, nor obligations towards Plaintiff.

359.   The Defendant disputes the contents of paragraphs (375)-(377) of the Complaint, and reiterates its position elaborated in paragraphs (1)-(356) above. Moreover, after the 2nd Closing, Plaintiff was no longer the Chairman of the Board of Directors, nor a Director of RMST/RMS, nor Premium 72; only a FINRA registered Officer of RMS, therefore Defendant had no Fiduciary relationship, nor obligations towards Plaintiff.

**PRAYER(S):**

1. In view of the above, it is humbly requested before this honorable Court that the Court dismisses the contents of the Plaintiff's Complaint for failing to prove or provide any evidence in support of its baseless and wrong assertions.

2. Any other relief, which this honorable Court deems fit and proper, may also be granted to Defendant.

Respectfully Submitted By:

/s/ Arturo Nicolayevsky
Arturo Nicolayevsky
121 N Post Oak Ln., # 705
Houston, TX 77024
arturon26@hotmail.com
(281) 591-7777

**Place: Houston, Texas**

**Date: February 20, 2023**



ORIGIN ID:NQIA        (281) 591-7777
ARTURO NICOLAYEVSKY

121 N. POST OAK LANE
SUITE 705
HOUSTON, TX 77024
UNITED STATES US

SHIP DATE: 20FEB23
ACTWGT: 1.00 LB
CAD: 8954530/INET4580

BILL SENDER

TO  CLERKS OFFICE, ROOM 202
US DISTRICT COURT FOR SOUTHERN FL
701 CLEMATIS STREET

WEST PALM BEACH FL 33401
(561) 803-3400        REF:
INV:
PO:                   DEPT:



FedEx
Express

**E**

TUE - 21 FEB 10:30A
PRIORITY OVERNIGHT

TRK#   **7713 5616 4338**
0201

33401
XG PBIA        FL-US    PBI



Extremely Urgent