## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

ARTURO NICOLAYEVSKY

    **Plaintiff/Cross-Complainants,**

**v.**

GARY L. STARK,
ELLEN ADLER,
STACEY STARK,

    **Defendants.**

Civil Case No. 9:21-CV-81995-AMC

FILED BY NW _____ D.C.

FEB 2 4 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

---

### MOTION TO CORRECT STYLE OF CASE,

### AS PER DE-169 AND DE-179 AND THEIR RESPECTIVE HEADERS

In an effort to be correct and precise your Honor, Judge Aileen M. Cannon, Defendant would

like to make the following corrections:  in regard to who Plaintiff/Cross-Complainants and

Defendants are, after Arturo Nicolayevsky filed DE-170, the Counterclaim v. Gary L  Stark,

Ellen Adler and Stacey Stark (collectively "the Starks"). Please see Appendix I for

corrections in DE-169 and please see Appendix II for corrections in DE-179

Respectfully Submitted By:

/s/ Arturo Nicolayevsky
Arturo Nicolayevsky
121 N Post Oak Ln., # 705
Houston, TX 77024
arturon26@hotmail.com
(281) 591-7777

Place: Houston, Texas
Date: February 21, 2023

# APPENDIX I – D-169

## Civil Case No. 9:21-CV-81995-AMC

| FILED | CORRECTED |
|---|---|
| RMST HOLDING COMPANY, INC.,<br>a Florida S Corporation,<br>R.M. STARK & CO, INC.,<br>a Florida S Corporation, and<br>GARY L. STARK, individually,<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>PREMIUM 72 CAPITAL, LLC,<br>a Texas limited liability company;<br>PREMIUM 72 INTERNATIONAL, LLC,<br>a Nevada limited liability company;<br>AYNBET INVESTMENTS, LLC,<br>a Texas limited liability company;<br>ARTURO NICOLAYEVSKY, individually;<br>EDUARDO PEREZ, individually;<br>ZAHAV ASSET MANAGEMENT, LLC,<br>a New York limited liability company;<br>KINGDOM LOGISTICS, LLC,<br>a Texas limited Liability company;<br>PROMPT CAPTIAL FUNDING, LLC,<br>a New York limited liability company;<br>PINNACLE BUSINESS FUNDING, LLC,<br>a New York limited liability company;<br>MONEY STORE FUNDING,<br>a New York limited liability company;<br>BITTY ADVANCE 2, LLC,<br>a Wyoming limited liability company; and<br>BYLINE BANK, an Illinois Bank,<br><br>**Defendants.** | ARTURO NICOLAYEVSKY<br><br>**Plaintiff/Cross-Complainants,**<br><br>**vs.**<br><br>GARY L. STARK,<br>ELLEN ADLER,<br>STACEY STARK.<br><br>**Defendants.** |

## APPENDIX II – D-179

### Civil Case No. 9:21-CV-81995-AMC

| FILED | CORRECTED |
|---|---|
| RMST HOLDING COMPANY, INC., a Florida S Corporation, R.M. STARK & CO, INC., a Florida S Corporation, and GARY L. STARK, individually, | ARTURO NICOLAYEVSKY |
| **Plaintiffs,** | **Plaintiff/Cross-Complainants,** |
| **vs.** | **vs.** |
| PREMIUM 72 CAPITAL, LLC, a Texas limited liability company; PREMIUM 72 INTERNATIONAL, LLC, a Nevada limited liability company; AYNBET INVESTMENTS, LLC, a Texas limited liability company; ARTURO NICOLAYEVSKY, individually; EDUARDO PEREZ, individually; ZAHAV ASSET MANAGEMENT, LLC, a New York limited liability company; KINGDOM LOGISTICS, LLC, a Texas limited Liability company; PROMPT CAPTIAL FUNDING, LLC, a New York limited liability company; PINNACLE BUSINESS FUNDING, LLC, a New York limited liability company; MONEY STORE FUNDING, a New York limited liability company; BITTY ADVANCE 2, LLC, a Wyoming limited liability company; and BYLINE BANK, an Illinois Bank, | GARY L. STARK, ELLEN ADLER, STACEY STARK.  **Defendants.** |
| **Defendants.** | |

| TITLE | CORRECTED TITLE |
|---|---|
| **DEFENDANT, ARTURO NICOLAYEVSKY'S, <u>FIRST</u> REQUESTS FOR PRODUCTION** | **DEFENDANT, ARTURO NICOLAYEVSKY'S, <u>SECOND</u> REQUESTS FOR PRODUCTION** |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ARTURO NICOLAYEVSKY | Civil Case No. 9:21-CV-81995-AMC |
| **Plaintiff/Cross-Complainants,** | |
| **v.** | |
| GARY STARK, | |
| ELLEN ADLER, | |
| STACEY STARK. | |
| **Defendants.** | |

## DEFENDANT, ARTURO NICOLAYEVSKY'S,
## <u>THIRD</u> REQUESTS FOR PRODUCTION

REQUESTING PARTY   :   Arturo Nicolayevsky

SET NUMBER           :   One

RESPONDING PARTY :   RMST HOLDING COMPANY, INC., a Florida S Corporation,
R.M. STARK & CO, INC., a Florida S Corporation, and
GARY L. STARK, Individually.

The foregoing statements, documents, books, and records are requested for the purpose of evaluating the value of Shareholders-Directors' and ownership of RMST, as a sole shareholder of RMS; as currently reported in www.Sunbiz.org and IRS  The foregoing statements, documents, books, and records are likewise requested to assist Shareholders to make educated business decisions based on the past and present financial performance of RMS.

**Pursuant to a) Florida State Statute Laws: § 607.1602 (Inspections of Records by Shareholders); § 607.1604 (Court order Inspection); § 607.1605 (Inspection rights of Directors; § 607.1620 (Financial Statements for Shareholder); and b) <u>RMST's Bylaws,</u>**

**Article VI;, Shareholders demand Gary Stark, etc. to produce the following RMS' and RMST's documents, books, reports, statements, and records.**

## I.      INSTRUCTIONS

1.1   Electronically stored information shall be produced in the Portable Document Format (PDF/A) files.

1.2   Plaintiff believes that none of the documents Plaintiff is requesting are attorney-client privileged; but mostly account statements, monthly financial reports, documents filed with FINRA, SEC and IRS, etc. Nevertheless, if Defendants object to the production of any document on the grounds of the attorney-client privilege or work product doctrine or any other privilege or doctrine, Defendants shall, on the date responses are due, provide a privilege log that includes the following information for each document:

(a) The names of each writer, sender, or initiator of each copy of the document;

(b) The names of each recipient, addressee, or party to whom the document was sent or who received the document;

(c) The date of each copy of the document, or an estimate of its date;

(d) A non-privileged description of the contents of the document; and

(e) The relevant privilege or doctrine and a statement of the basis for the claim.

## II.     DEFINITIONS

2.1   "DOCUMENT" has the same meaning as the definition of "writing" in California Evidence Code Section 250 and includes all written and graphic matter, however, produced or reproduced, of any kind or description, whether sent or received or neither, including originals, non-identical copies, and drafts, and both sides thereof, including letters, correspondence, memoranda, email, texts, tweets, posts, messages in any digital or electronic format, contracts, photographs, diaries, journals, calendars, logs, notebooks, computer files

stored by any means, computer printouts, and includes all DOCUMENTS in your possession, custody, or control that may be stored in or accessible through any cloud-based service.

2.2   "PERSON" means any natural person, entity, firm, corporation, partnership, association, joint venture, or other forms of business organization or arrangement, and/or government or government agency.

2.3   "COMMUNICATION" means any exchange or conversation and includes, by example, those transmitted written letters, memorandum, emails, or documents of any kind transmitted from one PERSON to another, by telephone, voicemail, text message, chat, or any other medium, or in person.

2.4   "You" and "Your" mean RMST HOLDING COMPANY, INC., a Florida S Corporation, R.M. STARK & CO, INC., a Florida S Corporation, and GARY L. STARK, Individually.

2.5   The terms "any" and "all" mean "any and all."

2.6   The singular of any term includes the plural and the plural includes the singular.

2.7   The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the document request inclusive, rather than exclusive.

2.8   The use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring documents within the scope of the request.


### III.   REQUESTS FOR PRODUCTION:

**1. BANKING AND CREDIT CARD STATEMENTS:**

    a.  Credit Cards Statements **(each month)** for 2021, 2022, 2023 (Jan, Feb).

    b.  Bank Statements **(each month)** for 2021, 2022, 2023 (Jan, Feb).

**2. TAX RETURNS**

    a.  Complete RMST/RMS Tax Returns  for 2021, 2022

### 3. PAYROLL

    a.  Payroll Bimonthly Reports **(each month)** for 2021, 2022, 2023 (Jan, Feb).

    b.  Payroll Forms 940 and 941 **(each month)** for 2021, 2022.

### 4. PERSHING ACCOUNT STATEMENTS

    a.  2019, 2020, 2021, 2022, 2023 (Jan, Feb) **Monthly** Clearing Expenses Reports itemized by month/rep **(each month).**

    b.  2021, 2022, 2023 (Jan, Feb) **Monthly** Account statements for the following Pershing accounts **(each month):**

| | | | | |
|---|---|---|---|---|
| 79Z-997375 | Q1M-100004 | 51Y-890315 | 51Y-891008 | 51Y-897765 |
| Q1M-890323 | Q1M-890687 | 51Y-890323 | 51Y-891024 | 51Y-898003 |
| Q1M-898003 | 7N8-890314 | 51Y-890331 | 51Y-891065 | 78Y-890318 |
| TRB-100030 | 7N8-890322 | 51Y-890349 | 51Y-891099 | 78Y-890680 |
| TRB-890317 | 7N8-890686 | 51Y-890901 | 51Y-896668 | NRM-890311 |
| NRM-890683 | NRM-898009 | Q1M-890315 | Q1P-890312 | Q1P-890320 |
| Q1P-890684 | Q1P-898000 | 51Y-890687 | | |

### 5. SEC AUDITS REPORTS

    a.  SEC Audits Reports for 2021, 2022.

    b.  All supportive documentation sent by RMS, FINOP, Ellen Adler, Stacey Stark, Renaissance, and/or Rob Dunleavy (CPA) to SEC Auditors for their production of annual SEC Reports for 2019, 2020, 2021, and 2022.

### 6. RENAISSANCE REPORTS

    a.  Balance Sheet - Reports for **(each month)** for 2021, 2022, 2023 (Jan, Feb)

    b.  Income Statement - Reports for **(each month)** for 2021, 2022, 2023 (Jan, Feb)

    c.  Net Capital Report - Reports for **(each month)** for 2021, 2022, 2023 (Jan, Feb)

    d.  Focus Reports – Reports for **(each month)** for 2021, 2022, 2023 (Jan, Feb)

    e.  General Ledger - Reports for **(each month)** for 2021, 2022, 2023 (Jan, Feb)

    f.  Trial Balance - Reports for **(each month)** for 2021, 2022, 2023 (Jan, Feb)

    g.  09/30 - Annual Balance Sheet Reports for 2019, 2020, 2021, 2022

  h. 12/31 - Annual Balance Sheet Reports for 2019, 2020, 2021, 2022

  i. 09/30 - Annual Income Statement Reports for 2019, 2020, 2021, 2022.

  j. 12/31 - Annual Income Statement Reports for 2019, 2020, 2021, 2022.

  k. Uncashed Checks List - Report for 2019, 2020, 2021, 2022, 2023 (Jan, Feb)

7. **FINOP**

  a. All supportive documentation sent by RMS, FINOP, Ellen Adler and/or Stacey Stark to Renaissance for their production of Monthly Financial, FOCUS, Net Capital Reports for 2019, 2020, 2021, 2022, and 2023 (Jan, Feb)

  b. Detailed supporting documentation for Accrued Expenses (as shown in Liabilities in Balance Sheet) for each month for 2019, 2020, 2021, 2022, 2023 (Jan, Feb)

8. **FINRA**

  a. All documents showing payments by RMS of RR's FINRA licenses fees, and repayments by the RRs back to RMS (itemized) for 2019, 2020, 2021, 2022, and 2023 (Jan, Feb)

9. **FEES COLLECTED FROM REGISTERED REPS.**

  a. Copies of all fee management agreements of RMS for 2019, 2020, 2021, 2022, 2023 (Jan, Feb).

  b. All Reconciliation Reports showing RMS collections of Registered Reps' reimbursement of all agreed charges, option charges, E&O Insurance charges, etc. as revenue or Reimbursement Fees to RMS, as defined on each Registered Rep's Employment Agreement for 2019, 2020, 2021, and 2022, 2023 (Jan, Feb).

10. **LITIGATION EXPENSES**

  a. **O'Grady Litigation Case** - All documents used to record O'Grady Litigation Expenses, Miscellaneous Expenses, FINRA fees and/or Finance Fees for 2019, 2020, 2021, 2022, 2023 (Jan, Feb).

  b. **Starks v. AN Litigation Case** - All documents used to record Starks v. AN Litigation Expenses, Miscellaneous Expenses, FINRA fees and/or Finance Fees for 2020, 2021, 2022, 2023 (Jan, Feb).

11. **STARK FINANCIAL ADVISORS ("SFA")**

  a. All documents showing all transfers between RMS to SFA for 2019, 2020, 2021, 2022, and 2023.

## 12. SUPPORTIVE DOCUMENTS FOR CLAIMS LISTED IN DE-117

a. All supportive documentation and evidence documentations for claims listed in Plaintiff's Third Amended Complaint DE-117, including:

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| a. | 61. f, g, i, j, q, v, x | b. | 62 | c. | 63 | d. | 66 | e. | 70 |
| f. | 74 | g. | 75 | h. | 92 | i. | 119 | j. | 142 |
| k. | 155 | l. | 166 | m. | 169 | n. | 173 | o. | 177 |
| p. | 182 | q. | 196 | r. | 204 | s. | 209 | t. | 244 |
| u. | 256 | v. | 257 | w. | 276 | x. | 278.A | y. | 284 |
| z. | 287.A | aa. | 363 | bb. | 367 | | | | |

b. Around 03/2021, Plaintiff's CPA informed Gary Stark, Arturo Nicolayevsky and Eduardo Perez, that the correct buyer of RMST in 2020, were Arturo Nicolayevsky and Eduardo Perez, as individuals and they were each individual Shareholders of RMST, and not OPC nor P72[1].

c. Defendant requests from Plaintiff to produce for Premium 72 Capital, LLC, OPC Advisors, LLC, AynBet Investments, and all MCA Lenders[2] All documents related, evidence documentation, proof of Plaintiff's right and authority to include as Defendants in Lawsuit and proof of all contractual documentations, agreements that tie the above legal entities, and their relationship with RMST, RMS and/or Gary Stark AFTER 03/2021, when Plaintiff found out the correct RMST' Buyer.

Respectfully Submitted By:

/s/ Arturo Nicolayevsky
Arturo Nicolayevsky
121 N Post Oak Ln., # 705
Houston, TX 77024
arturon26@hotmail.com
(281) 591-7777

**Place: Houston, Texas**
**Date: February 21, 2023**

---

[1] 2020 RMST's Tax Return was filed by Plaintiff's CPA, and included Gary Stark (and his partners), Arturo Nicolayevsky and Eduardo Perez, as Shareholders of RMST, and each person received a K-1, nowhere in the Tax Returns were the names OPC or P72 or AynBet mentioned or included. 2021 RMST's Tax Return was filed by Plaintiff's CPA, and only included Arturo Nicolayevsky and Eduardo Perez, as Shareholders of RMST, each one person received a K-1, nowhere in the Tax Returns were the names OPC or P72 or AynBet mentioned or included. Therefore, since Plaintiff and his counsel knew all the above, why did they include Premium 72 Capital, LLC, OPC Advisors, LLC, AynBet Investments, and all MCA Lenders (Zahav Asset Management, LLC, Kingdom Logistics, LLC, Prompt Capital Funding, LLC, Pinnacle Business Funding, LLC, Money Store Funding, Bitty Advance 2, LLC, NFG Advance, LLC) in Lawsuit Case No. 9:21-cv 81995-AMC.

[2] Zahav Asset Management, LLC, Kingdom Logistics, LLC, Prompt Capital Funding, LLC, Pinnacle Business Funding, LLC, Money Store Funding, Bitty Advance 2, LLC, NFG Advance, LLC,

| | |
|---|---|
| **From:** | cmecfautosender@flsd.uscourts.gov |
| **To:** | flsd_cmecf_notice@flsd.uscourts.gov |
| **Subject:** | Activity in Case 9:21-cv-81995-AMC RMST Holding Company, Inc. et al v. Premium 72 Capital, LLC et al Notice of Filing Discovery |
| **Date:** | Tuesday, February 21, 2023 9:33:01 AM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Southern District of Florida

### Notice of Electronic Filing

The following transaction was entered on 2/21/2023 at 10:31 AM EST and filed on 2/21/2023
**Case Name:**        RMST Holding Company, Inc. et al v. Premium 72 Capital, LLC et al
**Case Number:**     9:21-cv-81995-AMC
**Filer:**                 Arturo Nicolayevsky
**Document Number:** 179

**Docket Text:**
**NOTICE of Filing Discovery: Defendant, Arturo Nicolayevsky's First Requests For Production by Arturo Nicolayevsky.(pcs)**

**9:21-cv-81995-AMC Notice has been electronically mailed to:**

Arturo Nicolayevsky      arturo@premium72.com

Daniel Lee Buchholz    daniel.buchholz@hklaw.com

Eduardo Perez     eduardo@premium72.com

Jason Henry Baruch     jason.baruch@hklaw.com, hapi@hklaw.com, wendysue.henry@hklaw.com

Leanne B. Wagner     twolosh@fwblaw.net

Richard A. D'Amura     rdamura@dz-pllc.com, jedwards@dz-pllc.com, lzaidman@dz-pllc.com

Richard T. Lobas     rlobas@dz-pllc.com

**9:21-cv-81995-AMC Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1-888-318-2260.:**

Aynbet Investments, LLC
121 N. Post Oak Lane
Unit 705
Houston, TX 77024

Premium 72 Capital, LLC
121 N. Post Oak Lane
Unit 705
Houston, TX 77024

Premium 72 International, LLC
121 N. Post Oak Lane
Unit 705
Houston, TX 77024

Joel Martin McTague
Frank Weinberg Black PL
7805 SW 6th Court
Plantation, FL 33324

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1105629215 [Date=2/21/2023] [FileNumber=23013770-0] [86e5806278916290f9646147aa7e49c8c5c3eaf727c16a2098981bf850a9dc1c6b571e5a75c7e1db1c6997b16e74603d1d48d0895013cc9eb7dd4c3be6270258]]

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| RMST HOLDING COMPANY, INC., a Florida S Corporation, R.M. STARK & CO, INC., a Florida S Corporation, and GARY L. STARK, individually, | Civil Case No. 9:21-CV-81995-AMC |
| **Plaintiffs,** | |
| vs. | |
| PREMIUM 72 CAPITAL, LLC, a Texas limited liability company; PREMIUM 72 INTERNATIONAL, LLC, a Nevada limited liability company; AYNBET INVESTMENTS, LLC, a Texas limited liability company; ARTURO NICOLAYEVSKY, individually; EDUARDO PEREZ, individually; ZAHAV ASSET MANAGEMENT, LLC, a New York limited liability company; KINGDOM LOGISTICS, LLC, a Texas limited Liability company; PROMPT CAPTIAL FUNDING, LLC, a New York limited liability company; PINNACLE BUSINESS FUNDING, LLC, a New York limited liability company; MONEY STORE FUNDING, a New York limited liability company; BITTY ADVANCE 2, LLC, a Wyoming limited liability company; and BYLINE BANK, an Illinois Bank, |  FILED BY ___ D.C.<br><br>FEB 2 1 2023<br><br>ANGELA E. NOBLE<br>CLERK U.S. DIST. CT.<br>S.D. OF FLA. – W.P.B. |
| **Defendants.** | |

**DEFENDANT, ARTURO NICOLAYEVSKY'S,
FIRST REQUESTS FOR PRODUCTION**

REQUESTING PARTY    :   Arturo Nicolayevsky

SET NUMBER             :   One

RESPONDING PARTY :   RMST HOLDING COMPANY, INC., a Florida S Corporation,
R.M. STARK & CO, INC., a Florida S Corporation, and
GARY L. STARK, Individually.

The foregoing statements, documents, books, and records are requested for the purpose of

evaluating the value of Shareholders-Directors' and ownership of RMST, as a sole shareholder of

1

b"h

RMS; as currently reported in www.Sunbiz.org and IRS  The foregoing statements, documents, books, and records are likewise requested to assist Shareholders to make educated business decisions based on the past and present financial performance of RMS.

I.    Pursuant to a) Florida State Statute Laws: § 607.1602 (Inspections of Records by Shareholders); § 607.1604 (Court order Inspection); § 607.1605 (Inspection rights of Directors; § 607.1620 (Financial Statements for Shareholder); and b) RMST's Bylaws, Article VI;, Shareholders demand Gary Stark, etc. to produce the following RMS' and RMST's documents, books, reports, statements, and records.

II.    INSTRUCTIONS

2.1    Electronically stored information shall be produced in the Portable Document Format (PDF/A) files.

2.2    Plaintiff believes that none of the documents Plaintiff is requesting are attorney-client privileged; but mostly account statements, monthly financial reports, documents filed with FINRA, SEC and IRS, etc. Nevertheless, if Defendants object to the production of any document on the grounds of the attorney-client privilege or work product doctrine or any other privilege or doctrine, Defendants shall, on the date responses are due, provide a privilege log that includes the following information for each document:

(a) The names of each writer, sender, or initiator of each copy of the document;

(b) The names of each recipient, addressee, or party to whom the document was sent or who received the document;

(c) The date of each copy of the document, or an estimate of its date;

(d) A non-privileged description of the contents of the document; and

(e) The relevant privilege or doctrine and a statement of the basis for the claim.

## III.   DEFINITIONS

3.1   "DOCUMENT" has the same meaning as the definition of "writing" in California Evidence Code Section 250 and includes all written and graphic matter, however, produced or reproduced, of any kind or description, whether sent or received or neither, including originals, non-identical copies, and drafts, and both sides thereof, including letters, correspondence, memoranda, email, texts, tweets, posts, messages in any digital or electronic format, contracts, photographs, diaries, journals, calendars, logs, notebooks, computer files stored by any means, computer printouts, and includes all DOCUMENTS in your possession, custody, or control that may be stored in or accessible through any cloud-based service.

3.2   "PERSON" means any natural person, entity, firm, corporation, partnership, association, joint venture, or other forms of business organization or arrangement, and/or government or government agency.

3.3   "COMMUNICATION" means any exchange or conversation and includes, by example, those transmitted written letters, memorandum, emails, or documents of any kind transmitted from one PERSON to another, by telephone, voicemail, text message, chat, or any other medium, or in person.

3.4   "You" and "Your" mean RMST HOLDING COMPANY, INC., a Florida S Corporation, R.M. STARK & CO, INC., a Florida S Corporation, and GARY L. STARK, Individually.

3.5   The terms "any" and "all" mean "any and all."

3.6   The singular of any term includes the plural and the plural includes the singular.

3.7   The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the document request inclusive, rather than exclusive.

3.8   The use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring documents within the scope of the request.

**IV.   REQUESTS**

## REQUEST FOR PRODUCTION NO. 1:

**BANKING STATEMENTS including:**

    a.  Credit Cards Statements **(each month)** for 2021, 2022, 2023 (Jan, Feb).

    b.  Bank Statements **(each month)** for 2021, 2022, 2023 (Jan, Feb).

## REQUEST FOR PRODUCTION NO. 2:

**TAX RETURNS** FOR RMS/RMST **(Complete)** for 2021, 2022

## REQUEST FOR PRODUCTION NO. 3:

**PAYROLL**

    a.  Payroll Bimonthly Reports **(each month)** for 2021, 2022, 2023 (Jan, Feb).

    b.  Payroll Forms 940 and 941 **(each month)** for 2021, 2022.

## REQUEST FOR PRODUCTION NO. 4:

**PERSHING ACCOUNT STATEMENTS**

    a.  2019, 2020, 2021, 2022, 2023 (Jan, Feb) **Monthly** Clearing Expenses Reports itemized by month/rep **(each month).**

    b.  2021, 2022, 2023 (Jan, Feb) **Monthly** Account statements for the following Pershing accounts **(each month):**

| | | | | |
|---|---|---|---|---|
| 79Z-997375 | Q1M-100004 | 51Y-890315 | 51Y-891008 | 51Y-897765 |
| Q1M-890323 | Q1M-890687 | 51Y-890323 | 51Y-891024 | 51Y-898003 |
| Q1M-898003 | 7N8-890314 | 51Y-890331 | 51Y-891065 | 78Y-890318 |
| TRB-100030 | 7N8-890322 | 51Y-890349 | 51Y-891099 | 78Y-890680 |
| TRB-890317 | 7N8-890686 | 51Y-890901 | 51Y-896668 | NRM-890311 |
| NRM-890683 | NRM-898009 | Q1M-890315 | Q1P-890312 | Q1P-890320 |
| Q1P-890684 | Q1P-898000 | 51Y-890687 | | |

## REQUEST FOR PRODUCTION NO. 5:

**SEC AUDITS REPORTS**

    a.  SEC Audits Reports for 2021, 2022.

    b.  All supportive documentation sent by RMS, FINOP, Ellen Adler, Stacey Stark, Renaissance, and/or Rob Dunleavy (CPA) to SEC Auditors for their production of annual SEC Reports for 2019, 2020, 2021, and 2022.



**REQUEST FOR PRODUCTION NO. 6:**

**RENAISSANCE REPORTS**

    a. Balance Sheet - Reports for **(each month)** for 2021, 2022, 2023 (Jan, Feb)
    b. Income Statement - Reports for **(each month)** for 2021, 2022, 2023 (Jan, Feb)
    c. Net Capital Report - Reports for **(each month)** for 2021, 2022, 2023 (Jan, Feb)
    d. Focus Reports – Reports for **(each month)** for 2021, 2022, 2023 (Jan, Feb)
    e. General Ledger - Reports for **(each month)** for 2021, 2022, 2023 (Jan, Feb)
    f. Trial Balance - Reports for **(each month)** for 2021, 2022, 2023 (Jan, Feb)
    g. 09/30 - Annual Balance Sheet Reports for 2019, 2020, 2021, 2022
    h. 12/31 - Annual Balance Sheet Reports for 2019, 2020, 2021, 2022
    i. 09/30 - Annual Income Statement Reports for 2019, 2020, 2021, 2022.
    j. 12/31 - Annual Income Statement Reports for 2019, 2020, 2021, 2022.
    k. Uncashed Checks List - Report for 2019, 2020, 2021, 2022, 2023 (Jan, Feb)

**REQUEST FOR PRODUCTION NO. 7:**

**FINOP**

    a. All supportive documentation sent by RMS, FINOP, Ellen Adler and/or Stacey Stark to Renaissance for their production of Monthly Financial, FOCUS, Net Capital Reports for 2019, 2020, 2021, 2022, and 2023 (Jan, Feb)

    b. Detailed supporting documentation for Accrued Expenses (as shown in Liabilities in Balance Sheet) for each month for 2019, 2020, 2021, 2022, 2023 (Jan, Feb)

**REQUEST FOR PRODUCTION NO. 8:**

**FINRA**

    a. All documents showing payments by RMS of RR's FINRA licenses fees, and repayments by the RRs back to RMS (itemized) for 2019, 2020, 2021, 2022, and 2023 (Jan, Feb)

**REQUEST FOR PRODUCTION NO.9:**

**FEES COLLECTED FROM REGISTERED REPS.**

    a. Copies of all fee management agreements of RMS for 2019, 2020, 2021, 2022, 2023 (Jan, Feb).

    b. All Reconciliation Reports showing RMS collections of Registered Reps' reimbursement of all agreed charges, option charges, E&O Insurance charges, etc. as revenue or Reimbursement Fees to RMS, as defined on each Registered Rep's Employment Agreement for 2019, 2020, 2021, and 2022, 2023 (Jan, Feb).

**REQUEST FOR PRODUCTION NO. 10:**

### LITIGATION EXPENSES REPORTS

    a. **O'Grady Litigation Case** - All documents used to record O'Grady Litigation Expenses, Miscellaneous Expenses, FINRA fees and/or Finance Fees for 2019, 2020, 2021, 2022, 2023 (Jan, Feb).

    b. **Starks v. AN Litigation Case** - All documents used to record Starks v. AN Litigation Expenses, Miscellaneous Expenses, FINRA fees and/or Finance Fees for 2020, 2021, 2022, 2023 (Jan, Feb).

**REQUEST FOR PRODUCTION NO. 11:**

### STARK FINANCIAL ADVISORS ("SFA")

    a. All documents showing all transfers between RMS to SFA for 2019, 2020, 2021, 2022, and 2023.

**REQUEST FOR PRODUCTION NO. 12:**

### DOCKET DOCUMENT [117]

a. All supportive documentation and evidence documentations for claims listed in Plaintiff's Third Amended Complaint DE-117, including:

| | | | | |
|---|---|---|---|---|
| a. 61. f, g, i, j, q, v, x | b. 62 | c. 63 | d. 66 | e. 70 |
| f. 74 | g. 75 | h. 92 | i. 119 | j. 142 |
| k. 155 | l. 166 | m. 169 | n. 173 | o. 177 |
| p. 182 | q. 196 | r. 204 | s. 209 | t. 244 |
| u. 256 | v. 257 | w. 276 | x. 278.A | y. 284 |
| z. 287.A | aa. 363 | bb. 367 | | |

b. Around 03/2021, Plaintiff's CPA informed Gary Stark, Arturo Nicolayevsky and Eduardo Perez, that the correct buyer of RMST in 2020, were Arturo Nicolayevsky and Eduardo Perez, as individuals and they were each individual Shareholders of RMST, and not OPC nor P72[1].

c. Defendant requests from Plaintiff to produce for Premium 72 Capital, LLC, OPC Advisors, LLC, AynBet Investments, and all MCA Lenders[2] All documents related, evidence

---

[1] 2020 RMST's Tax Return was filed by Plaintiff's CPA, and included Gary Stark (and his partners), Arturo Nicolayevsky and Eduardo Perez, as Shareholders of RMST, and each person received a K-1, nowhere in the Tax Returns were the names OPC or P72 or AynBet mentioned or included. 2021 RMST's Tax Return was filed by Plaintiff's CPA, and only included Arturo Nicolayevsky and Eduardo Perez, as Shareholders of RMST, each one person received a K-1, nowhere in the Tax Returns were the names OPC or P72 or AynBet mentioned or included. Therefore, since Plaintiff and his counsel knew all the above, why did they include Premium 72 Capital, LLC, OPC Advisors, LLC, AynBet Investments, and all MCA Lenders (Zahav Asset Management, LLC, Kingdom Logistics, LLC, Prompt Capital Funding, LLC, Pinnacle Business Funding, LLC, Money Store Funding, Bitty Advance 2, LLC, NFG Advance, LLC) in Lawsuit Case No. 9:21-cv 81995-AMC.

[2] Zahav Asset Management, LLC, Kingdom Logistics, LLC, Prompt Capital Funding, LLC, Pinnacle Business Funding, LLC, Money Store Funding, Bitty Advance 2, LLC, NFG Advance, LLC,

documentation, proof of Plaintiff's right and authority to include as Defendants in Lawsuit and proof of all contractual documentations, agreements that tie the above legal entities, and their relationship with RMST, RMS and/or Gary Stark AFTER 03/2021, when Plaintiff found out the correct RMST' Buyer.

Respectfully Submitted By:
WET SIGNATURE

/s/ Arturo Nicolayevsky
Arturo Nicolayevsky
121 N Post Oak Ln., # 705
Houston, TX 77024
arturon26@hotmail.com
(281) 591-7777
Defendant, *Pro Se*

**Place: Houston, Texas**
**Date: February 20, 2023**



ORIGIN ID:NQIA    (281) 591-7777
ARTURO NICOLAYEVSKY

121 N. POST OAK LANE
SUITE 705
HOUSTON, TX 77024
UNITED STATES US

SHIP DATE: 20FEB23
ACTWGT: 1.00 LB
CAD: 6954530/INET4580

BILL SENDER

TO  CLERKS OFFICE, ROOM 202
US DISTRICT COURT FOR SOUTHERN FL
701 CLEMATIS STREET

WEST PALM BEACH FL 33401
(561) 803-3400          REF:
INV:
PO:                          DEPT:



FedEx
Express

E

TUE - 21 FEB 10:30A
PRIORITY OVERNIGHT

TRK#
0201   7713 5616 4338

33401
PBI
XG PBIA          FL-US



Extremely Urgent

| From: | cmecfautosender@flsd.uscourts.gov |
|---|---|
| To: | flsd_cmecf_notice@flsd.uscourts.gov |
| Subject: | Activity in Case 9:21-cv-81995-AMC RMST Holding Company, Inc. et al v. Premium 72 Capital, LLC et al Order on Motion for Discovery |
| Date: | Monday, February 20, 2023 6:27:06 PM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**Southern District of Florida**

**Notice of Electronic Filing**

The following transaction was entered on 2/20/2023 at 7:25 PM EST and filed on 2/20/2023
**Case Name:**      RMST Holding Company, Inc. et al v. Premium 72 Capital, LLC et al
**Case Number:**    9:21-cv-81995-AMC
**Filer:**
**Document Number:** 176(No document attached)

**Docket Text:**
**PAPERLESS ORDER denying [169] Defendant Nicolayevsky's First Requests for Production. Local Rule 26.1(b) prohibits parties from filing certain discovery materials, including requests for production. *See* S.D. Fla. L.R. 26.1(b). Accordingly, the request for production specified in this Order is denied. Signed by Judge Aileen M. Cannon on 2/20/2023. (kts)**

**9:21-cv-81995-AMC Notice has been electronically mailed to:**

Arturo Nicolayevsky      arturo@premium72.com

Daniel Lee Buchholz      daniel.buchholz@hklaw.com

Eduardo Perez     eduardo@premium72.com

Jason Henry Baruch     jason.baruch@hklaw.com, hapi@hklaw.com, wendysue.henry@hklaw.com

Leanne B. Wagner     twolosh@fwblaw.net

Richard A. D'Amura     rdamura@dz-pllc.com, jedwards@dz-pllc.com, lzaidman@dz-pllc.com

Richard T. Lobas     rlobas@dz-pllc.com

**9:21-cv-81995-AMC Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1-888-318-2260.:**

Aynbet Investments, LLC
121 N. Post Oak Lane
Unit 705
Houston, TX 77024

Premium 72 Capital, LLC
121 N. Post Oak Lane
Unit 705
Houston, TX 77024

Premium 72 International, LLC
121 N. Post Oak Lane
Unit 705
Houston, TX 77024

Joel Martin McTague
Frank Weinberg Black PL
7805 SW 6th Court
Plantation, FL 33324

| From: | cmecfautosender@flsd.uscourts.gov |
|---|---|
| To: | flsd_cmecf_notice@flsd.uscourts.gov |
| Subject: | Activity in Case 9:21-cv-81995-AMC RMST Holding Company, Inc. et al v. Premium 72 Capital, LLC et al Order on Motion for Miscellaneous Relief |
| Date: | Monday, February 20, 2023 6:22:54 PM |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**Southern District of Florida**

**Notice of Electronic Filing**

The following transaction was entered on 2/20/2023 at 7:21 PM EST and filed on 2/20/2023
**Case Name:** RMST Holding Company, Inc. et al v. Premium 72 Capital, LLC et al
**Case Number:** 9:21-cv-81995-AMC
**Filer:**
**Document Number:** 174(No document attached)

**Docket Text:**
**PAPERLESS ORDER denying without prejudice [167] Defendant Nicolayevsky's Motion to Request Permission to Send Exhibits and Discovery Electronically. Defendant Nicolayevsky's Motion does not contain a certificate of conference, as required by S.D. Fla. L.R. 7.1(a)(3). Signed by Judge Aileen M. Cannon on 2/20/2023. (kts)**

**9:21-cv-81995-AMC Notice has been electronically mailed to:**

Arturo Nicolayevsky    arturo@premium72.com

Daniel Lee Buchholz    daniel.buchholz@hklaw.com

Eduardo Perez    eduardo@premium72.com

Jason Henry Baruch    jason.baruch@hklaw.com, hapi@hklaw.com, wendysue.henry@hklaw.com

Leanne B. Wagner    twolosh@fwblaw.net

Richard A. D'Amura    rdamura@dz-pllc.com, jedwards@dz-pllc.com, lzaidman@dz-pllc.com

Richard T. Lobas    rlobas@dz-pllc.com

**9:21-cv-81995-AMC Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1-888-318-2260.:**

Aynbet Investments, LLC
121 N. Post Oak Lane
Unit 705
Houston, TX 77024

Premium 72 Capital, LLC
121 N. Post Oak Lane
Unit 705
Houston, TX 77024

Premium 72 International, LLC
121 N. Post Oak Lane
Unit 705
Houston, TX 77024

Joel Martin McTague
Frank Weinberg Black PL
7805 SW 6th Court
Plantation, FL 33324

| From: | cmecfautosender@flsd.uscourts.gov |
|---|---|
| To: | flsd_cmecf_notice@flsd.uscourts.gov |
| Subject: | Activity in Case 9:21-cv-81995-AMC RMST Holding Company, Inc. et al v. Premium 72 Capital, LLC et al Motion for Discovery |
| Date: | Friday, February 17, 2023 9:12:49 AM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Southern District of Florida

### Notice of Electronic Filing

The following transaction was entered on 2/17/2023 at 10:10 AM EST and filed on 2/17/2023

| **Case Name:** | RMST Holding Company, Inc. et al v. Premium 72 Capital, LLC et al |
|---|---|
| **Case Number:** | 9:21-cv-81995-AMC |
| **Filer:** | Arturo Nicolayevsky |
| **Document Number:** | 169 |

**Docket Text:**
**MOTION for Discovery; First Requests for Production by Arturo Nicolayevsky. Responses due by 3/3/2023. (scn)**

**9:21-cv-81995-AMC Notice has been electronically mailed to:**

Arturo Nicolayevsky     arturo@premium72.com

Daniel Lee Buchholz     daniel.buchholz@hklaw.com

Eduardo Perez     eduardo@premium72.com

Jason Henry Baruch     jason.baruch@hklaw.com, hapi@hklaw.com, wendysue.henry@hklaw.com

Leanne B. Wagner     twolosh@fwblaw.net

Richard A. D'Amura     rdamura@dz-pllc.com, jedwards@dz-pllc.com, lzaidman@dz-pllc.com

Richard T. Lobas     rlobas@dz-pllc.com

**9:21-cv-81995-AMC Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1-888-318-2260.:**

Aynbet Investments, LLC
121 N. Post Oak Lane
Unit 705
Houston, TX 77024

Premium 72 Capital, LLC
121 N. Post Oak Lane
Unit 705
Houston, TX 77024

Premium 72 International, LLC
121 N. Post Oak Lane
Unit 705
Houston, TX 77024

Joel Martin McTague
Frank Weinberg Black PL
7805 SW 6th Court
Plantation, FL 33324

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1105629215 [Date=2/17/2023] [FileNumber=23005604-0] [59ad8b1112d83c5bcd123fd26845e02debd27d9bc0e71e24c78e34fdd53623ece3018bc46357b384ec64a9a21caf841c4eee43b29c996d3e99183fdf3c39c4d1]]

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| RMST HOLDING COMPANY, INC.,<br>a Florida corporation,<br>R.M. STARK & CO, INC.,<br>a Florida corporation, and<br>GARY L. STARK, individually, | Civil Case No. 9:21-CV-81995-AMC |

**Plaintiffs,**

vs.

PREMIUM 72 CAPITAL, LLC,
a Texas limited liability company;
PREMIUM 72 INTERNATIONAL, LLC,
a Nevada limited liability company;
AYNBET INVESTMENTS, LLC,
a Texas limited liability company;
ARTURO NICOLAYEVSKY, individually;
EDUARDO PEREZ, individually;
ZAHAV ASSET MANAGEMENT, LLC,
a New York limited liability company;
KINGDOM LOGISTICS, LLC,
a Texas limited Liability company;
PROMPT CAPTIAL FUNDING, LLC,
a New York limited liability company;
PINNACLE BUSINESS FUNDING, LLC,
a New York limited liability company;
MONEY STORE FUNDING,
a New York limited liability company;
BITTY ADVANCE 2, LLC,
a Wyoming limited liability company;
and BYLINE BANK, an Illinois Bank,

> FILED BY _____ MLt _____ D.C.
>
> **FEB 17 2023**
>
> ANGELA E. NOBLE
> CLERK U.S. DIST. CT.
> S.D. OF FLA. – W.P.B.

**Defendants.**

## DEFENDANT, ARTURO NICOLAYEVSKY'S, FIRST REQUESTS FOR PRODUCTION

REQUESTING PARTY   :   Arturo Nicolayevsky

SET NUMBER          :   One

RESPONDING PARTY :   RMST HOLDING COMPANY, INC., a Florida S Corporation,
                     R.M. STARK & CO, INC., a Florida S Corporation, and
                     GARY L. STARK, Individually.

The foregoing statements, documents, books, and records are requested for the purpose of

evaluating the value of Shareholders-Directors' and ownership of RMST, as a sole shareholder

of RMS; as currently reported in www.Sunbiz.org and IRS   The foregoing statements, documents, books, and records are likewise requested to assist Shareholders to make educated business decisions based on the past and present financial performance of RMS.

I.     **Pursuant to a) Florida State Statute Laws: § 607.1602 (Inspections of Records by Shareholders); § 607.1604 (Court order Inspection); § 607.1605 (Inspection rights of Directors; § 607.1620 (Financial Statements for Shareholder); and b) RMST's Bylaws, Article VI;, Shareholders demand Gary Stark, etc. to produce the following RMS' and RMST's documents, books, reports, statements, and records.**

II.    **INSTRUCTIONS**

2.1    Electronically stored information shall be produced in the Portable Document Format (PDF/A) files.

2.2    Plaintiff believes that none of the documents Plaintiff is requesting are attorney-client privileged; but mostly account statements, monthly financial reports, documents filed with FINRA, SEC and IRS, etc. Nevertheless, if Defendants object to the production of any document on the grounds of the attorney-client privilege or work product doctrine or any other privilege or doctrine, Defendants shall, on the date responses are due, provide a privilege log that includes the following information for each document:

(a) The names of each writer, sender, or initiator of each copy of the document;

(b) The names of each recipient, addressee, or party to whom the document was sent or who received the document;

(c) The date of each copy of the document, or an estimate of its date;

(d) A non-privileged description of the contents of the document; and

(e) The relevant privilege or doctrine and a statement of the basis for the claim.

## III.  DEFINITIONS

3.1   "DOCUMENT" has the same meaning as the definition of "writing" in California Evidence Code Section 250 and includes all written and graphic matter, however, produced or reproduced, of any kind or description, whether sent or received or neither, including originals, non-identical copies, and drafts, and both sides thereof, including letters, correspondence, memoranda, email, texts, tweets, posts, messages in any digital or electronic format, contracts, photographs, diaries, journals, calendars, logs, notebooks, computer files stored by any means, computer printouts, and includes all DOCUMENTS in your possession, custody, or control that may be stored in or accessible through any cloud-based service.

3.2   "PERSON" means any natural person, entity, firm, corporation, partnership, association, joint venture, or other forms of business organization or arrangement, and/or government or government agency.

3.3   "COMMUNICATION" means any exchange or conversation and includes, by example, those transmitted written letters, memorandum, emails, or documents of any kind transmitted from one PERSON to another, by telephone, voicemail, text message, chat, or any other medium, or in person.

3.4   "You" and "Your" mean RMST HOLDING COMPANY, INC., a Florida S Corporation, R.M. STARK & CO, INC., a Florida S Corporation, and GARY L. STARK, Individually.

3.5   The terms "any" and "all" mean "any and all."

3.6   The singular of any term includes the plural and the plural includes the singular.

3.7   The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the document request inclusive, rather than exclusive.

3.8   The use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring documents within the scope of the request.

## IV.    REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

**BANKING STATEMENTS including:**

    a.  Credit Cards Statements **(each month)** for 2021, 2022, 2023 (Jan, Feb).

    b.  Bank Statements **(each month)** for 2021, 2022, 2023 (Jan, Feb).

### REQUEST FOR PRODUCTION NO. 2:

**TAX RETURNS** FOR RMS/RMST **(Complete)** for 2021, 2022

### REQUEST FOR PRODUCTION NO. 3:

**PAYROLL**

    a.  Payroll Bimonthly Reports **(each month)** for 2021, 2022, 2023 (Jan, Feb).

    b.  Payroll Forms 940 and 941 **(each month)** for 2021, 2022.

### REQUEST FOR PRODUCTION NO. 4:

**PERSHING ACCOUNT STATEMENTS**

    a.  2019, 2020, 2021, 2022, 2023 (Jan, Feb) **Monthly** Clearing Expenses Reports itemized by month/rep **(each month).**

    b.  2021, 2022, 2023 (Jan, Feb) **Monthly** Account statements for the following Pershing accounts **(each month):**

| | | | | |
|---|---|---|---|---|
| 79Z-997375 | Q1M-100004 | 51Y-890315 | 51Y-891008 | 51Y-897765 |
| Q1M-890323 | Q1M-890687 | 51Y-890323 | 51Y-891024 | 51Y-898003 |
| Q1M-898003 | 7N8-890314 | 51Y-890331 | 51Y-891065 | 78Y-890318 |
| TRB-100030 | 7N8-890322 | 51Y-890349 | 51Y-891099 | 78Y-890680 |
| TRB-890317 | 7N8-890686 | 51Y-890901 | 51Y-896668 | NRM-890311 |
| NRM-890683 | NRM-898009 | Q1M-890315 | Q1P-890312 | Q1P-890320 |
| Q1P-890684 | Q1P-898000 | 51Y-890687 | | |

**REQUEST FOR PRODUCTION NO.5:**

### RENAISSANCE REPORTS

    a. Balance Sheet - Reports for **(each month)** for 2021, 2022, 2023 (Jan, Feb)
    b. Income Statement - Reports for **(each month)** for 2021, 2022, 2023 (Jan, Feb)
    c. Net Capital Report - Reports for **(each month)** for 2021, 2022, 2023 (Jan, Feb)
    d. Focus Reports – Reports for **(each month)** for 2021, 2022, 2023 (Jan, Feb)
    e. General Ledger - Reports for **(each month)** for 2021, 2022, 2023 (Jan, Feb)
    f. Trial Balance - Reports for **(each month)** for 2021, 2022, 2023 (Jan, Feb)
    g. 09/30 - Annual Balance Sheet Reports for 2019, 2020, 2021, 2022
    h. 12/31 - Annual Balance Sheet Reports for 2019, 2020, 2021, 2022
    i. 09/30 - Annual Income Statement Reports for 2019, 2020, 2021, 2022.
    j. 12/31 - Annual Income Statement Reports for 2019, 2020, 2021, 2022.
    k. Uncashed Checks List - Report for 2019, 2020, 2021, 2022, 2023 (Jan, Feb)

**REQUEST FOR PRODUCTION NO. 6:**

### SEC AUDITS REPORTS

    a. SEC Audits Reports for 2021, 2022.

    b. All supportive documentation sent by RMS, FINOP, Ellen Adler, Stacey Stark, Renaissance, and/or Rob Dunleavy (CPA) to SEC Auditors for their production of annual SEC Reports for 2019, 2020, 2021, and 2022.

**REQUEST FOR PRODUCTION NO. 7:**

### FINOP

    a. All supportive documentation sent by RMS, FINOP, Ellen Adler and/or Stacey Stark to Renaissance for their production of Monthly Financial, FOCUS, Net Capital Reports for 2019, 2020, 2021, 2022, and 2023 (Jan, Feb)

    b. Detailed supporting documentation for Accrued Expenses (as shown in Liabilities in Balance Sheet) for each month for 2019, 2020, 2021, 2022, 2023 (Jan, Feb)

**REQUEST FOR PRODUCTION NO. 8:**

### FINRA

    a. All documents showing payments by RMS of RR's FINRA licenses fees, and repayments by the RRs back to RMS (itemized) for 2019, 2020, 2021, 2022, and 2023 (Jan, Feb)

**REQUEST FOR PRODUCTION NO.9:**

### FEES COLLECTED FROM REGISTERED REPS.

    a. Copies of all fee management agreements of RMS for 2019, 2020, 2021, 2022, 2023 (Jan, Feb).



b. All Reconciliation Reports showing RMS collections of Registered Reps' reimbursement of all agreed charges, option charges, E&O Insurance charges, etc. as revenue or Reimbursement Fees to RMS, as defined on each Registered Rep's Employment Agreement for 2019, 2020, 2021, and 2022, 2023 (Jan, Feb).

## REQUEST FOR PRODUCTION NO. 10:

### LITIGATION EXPENSES REPORTS

a. **O'Grady Litigation Case** - All documents used to record O'Grady Litigation Expenses, Miscellaneous Expenses, FINRA fees and/or Finance Fees for 2019, 2020, 2021, 2022, 2023 (Jan, Feb).

b. **Starks v. AN Litigation Case** - All documents used to record O'Grady Litigation Expenses, Miscellaneous Expenses, FINRA fees and/or Finance Fees for 2020, 2021, 2022, 2023 (Jan, Feb).

## REQUEST FOR PRODUCTION NO. 11:

### STARK FINANCIAL ADVISORS ("SFA")

a. All documents showing all transfers between RMS to SFA for 2019, 2020, 2021, 2022, and 2023.

Respectfully Submitted By:

**/s/ Arturo Nicolayevsky**
Arturo Nicolayevsky
121 N Post Oak Ln., # 705
Houston, TX 77024
arturon26@hotmail.com
(281) 591-7777
Defendant, *Pro Se*



◄ Insert shipping
document here.

ORIGIN ID:NQIA      (281) 591-7777
ARTURO NICOLAYEVSKY

SHIP DATE: 16FEB23
ACTWGT: 1.00 LB
CAD: 8954530/INET4580

121 N. POST OAK LANE
SUITE 705
HOUSTON, TX 77024
UNITED STATES US

BILL SENDER

TO  CLERKS OFFICE, ROOM 202
    US DISTRICT COURT FOR SOUTHERN FL
    701 CLEMATIS STREET

    WEST PALM BEACH FL 33401
    (561) 803-3400          REF:
    INV:
    PO:                            DEPT:

FedEx First Overnight®

FedEx
Express

E

FRI - 17 FEB 8:00A
FIRST OVERNIGHT

TRK#
0201    7713 2972 1810

                                    33401
X1 PBIA              FL-US      PBI

► Insert shipping document here.

Extremely Urgent

ORIGIN ID:NQIA     (281) 591-7777
ARTURO NICOLAYEVSKY

121 N. POST OAK LANE
SUITE 705
HOUSTON, TX 77024
UNITED STATES US

SHIP DATE: 23FEB23
ACTWGT: 1.00 LB
CAD: 8954530/INET4580

BILL SENDER

TO   CLERKS OFFICE, ROOM 202
US DISTRICT COURT FOR SOUTHERN FL
701 CLEMATIS STREET

WEST PALM BEACH FL 33401
(561) 803-3400          REF:
INV:
PO:                     DEPT:

FedEx
Express


E

FRI - 24 FEB 4:30P
STANDARD OVERNIGHT



FRI – 24 FEB AM
STANDARD OVERNIGHT

33401
PB

FL-US

FedEx
TRK#
0201   7713 8955 7317   XG PBIA

USMS INSPECTED BY

FedEx
Express