UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 21-81995-CIV-CANNON/Reinhart
22-80838-CIV-CANNON/Reinhart

**RMST HOLDING COMPANY, INC.,**
**R.M. STARK & CO, INC**, and
**GARY L. STARK**,

    Plaintiffs,

v.

**PREMIUM 72 CAPITAL, LLC et al.**,

    Defendants.
_____/

**BYLINE BANK**,

    Plaintiff,

v.

**PREMIUM 72 CAPITAL LLC**,
**AYNBET INVESTMENTS LLC**,
**R.M. STARK & CO., INC.**,
**ARTURO NICOLAYEVSKY**, and
**GARY STARK**,

    Defendants.
_____/

## ORDER ON DEFAULT FINAL JUDGMENT PROCEDURE

**THIS CAUSE** comes before the Court upon the Clerk's Entry of Default as to Defendants Aynbet Investments, LLC, Eduardo Perez, Premium 72 Capital, LLC, and Premium 72 International, LLC [ECF No. 177], entered on February 21, 2023. These Defendants have indeed failed to comply with the Court's Orders requiring them to retain counsel or respond to the Third Amended Complaint by the prescribed deadlines [ECF Nos. 149, 156].

CASE NO. 21-81995-CIV-CANNON/Reinhart

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs must file one of the following two responses on or before **March 22, 2023**:

(1)  Where there is only one Defendant, or where there are multiple Defendants,[1] but no allegations of joint and several liability, and no possibility of inconsistent liability between Defendants, Plaintiffs shall file a motion for default final judgment.

The motion for default final judgment must include affidavits of any sum certain due by Defendant, and any other supporting documentation necessary to determine Plaintiffs' measure of damages. The motion shall also be accompanied by (1) the necessary affidavit under the Servicemembers Civil Relief Act, 50 U.S.C. section 3931(b), if applicable; (2) a proposed order; and (3) a proposed final judgment. (These last two are required by Local Rule 7.1(a)(2)). Pursuant to the CM/ECF Administrative Procedures, the proposed orders **shall be submitted to the Court by e-mail in Word format** to cannon@flsd.uscourts.gov. Plaintiffs shall send a copy of the motion to Defendant's counsel or to Defendant if it does not have counsel. In the certificate of service, Plaintiffs shall indicate that notice was sent and the addresses where notice was sent.

If Defendant fails to move to set aside the Clerk's Default or respond to the motion for default final judgment within the time permitted by the Rules, default final judgment may be entered, which, simply put, means that Plaintiffs may be able to take Defendant's property or money, and/or obtain other relief against Defendant.

(2)  Where there are multiple Defendants and allegations of joint and several liability, or the possibility of inconsistent liability between Defendants, Plaintiffs shall file a notice of joint liability. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872); 10A CHARLES ALAN WRIGHT, ET AL.,

---

[1] If there are multiple Defendants, Plaintiff must state in the motion for default final judgment that there are no allegations of joint and several liability and set forth the basis why there is no possibility of inconsistent liability.

FEDERAL PRACTICE AND PROCEDURE § 2690 (4th ed. 2017) (citing *Frow*, 82 U.S. at 554); *see also Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

The notice of joint liability must briefly describe the allegations and advise the Court of the status of the other Defendants' liability. Once liability is resolved as to all Defendants, Plaintiffs may move for the entry of default final judgment against Defendant, as described in (1) above, no later than 14 days thereafter.

*       *       *

Plaintiffs' failure to file a motion for default final judgment or a notice of joint liability within the specified time will result in dismissal without prejudice as to the subject Defendant.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 1st day of March 2023.

AILEEN M. CANNON
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record