UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:21-cv-81995-AMC

RMST HOLDING COMPANY, INC., et al.

    Plaintiffs,

v.

PREMIUM 72 CAPITAL, LLC, et al.

    Defendants.
_____/

BYLINE BANK,

Plaintiff,

v.

PREMIUM 72 CAPITAL LLC, et al.

Defendants.
_____/

## **PLAINTIFFS' MOTION FOR DEFAULT**

    Come now Plaintiffs, RMST Holding Company, Inc. ("RMST"), R.M. Stark & Co., Inc. ("RM Stark") and Gary L. Stark ("Mr. Stark") (collectively, "Plaintiffs"), by and through their undersigned counsel, and submit this, their Motion for Default against PREMIUM 72 CAPITAL, LLC; PREMIUM 72 INTERNATIONAL, LLC and PEREZ (the "Defaulted Defendants") and as grounds therefor state as follows:

1.    On November 1, 2021, the Court ordered (DE-5) that all the Defendants were to file a single response with Arturo Nicolayevsky ("Nicolayevsky").

2.    The Defendants, along with Nicolayevsky, were originally represented by the law firm of Byrd Campbell, PA.

3.     Byrd Campbell, PA, withdrew as their counsel of record on September 20, 2022.

4.     On October 13, 2023, the Defendants, along with Nicolayevsky, procured the Carlin Law Firm, PLLC as successor counsel.

5.     The Carlin Law Firm, PLLC, subsequently withdrew as their counsel of record on January 4, 2023.

6.     This Court ordered on January 6, 2023 (DE-149) and extended by order on January 16, 2023 (DE-156), that the Defendants were required to procure a replacement licensed counsel by February 3, 2023, (or, in the case of Eduardo Perez or Nicolayevsky, provide notice to the Court that they were proceeding *pro se*) or risk facing the entry of default.

7.     Upon information and belief, Nicolayevsky is not a licensed attorney in any jurisdiction and not eligible to practice law before this, or any other court.

8.     Recently, Nicolayevsky filed a "Notice of Pro Se Appearance" (DE-160),[1] although based on a previous filing, it suggests that he may also be attempting to represent the other Defendants (See, e.g., DE-155).

9.     As the Supreme Court has observed, "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel." *Rowland v. Cal. Men's Colonly, Unit II Men's Advisory Coun.*, 506 U.S. 194, 202 (1993); see also *Palazzo v Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can only act through agents, cannot appear pro se, and must be represented by counsel.").

---

[1] Separately, it should be noted that Nicolayevsky, in his communications with the Court, did not copy all counsel of record pursuant to F.R.Civ.P. 5.

10.     Likewise, a layperson appearing *pro se* cannot represent another individual "where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963 (6th Cir. 2002); See, e.g., *Miller v. Byers,* 833 F. App'x 225, 226 (11th Cir. 2020), *Estop v. HSBC Bank*, Case No. 22-cv-24012-ALTMAN (S.D.Fla. Dec. 13, 2022); *United States v. Polynice,* 2022 WL 2341184, at *3 n.1 (S.D. Fla. June 29, 2022).

11.     Courts have ruled that a corporation's failure to retain new counsel after the withdrawal of its initial counsel is a valid basis for a court to enter a default and a default judgment against the corporation, notwithstanding that it (through counsel) had previously filed an answer to the complaint. See, e.g., *Bejerano v. Flex Florida Corp.*, No. 18-20049-CIV, 2021 WL 3566286, at *1 (S.D. Fla. Aug. 12, 2021); *Mayorga v. Stamp Concrete & Pavers, Inc.*, Case no. 13-81274-CIV-Seltzer (S.D. Fla. March 23, 2015); *Barnett v. AS & I, LLC*, No. 3:13-cv-2464-BN, 2014 WL 1641905, at *1-2 (N.D. Tex. Apr. 24, 2014) (pursuant to Federal Rule of Civil Procedure 55(a), default entered against limited liability corporation where its attorney withdrew and it failed to retain new counsel after being ordered by court to do so); *Christa Constr., LLC v. Connelly Drywall, LLC*, 879 F. Supp. 2d 389, 391 (W.D.N.Y. 2012) (corporation's "refusal to comply with a court order mandating it to appear by counsel, notwithstanding its filing of answer by counsel who subsequently withdrew, constitutes a default for failure to 'otherwise defend'" under Rule 55; default judgment entered against corporate defendant); *Next Proteins, Inc. v. Distinct Beverages, Inc.*, No. 09 CV 4534(DRH)(ETB), 2012 WL 314871, at *1-2 (E.D.N.Y. Feb. 1, 2012) (default judgment as to liability entered pursuant to Rule 55(a) against corporation that failed to retain new counsel after initial counsel withdrew); *Kapusta v. Wings, Etc., LLC*, No. 2L20-1388-MBS-BM, 2011 WL 1883033, at *1 (D.S.C. Apr. 15, 2011) (recommending corporate defendants' answer and counterclaim be stricken and default be entered against corporation where it failed to obtain substitute counsel after being required by court to do so) (Report and Recommendation adopted in 2011 WL 1883029 (D.S.C May 18, 2011)); *Galtieri-Carlson v. Victoria M. Morton Enter., Inc.*, No. 2:08-cv-01777 FCD KJN PS, 2010 WL 3386473, at *2-3 (E.D. Cal. Aug. 26, 2010) (default judgment entered as sanction pursuant to court's inherent power against corporate defendants that failed to comply with court's order to retain new counsel after their initial

counsel had withdrawn); *Energy Lighting Mgmt., LLC v. Kinder*, 363 F. Supp. 2d 1331, 1332 (M.D. Fla. 2005) (requiring limited liability company to procure counsel).

12.   In that the Defaulted Defendants failed to procure a licensed counsel to represent them, or provide notice of their intent to represent themselves *pro se* pursuant to this Court's order of January 6, 2023, default is proper pursuant to F.R.Civ.P. 55(a). *Bejerano v. Flex Florida Corp.*, No. 18-20049-CIV, 2021 WL 3566286, at *1 (S.D. Fla. Aug. 12, 2021).

13.   In requesting a default judgment for failure to comply with an order from this Court, the Court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment.  *United States v. Kahn*, 164 Fed.App. 855 (11th Cir. 2006).  The standard of review of a sufficiency of a complaint appears to be the same as for a motion to dismiss as set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  See, e.g., *SHM Regatta Pointe LLC v. CAT*, Case No. 8:21-cv-1854-KKM-AEP IN ADMIRALTY (M.D. Fla. April 29, 2022).

14.   A party in default admits all of the averments in the complaint.  *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298 (11th Cir. 2009); *White v. Bombardier Corp.*, 313 F.Supp.2d 1295 (N.D. Fla. 2004).

15.   This Court previously determined, on ruling on a motion to dismiss filed by Nicolayevsky and the Corporate Defendants, that the First Amended Complaint[2] was sufficient as a matter of law (DE-32).

16.   On February 21, 2023, the Clerk entered a Clerk's Default against AYNBET INVESTMENTS, LLC; EDUARDO PEREZ; PREMIUM 72 CAPITAL, LLC; AND PREMIUM 72 INTERNATIONAL, LLC [DE-177].

---

[2] The subsequent amendments to the Complaint do not modify or change the Court's previous review with respect to the Corporate Defendants.

17. Subsequently, on March 1, 2023, the Court entered an order requiring Plaintiff to identify which parties and/or counts may be subject to default and which parties and/or counts may have joint liability or inconsistent judgments [DE-194].

18. For Counts III, IV and V of the Third Amended Complaint, the Defaulted Defendants have liability separate and distinct from the other parties in this action.

19. In particular, the Courts alleged breaches of a purchase agreement, a supplement purchase agreement, and a promissory note by the Defaulted Defendants.

20. In those Counts, Nicolayevsky, a non-defaulted party, was a signatory as a corporate officer and/or guarantor.

21. Pursuant to Florida law, a maker of a contract and/or promissory note and a guarantor of such agreement have separate and distinct liability; a guarantor has no independent right to litigate the breach of the contracting party or present independent affirmative defenses to the breach. *Gulfstream Park Racing Ass'n, Inc. v. MI-V1, Inc.*, 286 So. 3d 315 (Fla. 4th DCA 2019); *Anderson v. Trade Winds Enterprises Corp.*, 241 So. 2d 174 (Fla. 4th DCA 1970).

22. Here, PREMIUM 72 CAPITAL, LLC and PREMIUM 72 INTERNATIONAL, LLC were the only parties to the purchase agreement, supplemental purchase agreement and the promissory note.

23. PEREZ and Nicolayevsky were the absolute guarantors of those agreements.

24. Because PREMIUM 72 CAPITAL, LLC and PREMIUM 72 INTERNATIONAL, LLC's liability for the breaches of the agreements is independent of Nicolayevsky's obligation as guarantor, the Court may enter a default against those parties for Counts III, IV, V and VI; PEREZ's liability as guarantor of the agreements is independent of Nicolayevsky's.

25. Concurrent with this Motion, the Plaintiffs are filing a Notice of Joint Liability with respect to the other defaulted parties and counts.

26. Attached to this Motion as Exhibit A is an affidavit from Gary Stark as to the amounts currently due to him under the Promissory Note.

For all these reasons, Plaintiffs respectfully request that the Court enter an Order finding that the Defaulted Defendants are in Default and awarding damages regarding same.

Also attached is a proposed order.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of March, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, and by First Class US Mail to Arturo Nicolayevsky at 121 North Post Oak Lane, #705, Houston, TX 77024 and to Eduardo Perez at 8502 Hillsboro Place, Sugar Land, TX 77479.

*Joel M. McTague*
**JOEL MARTIN MCTAGUE, ESQ.**
Florida Bar No. 174416
**LEANNE B. WAGNER, ESQ.**
Florida Bar No. 0057847
Counsel for Plaintiffs
Frank Weinberg Black, P.L.
7805 SW 6th Court
Plantation, FL 33324
Phone:   954-474-8000
Email:   jmctague@fwblaw.net
             talberga@fwblaw.net

*Richard A. D'Amura*
**RICHARD A. D'AMURA, ESQ.**
Florida Bar No. 663921
**RICHARD T. LOBAS, ESQ.** (pro hac vice)
Ohio Bar No. 0093658
1061 Michigan Avenue, Unit 1
Miami Beach, FL  33139
Phone (310) 945-5306
Email: rdamura@dz-pllc.com
            rlobas@dz-pllc.com