**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 9:21-cv-81995-AMC CANNON/Maynard**

**RMST HOLDING COMPANY, INC.,**
**R.M. STARK & CO, INC., and**
**GARY L. STARK,**

**Plaintiffs,**

**vs.**

**PREMIUM 72 CAPITAL, LLC,**
**PREMIUM 72 INTERNATIONAL, LLC,**
**AYNBET INVESTMENTS, LLC,**
**ARTURO NICOLAYEVSKY,**
**EDUARDO PEREZ,**

**Defendants.**
**_______________________________________/**

**DEFENDANTS' MOTION TO SET ASIDE CLERK'S DEFAULT**

Come now Defendants, PREMIUM 72 CAPITAL, LLC, PREMIUM 72 INTERNATIONAL, LLC, AYNBET INVESTMENTS, LLC, (hereinafter "the Corporate Defendants") and Eduardo Perez, an individual (hereinafter referred to with the Corporate Defendants collectively as the "Defaulted Defendants") by and through undersigned counsel and file this motion to set aside the Clerk's Default entered on February 21, 2023 [DE-177] pursuant to Federal Rules of Civil Procedure 55(c) and Local Rule 7.1. In support, the Defendants state:

**FACTS**

1. On November 14, 2022, Plaintiffs filed their Third Amended Complaint. [DE 117].
2. On January 5, 2023, Carlin Law Firm, counsel for the Corporate Defendants and Eduardo Perez, Motion to Withdraw was granted. [DE 149].
3. On February 9, 2023, the Plaintiffs filed their Motion for Default ("Motion for Default") for the entry of a Clerk's Default against the Corporate Defendants and Eduardo Perez for failing to obtain counsel or otherwise plead to the complaint as required by law. [DE 165].
4. ln response to the Motion for Default, the pro se' Defendants filed a Motion to Vacate the Default ("Motion to Vacate"), on the grounds that the Defendants had been diligent in their efforts to retain counsel. [DE 168].
5. On February 20, 2023, Plaintiffs filed a Motion for Clerk's Entry of Default as to Aynbet Investments, LLC, Eduardo Perez, Premium 72 Capital, LLC, and Premium 72 International, LLC. [DE 173].
6. This Court denied the Plaintiff's Motion for Default [DE 165] and held the Defendant Nicolayevsky's Response Denied as Moot. [DE 175].
7. On February 21, 2023, the Clerk's Default was entered. [DE 177].
8. On February 21, 2023, Defendant Arturo Nicolayevsky filed his Response to the Third Amended Complaint. [DE 178].



HAGOOD & HAGOOD, PLLC
501 N Magnolia Avenue | Orlando, Florida 32801 | (407) 414–3846

9. On February 27, 2023, Defendant Aynbet filed its Motion to Vacate the Default Judgment asserting that Aynbet was diligently seeking counsel to represent them in this case. [DE 186].

10. On February 27, 2023, Defendant Eduardo Perez filed his Motion to Set Aside the Default Judgment. [DE 187].

11. On February 27, 2023, Defendant Premium 72 International, LLC's Motion for Setting Aside Default Judgment filed its Motion to Set Aside the Default Judgment. [DE 188].

12. On February 28, 2023, the Court struck [DE 186] [DE 188] Defendants' Motion to Set Aside Default Judgment on the grounds that the Defendants are corporate entities that must be represented by counsel; corporate entities cannot proceed pro se and holding that Defendants Aynbet Investments and Premium 72 International are in default [DE 177] and remain in default. [DE 191].

13. On February 28, 2023, the Court denied Defendant Eduardo Perez's Motion to Set Aside Clerk's Default. Holding that Rule 55(c) of the Federal Rules of Civil Procedure provides that a district court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c) and finding that Defendant's repeated failures to comply with Court Orders [DE 149] [DE 156], along with a full review of Defendant's Motion [DE 187], the Court



HAGOOD & HAGOOD, PLLC
501 N Magnolia Avenue | Orlando, Florida 32801 | (407) 414–3846

determined that Defendant has not shown good cause to set aside the Clerk's Entry of Default [DE 187]. [DE 193].

14. On March 1, 2023, this Court entered its Order on Default Final Judgment Procedure and outlined the requirements and procedures for Plaintiff's motion for default final judgment or notice of joint liability. [DE 194].

15. On March 22, 2023, Plaintiffs filed their Motion for Default Final Judgment against PREMIUM 72 CAPITAL, LLC, PREMIUM 72 INTERNATIONAL, LLC and PEREZ (the "Defaulted Defendants"). [DE 202].

16. The Defaulted Defendants and Defendant Arturo Nicolayevsky retained the undersigned to represent them in this case on March 28, 2023.

**Memorandum of Law**

After the entry of a Clerk's Default, the Defaulted Defendant(s) may move the Court to set aside the default pursuant to Federal Rule of Civil Procedure 55 (c) upon a showing of good cause. "Florida public policy favors the setting aside of defaults so that controversies may be decided on the merits." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *Fla. Physicians Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993); *Lloyd's Underwriter's at London v. Ruby, Inc.*, 801 So. 2d 138, 139 (Fla. 4th DCA 2001) (citing *N. Shore Hosp., Inc. v. Barber*, 143 So. 2d 849, 852-53 (Fla. 1962)). "In



HAGOOD & HAGOOD, PLLC
501 N Magnolia Avenue | Orlando, Florida 32801 | (407) 414–3846

implementing this policy, 'if there be any reasonable doubt in the matter [of vacating a default], it should be resolved in favor of granting the application and allowing a trial upon the merits.'" Id. (quoting *N. Shore Hosp.*, 143 So. 2d at 853).

The policy favors a determination of the controversy at issue on the merits of the case rather than on a procedural or technical basis. Rule 55(c) only requires a "bare minimum showing." *Griffin IT Media, Inc. v. Intelligentz Corp.*, 2008 WL 162754, 2 (S.D.Fla. 2008) ("To obtain relief under Rule 55(c), the movant must only make a 'bare minimum showing' to support her claim for relief.") (*Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir.1988)). ("We do note that because of the strong policy of determining cases on their merits, defaults are seen with disfavor."); *Woodbury v. Sears Roebuck & Co.*, 152 F.R.D. 229, 236 (M.D.Fla. 1993). Because it is a Clerk's Default that has been entered and no Final Default Judgment has been entered, Rule 55(c) applies. *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988); *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990).

Florida Federal and State Courts recognize that the entry of a default is not "designed to give a strategic advantage to the plaintiff so that it may obtain a judgment without dealing with the defendant's challenges and defenses." *Makes & Models Magazine, Inc. v. Web Offset Printing, Co.*, 13 So. 3d 178, 181 (Fla. 2d DCA 2009), citing *Ole, Inc. v. Yariv*, 566 So. 2d 812 (Fla. 3d DCA 1990).



HAGOOD & HAGOOD, PLLC
501 N Magnolia Avenue | Orlando, Florida 32801 | (407) 414–3846

The Clerk's default may properly be set aside upon showing the Defendant's meritorious defense, establishment of excusable neglect and demonstrated due diligence. *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993); *Worldwide Web Sys., Inc. v. Worldstar Comm. Corp.*, 328 F.3d 1291, 1295 (11th Cir. 2003). *North Shore Hospital, Inc v. Barber*, 143 So. 2d 849 (Fla. 1962); *Moreno Construction, Inc. v. Clancy & Theys Construction Co.*, 722 So. 2d 976 (Fla. 5th DCA 1999. Federal Rule of Civil Procedure 60(b) provides “"When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.” Demonstrating “excusable neglect” goes further than the Rule 55(c) requirement of the showing of good cause to warrant setting aside the default. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion,* 88 F.3d 948,951 (11th Cir. 1996; *Global Aerospace, Inc. v. Platinum Jet Management,* LLC, 2010 WL 331905, (S.D. Fla. Jan. 28, 2010).

Factors considered by Federal courts include whether the default was willful, whether setting aside the default would prejudice the Plaintiff, whether the defaulting party has meritorious defenses, the defaulting party's explanation for the failure to meet the requirements, the good faith of the

defaulting party, the timing of the request to set aside the default, and the amount of money involved. *Westinghouse Elevator Co.; Garcia Insurance Agency, Inc. v. Diaz*, 351 So.2d 1137 (Fla. 2d DCA 1977). Florida courts have held that mistakes can constitute excusable neglect. *Marshall Davis, Inc. v. Incapco, Inc.*, 558 So.2d 206 (Fla. 2d DCA 1990).

Florida Federal and State Courts have recognized that a general denial is usually enough to establish a meritorious defense for the limited purpose of setting aside a Clerk's Default. *Sobkowski v. Wyeth, Inc.*, No. 5:04 CV 96–OC–10GRJ, 2004 WL 3569703, (M.D. Fla. Jun. 4, 2004); *Quest Diagnostics, Inc. v. Haynie*, 320 So. 3d 171, 175 (Fla. 4th DCA 2021. When considering what constitutes due diligence, the court held that despite a 39-day delay when seeking relief from a **final default judgment**, (emphasis supplied) Defendants acted with requisite due diligence. *Fla. Eurocars, Inc. v. Pecorak*, 110 So. 3d 513, 515 (Fla. 4th DCA 2013). The court noted that when considering whether a party has made a "timely application" to set aside a default, courts must evaluate both the extent of the delay as well as the reasons for the delay. *Roberts v. Safeway Ins. Co.*, 610 So.2d 700, 701 (Fla. 3d DCA 1992).

In their defense, the Defendants maintain that the Plaintiffs' Third Amended Complaint fails to clearly and plainly state the facts and put the Defendants on notice as to the allegations so that they can defend themselves to comply with Rule 9(b) requirements that "a party must state with

particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Specifically, Rule 9(b) requires the plaintiff allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Brooks v. Blue Cross & Blue Shield of Fla.*, Inc., 116 F.3d 1364, 1380-81 (11th Cir. 1997).

The Third Amended Complaint is tantamount to a "shotgun pleading". *Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1045 n. 39 (11th Cir.2014) in that the allegations and counts are so convoluted and intertwined it is impossible to discern what is being alleged. The 11th Circuit Court explained that "a typical 'shotgun' pleading" where "each count incorporated by reference all preceding paragraphs and counts of the complaint notwithstanding that many of the facts alleged were not material to the claim, or cause of action, appearing in a count's heading"). *PVC Windoors, Inc. v. Babbitbay Beach Constr.*, N.V., 598 F.3d 802, 806 & n. 4 (11th Cir.2010). Further, in *SEC v. Diversified Corporate Consulting Group*, the 11th Circuit explained that this type of pleading or complaint is "a typical 'shotgun pleading' containing multiple counts, each incorporating by reference all the (usually irrelevant) allegations of previous counts"); *SEC v. Diversified Corporate Consulting Grp.*, 378 F.3d 1219, 1221 n. 2 (11th Cir.2004).



HAGOOD & HAGOOD, PLLC
501 N Magnolia Avenue | Orlando, Florida 32801 | (407) 414–3846

Finally, the Defendants maintain that the doctrine of unclean hands applies in that the fraudulent misrepresentations made by the Plaintiffs were relied upon by the Defendants when they entered into the Stark, et al. to OPC Stock Purchase Agreement and they were damaged by the Plaintiffs misconduct. *In re Garfinkle*, 672 F.2d 1340, 1346 n. 7 (11th Cir.1982). The fraudulent misrepresentations included a variety of misleading accounting methods which the Plaintiffs used to induce the Defendants into the agreement and directly relates to the issues and allegations in the Plaintiffs' Third Amended Complaint. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dunn*, 191 F.Supp.2d 1346 (M.D.Fla.2002); *Mims v. Old Line Life Insurance Co. of America*, 46 F.Supp.2d 1251 (M.D.Fla.1999). Further, the Plaintiffs are not entitled to injunctive relief because the Plaintiffs knowingly and fraudulently induced the Defendants to enter into the Agreement, the Defendants were directly injured as a result of the Plaintiffs' wrongdoing and the Plaintiffs are guilty of having unclean hands. *Calloway v. Partners National Health Plans*, 986 F.2d 446, 450–51 (11th Cir.1993).

## ANALYSIS

The Defaulted Defendants have consistently demonstrated their intention to defend this case despite their difficulty in procuring and retaining counsel to take their case. The Defaulted Defendants have filed numerous pro se' motions in their attempts to refute the Plaintiffs' allegations, demonstrate

their defenses and the factual basis supporting their defenses in their ongoing efforts to defend this case. In the plethora of motions and pleadings the Defaulted Defendants have outlined the facts and sequence of events underlying their meritorious defenses of fraudulent inducement, unclean hands and established the factual basis for their positions. (See Composite **Exhibit A** Defaulted Defendants' Affidavits in Support of Motion to Set Aside).

In a nutshell, the Defaulted Defendants maintain the allegations in the Plaintiffs Third Amended Complaint are false, misleading, a total misrepresentation of the facts, are not supported by the relevant documents and evidence, that the intentional fraudulent representations induced them to enter into the agreement and the Plaintiffs have "unclean hands". The Defaulted Defendants have a vast volume of documentation, including emails, signed documents, filed documents with the SEC, FINRA, SBA, IRS, and documents that Defendant forwarded to Byline, after he received from Plaintiff, 3rd Party Forensic Accountants Report, that support the Defendants' position and defenses. Given the opportunity, the Defaulted Defendants intend to mount a vigorous defense to these allegations, prove Plaintiffs' misconduct and counter with their own allegations. (See Composite **Exhibit A**).

Moreover, the Defaulted Defendants maintain that they did not violate the terms of the CMA, the Attestation Letters to FINRA, they did not breach the Purchase and Sale Agreement, or breach the terms of the Promissory Note



HAGOOD & HAGOOD, PLLC
501 N Magnolia Avenue | Orlando, Florida 32801 | (407) 414–3846

as alleged in the Third Amended Complaint. At its core, the Defendants' defenses rely on their assertions that the Plaintiffs committed fraud with FINRA, SEC, IRS, Byline, SBA and the Defendants in order to induce them to enter into the Stark, et al. to OPC Stock Purchase Agreement, that these fraudulent representations damaged the Defendants who relied upon them, the Plaintiffs acted in bad faith, and have unclean hands.

After entry of the Clerk's Default, the Defaulted Defendants diligently endeavored to retain an attorney. The Defaulted Defendants were not willfully or intentionally disregarding this Court's Orders but were unable to retain counsel. Due to the complexity of the issues, the size of the docket, the convoluted procedural history and the Defaulted Defendants' increasingly serious financial constraints, it was nearly impossible to locate counsel to represent them. Despite locating qualified attorneys, the Defaulted Defendants requests for representation were declined or they could not afford the initial retainers. The length and complexity of the Third Amended Complaint was enough for attorneys to decline taking the case. (See Composite Exhibit A Defaulted Defendants' Affidavits in Support of Motion to Set Aside).

After more than two months of searching for representation, the Defaulted Defendants contacted and retained the undersigned on March 28, 2023. Upon retaining the undersigned, this Motion was promptly prepared and filed. There is well over $3.28 million dollars at stake in this case and it would

be a severe hardship to the Defaulted Defendants if they were not able to defend themselves on the merits.

**WHEREFORE**, the Defaulted Defendants respectfully request the Clerk's Default be Set Aside and the Plaintiff's Motion for entry of a default judgment be denied.

Dated: March 31, 2023

Respectfully submitted,

**HAGOOD & HAGOOD, PLLC**
Hunter A. Hagood-James, Esq.
Florida Bar No. 1020504
501 N Magnolia Avenue
Orlando, Florida 32801
Telephone: (407) 414-3846
Primary Service Email Address:
EService@HagoodHagood.com
*Counsel for the Defendants*

## Certificate of Service

I HEREBY CERTIFY that on March 31, 2023, I electronically filed the foregoing document with the Clerk of the United States District Court for the Southern District of Florida using the CM/ECF system which will cause a copy of the foregoing document to be served by email to all counsel and pro se parties of record.

Signature of Filer