UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:21-cv-81995-AMC CANNON/Maynard

RMST HOLDING COMPANY, INC.,
R.M. STARK & CO, INC., and
GARY L. STARK,

    **Plaintiffs,**

vs.

PREMIUM 72 CAPITAL, LLC,
PREMIUM 72 INTERNATIONAL, LLC,
AYNBET INVESTMENTS, LLC,
ARTURO NICOLAYEVSKY,
EDUARDO PEREZ,

    **Defendants.**
_____/

### AFFIDAVIT OF ARTURO NICOLAYEVSKY IN SUPPORT OF DEFENDANTS' MOTION TO SET ASIDE THE CLERK'S DEFAULT

I, ARTURO NICOLAYEVSKY, being duly sworn, hereby state and affirm as follows:

1. I am the Managing Member of PREMIUM 72 CAPITAL, LLC, a defendant in the above-captioned action.

2. I have personal knowledge of the facts stated in this affidavit, and, if called as a witness, I could and would testify competently to such facts under oath.

3. Premium 72 Capital, LLC has acted diligently in retaining counsel to represent it in this action. Specifically:

    a. After Carlin Law Firm withdrew on January 5, 2023, I immediately started researching for new law firms/attorneys to represent Premium

72 Capital, LLC in our efforts to comply with Judge Cannon's and Magistrate Reinhardt's Orders.

b. I searched for legal representation through personal referrals, attorneys that we knew previously, internet searches, and even included in my search Texas registered attorneys that had knowledge of Florida Law, were licensed in the State of Florida and were familiar with this Court.

c. I spent several weeks interviewing various firms and attorneys by phone, email, and following up on referrals. I interviewed each of the firms/attorneys I found and communicated to them the requisite background and required experience to handle, manage and follow through with the existing Case including the firms of Stovash, Case, Shay & Pearce, P.A., Glantz Law Firm, and Sherman Law Services.

d. It took a great deal of time and diligent effort to find, explain, and give information to all the firms I interviewed; ultimately, they all declined to represent, or we were not able to pay the requested retainer for them to represent Premium 72 Capital.

e. Due to the complexity of the Case, the length of the litigation, the expense of the requested retainers for representation, and the limited resources available the Defendants to pay the initial retainer we were not able to retain counsel for over two months.

f. Premium 72 Capital, LLC was finally able to retain Hagood & Hagood, PLLC on March 28, 2023.

4. Premium 72 Capital, LLC has meritorious defenses to the Plaintiffs' claims as follows:

   a. The Plaintiffs misrepresented financial information to Byline, Defendant and regulators; that included several different and misleading, false and contradicting accounting methods Plaintiffs used and the Defendants, Byline and FINRA relied upon when they agreed to enter into the Stark, et al. to OPC Stock Purchase Agreement with the Plaintiffs executed on January 2, 2020.

   b. The Defendants have been directly harmed by their reliance on the Plaintiffs misrepresentations and fraudulent inducement to enter into the agreement.

   c. On September 22, 2020, Arturo Nicolayevsky, became Majority Shareholder of RMST/RMS, owning 82% of both companies, and was registered on September 29, 2020, Arturo Nicolayevsky was registered on the State of Florida's website SunBiz as President, Treasury, Secretary and Director of both RMST and RMS.

   d. Plaintiff violated OPC Stock Purchase Agreement by never respecting, nor acknowledging Defendant's Shareholder and Director positions in RMST/RMS. Furthermore, in March 2021, RMS' CEO, made changes on the State of Florida's website SunBiz without authorization, corporate Minutes removed Arturo Nicolayevsky from his position of RMS' President, Treasury, Secretary and Director, and added herself in all the above-mentioned Director positions of RMS

e. Since September 22, 2020, Plaintiff has breach and violated his fiduciary obligation by vehemently refusing to provide financial statements and their supportive documentation to Defendant when requested, in spite of Defendant being majority Shareholder and PSDT of RMST/RMS, Plaintiff's refusal to provide such request financial documents Defendant, clearly violated RMST's Bylaws, F.S Laws.

f. Since OPC Stock Purchase Agreement with the Plaintiffs was executed to date, the Plaintiffs has never ceased to control and manage RMS's day-to-day operations. Defendant denies, with evidence, that he never breached FINRA's CMA and Attestation Letter, as per FINRA's and Corporate law's definitions of day-to-day operations

g. Plaintiff violated several sections in the OPC Stock Purchase Agreement and Plaintiffs did not meet the requirements to be paid at the time the Promissory note was due.

5. I am submitting this affidavit in support of Premium 72 Capital, LLC 's Motion to Set Aside the Clerk's Default entered against it in this action.

6. I respectfully request that the Court grant Premium 72 Capital, LLC's motion to set aside the clerk's default, allow Premium 72 Capital, LLC to file an answer, and permit Premium 72 Capital, LLC to defend this action on the merits.

7. I understand that a false statement in this affidavit may subject me and Premium 72 Capital, LLC to penalties for perjury.

8. I declare under penalty of perjury under the laws of the State of Florida and the United States of America that the foregoing is true and correct.

Executed on this 31st day of March 2023, in the city of Houston, Harris County, Texas.

_____
Arturo Nicolayevsky
121 N Post Oak Ln # 705
Houston, TX 77024
Harris County, TX

Subscribed and sworn to before me this 31st day of March 2023.

_____
Notary Public, State of Texas
My Commission Expires:



JORGE ANTONIO GONZALEZ
Notary Public, State of Texas
Comm. Expires 07-22-2026
Notary ID 11293753

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:21-cv-81995-AMC CANNON/Maynard

RMST HOLDING COMPANY, INC.,
R.M. STARK & CO, INC., and
GARY L. STARK,

      Plaintiffs,

vs.

PREMIUM 72 CAPITAL, LLC,
PREMIUM 72 INTERNATIONAL, LLC,
AYNBET INVESTMENTS, LLC,
ARTURO NICOLAYEVSKY,
EDUARDO PEREZ,

      Defendants.
_____/

**AFFIDAVIT OF ARTURO NICOLAYEVSKY IN SUPPORT OF DEFENDANTS' MOTION TO SET ASIDE THE CLERK'S DEFAULT**

I, ARTURO NICOLAYEVSKY, being duly sworn, hereby state and affirm as follows:

1. I am the Managing Member of PREMIUM 72 INTERNATIONAL, LLC, a defendant in the above-captioned action.

2. I have personal knowledge of the facts stated in this affidavit, and, if called as a witness, I could and would testify competently to such facts under oath.

3. Premium 72 International, LLC has acted diligently in retaining counsel to represent it in this action. Specifically:

    a. After Carlin Law Firm withdrew on January 5, 2023, I immediately started researching for new law firms/attorneys to represent Premium

72 International, LLC in our efforts to comply with Judge Cannon's and Magistrate Reinhardt's Orders.

b. I searched for legal representation through personal referrals, attorneys that we knew previously, internet searches, and even included in my search Texas registered attorneys that had knowledge of Florida Law, were licensed in the State of Florida and were familiar with this Court.

c. I spent several weeks interviewing various firms and attorneys by phone, email, and following up on referrals. I interviewed each of the firms/attorneys I found and communicated to them the requisite background and required experience to handle, manage and follow through with the existing Case including the firms of Stovash, Case, Shay & Pearce, P.A., Glantz Law Firm, and Sherman Law Services.

d. It took a great deal of time and diligent effort to find, explain, and give information to all the firms I interviewed; ultimately, they all declined to represent, or we were not able to pay the requested retainer for them to represent Premium 72 International.

e. Due to the complexity of the Case, the length of the litigation, the expense of the requested retainers for representation, and the limited resources available the Defendants to pay the initial retainer we were not able to retain counsel for over two months.

f. Premium 72 International, LLC was finally able to retain Hagood & Hagood, PLLC on March 28, 2023.

4. Premium 72 International, LLC has meritorious defenses to the Plaintiffs' claims as follows:

   a. The The Plaintiffs misrepresented financial information to Byline, Defendant and regulators; that included several different and misleading, false and contradicting accounting methods Plaintiffs used and the Defendants, Byline and FINRA relied upon when they agreed to enter into the Stark, et al. to OPC Stock Purchase Agreement with the Plaintiffs executed on January 2, 2020.

   b. The Defendants have been directly harmed by their reliance on the Plaintiffs misrepresentations and fraudulent inducement to enter into the agreement.

   c. On September 22, 2020, Arturo Nicolayevsky, became Majority Shareholder of RMST/RMS, owning 82% of both companies, and was registered on September 29, 2020, Arturo Nicolayevsky was registered on the State of Florida's website SunBiz as President, Treasury, Secretary and Director of both RMST and RMS.

   d. Plaintiff violated OPC Stock Purchase Agreement by never respecting, nor acknowledging Defendant's Shareholder and Director positions in RMST/RMS. Furthermore, in March 2021, RMS' CEO, made changes on the State of Florida's website SunBiz without authorization, corporate Minutes removed Arturo Nicolayevsky from his position of RMS' President, Treasury, Secretary and Director, and added herself in all the above-mentioned Director positions of RMS

e. Since September 22, 2020, Plaintiff has breach and violated his fiduciary obligation by vehemently refusing to provide financial statements and their supportive documentation to Defendant when requested, in spite of Defendant being majority Shareholder and PSDT of RMST/RMS, Plaintiff's refusal to provide such request financial documents Defendant, clearly violated RMST's Bylaws, F.S Laws.

f. Since OPC Stock Purchase Agreement with the Plaintiffs was executed to date, the Plaintiffs has never ceased to control and manage RMS's day-to-day operations. Defendant denies, with evidence, that he never breached FINRA's CMA and Attestation Letter, as per FINRA's and Corporate law's definitions of day-to-day operations

g. Plaintiff violated several sections in the OPC Stock Purchase Agreement and Plaintiffs did not meet the requirements to be paid at the time the Promissory note was due.

5. I am submitting this affidavit in support of Premium 72 International, LLC 's Motion to Set Aside the Clerk's Default entered against it in this action.

6. I respectfully request that the Court grant Premium 72 International, LLC's motion to set aside the clerk's default, allow Premium 72 International, LLC to file an answer, and permit Premium 72 International, LLC to defend this action on the merits.

7. I understand that a false statement in this affidavit may subject me and Premium 72 International, LLC to penalties for perjury.

8. I declare under penalty of perjury under the laws of the State of Florida and the United States of America that the foregoing is true and correct.

Executed on this 31st day of March 2023, in the city of Houston, Harris County, Texas.

_____
Arturo Nicolayevsky
121 N Post Oak Ln # 705
Houston, TX 77024
Harris County, TX

Subscribed and sworn to before me this 3/31 day of March 2023.

_____
Notary Public, State of Texas
My Commission Expires:

JORGE ANTONIO GONZALEZ
Notary Public, State of Texas
Comm. Expires 07-22-2026
Notary ID 11293753