UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 21-81995-CIV-CANNON/Reinhart
22-80838-CIV-CANNON/Reinhart

**RMST HOLDING COMPANY, INC.,**
**R.M. STARK & CO, INC**, and
**GARY L. STARK**,

    Plaintiffs,
v.

**PREMIUM 72 CAPITAL, LLC et al.**,

    Defendants.
_____/

**BYLINE BANK**,

    Plaintiff,

v.

**PREMIUM 72 CAPITAL LLC**,
**AYNBET INVESTMENTS LLC**,
**R.M. STARK & CO., INC.**,
**ARTURO NICOLAYEVSKY**, and
**GARY STARK**,

    Defendants.
_____/

**ORDER GRANTING DEFENDANTS'**
**MOTION TO SET ASIDE CLERK'S DEFAULT**

**THIS CAUSE** comes before the Court upon the Motion to Set Aside Clerk's Default filed by Defendants Premium 72 Capital, LLC, Premium 72 International, LLC, Aynbet Investments, LLC, and Eduardo Perez ("Defendants") [ECF No. 207], filed on March 31, 2023. The Court has reviewed the Motion and is otherwise fully advised in the premises. For the reasons stated below, the Motion [ECF No. 207] is **GRANTED**.

CASE NO. 21-81995-CIV-CANNON/Reinhart

\* \* \*

On January 5, 2023, Magistrate Judge Reinhart granted defense counsel's Motion to Withdraw as Counsel and directed Defendants to retain counsel by January 19, 2023 [ECF No. 149]. Magistrate Judge Reinhart's Order noted that "failure to retain counsel may result in an entry of default" [ECF No. 149 p. 3 (internal quotation marks omitted)]. On January 16, 2023, on motion of Defendant Arturo Nicolayevsky requesting additional time, the Court extended the deadline for Defendants to retain counsel to February 3, 2023 [ECF Nos. 155, 156]. Defendants did not retain new counsel by the extended February 3, 2023, deadline, nor did Defendant Perez file a Notice of Intent to Proceed Pro Se [ECF No. 149].[1] In light of that noncompliance, on February 20, 2023, Plaintiffs moved for entry of a Clerk's default against Defendants [ECF No. 103]. And the next day, the Clerk entered default against Defendants [ECF No. 177].

On March 31, 2023, more than a month after the Clerk's entry of default, counsel for Defendants filed a notice of appearance [ECF No. 206]. Defendants now move to set aside the Clerk's default under Rule 55(c) of the Federal Rules of Civil Procedure [ECF No. 207]. In support of the Motion, Defendants say that despite their diligent efforts, they were unable to retain counsel until March 28, 2023, due to the "complexity of the issues, the size of the docket, the convoluted procedural history and [Defendants'] increasingly financial constraints" [ECF No. 207 p. 11].

Rule 55(c) allows courts to set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). Although the meaning of "good cause" is "not susceptible to a precise formula," the Eleventh Circuit has recognized "some general guidelines," including the following considerations: (1) whether the default was culpable or willful, (2) whether setting default aside

---

[1] Defendant Nicolayevsky filed a Notice of Pro Se Appearance [ECF No. 160] on February 3, 2023, and subsequently filed an Answer to the Third Amended Complaint [ECF No. 178].

2

CASE NO. 21-81995-CIV-CANNON/Reinhart

would prejudice the adversary, and (3) whether the defaulting party presents a meritorious defense. *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). In this case, although Defendants clearly failed to comply with the Court's Order to Retain Counsel, the Court will exercise its discretion to set aside the Clerk's entry of default and provide Defendants with **one final opportunity** to participate in this matter meaningfully and in compliance with all Court deadlines and rules of procedure. Defendants have retained counsel who has filed a notice of appearance in this matter [ECF No. 206], and the Motion states that Defendants are ready to proceed with responding to the Third Amended Complaint [ECF No. 207 pp. 10–11]. As such, and in accordance with the "the usual preference that cases be heard on the merits," *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985), the Court finds good cause to set aside the entry of default. **Nevertheless**, **Defendants are cautioned that continued failure to comply with Court orders may result in sanctions, including dismissal for failure to comply with Court orders.**

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Set Aside Clerk's Default [ECF No. 207] is **GRANTED**.

2. The Clerk's default entered against Defendants Aynbet Investments, LLC, Eduardo Perez, Premium 72 Capital, LLC, and Premium 72 International, LLC [ECF No. 177] is **VACATED**.

3. Plaintiff's Motion for Default [ECF No. 202] is **DENIED AS MOOT**.

4. On or before **April 20, 2023**, Defendants shall file a single combined response or separate answers to the Third Amended Complaint [ECF No. 117].

CASE NO. 21-81995-CIV-CANNON/Reinhart

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 5th day of April 2023.

                                                **AILEEN M. CANNON**
                                                **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record