UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:21-cv-81995-AMC CANNON/ Reinhart

**RMST HOLDING COMPANY, INC.,
R.M. STARK & CO, INC., and
GARY L. STARK,**

    **Plaintiffs,**

vs.

**PREMIUM 72 CAPITAL, LLC,
PREMIUM 72 INTERNATIONAL, LLC,
AYNBET INVESTMENTS, LLC,
ARTURO NICOLAYEVSKY,
EDUARDO PEREZ,**

    **Defendants.**
_____/

## DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT

Defendants, Eduardo Perez, Premium 72 Capital, LLC, Premium 72 International, LLC and Aynbet Investments, LLC, move to dismiss Plaintiffs', RMST Holding Company, Inc., R.M. Stark & Co. Inc., and Gary Stark, Third Amended Complaint, filed November 14, 2022 [DE-117], pursuant to Federal Rule of Civil Procedure 12(b)(6). In support, Defendants state:

## FACTS

1. Plaintiffs' Third Amended Complaint (the "Complaint") contains 29 counts spanning 86 pages, including 377 numbered paragraphs, some with as many as 24 subparagraphs.

2. The first 205 paragraphs of the Complaint are wholly incorporated into *each* of the following 29 counts, regardless of whether the factual allegations pertain to that particular count and defendant.

3. Additionally, the Complaint includes 13 counts for declaratory judgment, 12 of which are nothing more than vague, conclusory recitations of the elements. Beyond their conclusory nature, each of Counts 17 through 29 is based on the same perplexing statement: "The lack of authority of Nicolayevsky and Perez to enter into a loan that encumbers RMST and RM Stark's assets is untenable." *See, e.g.* (Complaint, ¶323).

4. In total, the Complaint makes claims against 14 defendants.

5. Paragraph 61 alleges, in 24 separate subparagraphs, a slew of allegations against "NICOLAYEVSKY and/or PEREZ" without any indication of who is being accused of which act. These 24 subparagraphs are then incorporated into each of the 29 counts of the Complaint.

6. Many of the paragraphs contain vague, conclusory allegations against all 14 Defendants, without specifying who is alleged to have actually committed the act, or how the actions of all 14 Defendants pertain to claims against the others. *See, e.g.* (Complaint, ¶53, ¶151, ¶185, ¶234-236, ¶320, ¶325, ¶330, ¶335, ¶340, ¶345, ¶350, ¶355).

7. Paragraph 59 wholly incorporates three pages of the FINRA Continuing Membership Application (the "CMA"), without providing any indication of which provisions are claimed to be at issue.

8. The Complaint includes immaterial factual allegations against third parties that appear to be entirely unrelated to Plaintiff's causes of action. *See, e.g.* (Complaint, ¶62 (criminal accusations against one Peggy Lebert); ¶132, ¶187 (apparent allegations of negligence by unidentified former counsel for Premium 72). To the extent these allegations are in some way related to Plaintiffs' claims against the Defendants in this case, the Complaint fails to explain how. Each of these allegations are then incorporated into each of the 29 counts.

## Memorandum of Law

The Federal Rules of Civil Procedure bar shotgun pleadings because they tend to distract from a case's merits and waste scarce judicial resources. A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). Rule 8(a)(2) requires the complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.*; Fed. R. Civ. P. 8(a)(2). Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

The "self-evident" purpose of these rules is to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and defend accordingly. *Barmapov*, 986 F.3d at 1324. These rules were also written for the benefit of the court, which must be able to determine "which facts support which claims," "whether the plaintiff has stated any claims upon which relief can be granted," and "whether evidence introduced at trial is relevant". *Id.* Beyond

violating the rules, courts are wary of the effect shotgun pleadings have on later proceedings. Shotgun pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine[s] the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (alterations adopted) (internal quotation marks omitted).

Shotgun pleadings "are flatly forbidden by the spirit, if not the letter, of [the Federal Rules of Civil Procedure]" because they are "calculated to confuse the 'enemy,' and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked." *Barmapov*, 986 F.3d at 1324. In short, the Eleventh Circuit has "little tolerance" for shotgun pleadings. *Vibe Micro*, 878 F.3d at 1295.

The essence of a shotgun pleading is "that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. District Bd. Of Trustees of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). In order to avoid presenting that fundamental problem, a complaint must allow the defendant or the court, as appropriate, to "discern what [the plaintiff] is claiming and frame a responsive pleading," determine "which facts support which claims," and determine "whether evidence introduced at trial is relevant". *Barmapov*, 986 F.3d at 1327; *See also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (describing a complaint with four counts that each incorporated 43 numbered paragraphs of factual allegations, many of which appeared to relate to only one or two counts, as "an all-too-typical shotgun pleading").

In an effort to categorize the precise defects that produce that fundamental problem, Federal Courts have identified four "rough types" of shotgun pleadings. *Vujin v. Galbut*, 836 F. App'x 809, 815 (11th Cir. 2020).  The first is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Barmapov v. Amuial, 986 F.3d 1321, 1322 (11th Cir. 2021)*. The second is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id*. at 1322. The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. *Id*. at 1323. And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id*.

## ANALYSIS

Plaintiffs' Complaint is a shotgun pleading and should be dismissed on that basis.  Of the four rough types of shotgun pleadings described in *Barmapov*, Plaintiffs' Complaint most closely resembles the second and fourth categories.

The second category of shotgun pleadings are those that are replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.  In the instant Complaint, Plaintiffs incorporate nearly every factual allegation, a total of 205 paragraphs, into each of his 29 counts.  That, alone, makes it difficult for a Defendant to determine "which facts support which claims."

Making matters worse, the factual allegations that end up incorporated into every count of the Complaint contain immaterial allegations against nonparties. *See, e.g.* (Complaint, ¶62 (criminal accusations against one Peggy Lebert); ¶132, ¶187 (apparent allegations of negligence by unidentified former counsel for Premium 72)). Plaintiffs fail to allege, or in any way indicate, how those allegations support any cause of action against any particular defendant in this case.

It is also worth mentioning Counts 12 through 15. Counts 12 and 14 are entirely duplicative, as they are both counts for conversion. Count 12 is styled as "civil theft," but no written demand compliant with Section 772.11, Florida Statutes is alleged. Counts 13 and 15 are similarly duplicative, in that they are purported causes of action for "aiding and abetting" the duplicative conversion and civil theft counts. These duplicative counts serve no purpose other than to convolute the Complaint and further complicate the defense of this case.

The fourth category of shotgun pleadings are those that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. Count 6 is a particularly egregious example. Count 6 purports to make breach of contract claims against all Defendants based on breach of a "Supplemental Purchase Agreement." However, Plaintiffs' own Exhibit D shows that only four of the 14 Defendants are parties to the Supplemental Purchase Agreement.

In addition, many of those paragraphs do not specify which of the 14 Defendants is alleged to have acted, leaving each defendant to guess as to whether

Plaintiff is alleging that fact against him, or another defendant. *See, e.g.* (Complaint, ¶53, ¶151, ¶185, ¶234-236, ¶320, ¶325, ¶330, ¶335, ¶340, ¶345, ¶350, ¶355).

Regardless of which category of shotgun pleading the Complaint falls into, it is clear that Plaintiffs have failed to provide "a short and plain statement of the claim,". Instead, the Complaint contains 377 paragraphs and miscellaneous allegations against nonparties. The way it is drafted deprives Defendants of any clarity regarding which counts the first 205 paragraphs apply to.  In addition, many of the allegations are vague and conclusory, at times not even specifying which of the Defendants is alleged to have committed the act.  There are 13 repetitive, vague and conclusory counts for declaratory judgment, and Counts 12 through 15 are wholly repetitive of each other.  Taken together, these deficiencies make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief,".  The Complaint is an impermissible shotgun pleading and, for that reason, it should be dismissed.

**WHEREFORE**, Defendants respectfully request that this Honorable Court enter an order dismissing Plaintiffs' Third Amended Complaint as a shotgun pleading, for failure to comply with Federal Rules of Civil Procedure 8(a)(2) or 10(b).

HAGOOD & HAGOOD, PLLC
501 N Magnolia Avenue | Orlando, Florida 32801 | (407) 414–3846

Dated: April 20, 2023

Respectfully submitted,

_____
**HAGOOD & HAGOOD, PLLC**
Hunter A. Hagood-James, Esq.
Florida Bar No. 1020504
501 N Magnolia Avenue
Orlando, Florida 32801
Telephone: (407) 414-3846
Primary Service Email Address:
EService@HagoodHagood.com
*Counsel for the Defendants*

## Certificate of Service

I HEREBY CERTIFY that on April 20, 2023, I electronically filed the foregoing document with the Clerk of the United States District Court for the Southern District of Florida using the CM/ECF system which will cause a copy of the foregoing document to be served by email to all counsel and pro se parties of record.

_____
Signature of Filer