**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:21-cv-81995-AMC**

**RMST HOLDING COMPANY, INC.,** *et al.*

    Plaintiffs,

v.

**PREMIUM 72 CAPITAL, LLC,** *et al.*

    Defendants.
_____/

**BYLINE BANK,**                                        **Consolidated Action: 22-80838-CIV-AMC**

    Plaintiff,

v.

**PREMIUM 72 CAPITAL LLC,** *et al.*

    Defendants.
_____/

**RESPONSE IN OPPOSITION TO DEFENDANTS'**
**MOTION TO DISMISS THIRD AMENDED COMPLAINT**

I.   **PRELIMINARY STATEMENT**

On November 14, 2022, Plaintiffs RMST Holding Company, Inc. ("RMST"), R.M. Stark & Co., Inc. ("RM Stark") and Gary L. Stark ("Mr. Stark") (collectively, the "Stark Plaintiffs") filed their Third Amended Complaint (the "TAC") against multiple defendants, including Eduardo Perez ("Perez"), Premium 72 Capital, LLC ("Premium 72"), Premium 72 International, LLC ("Premium Int'l"), and Aynbet Investments, LLC ("Aynbet") (collectively, "Defendants").[1] The TAC asserts the following causes of action against the aforementioned Defendants: (1) Counts I, III, XVIII, XIX, XX, XXI, XXII, XXIII, XXIV, XXV, XXVI, XXVII, and XXVIII concern various forms of Declaratory Relief; (2) Count II: Injunctive Relief; (3) Count IV: Breach of Promissory Note; (4) Count V: Breach of Stock Purchase Agreement; (5) Count VI: Breach of Supplemental Purchase Agreement; (6) Count VII: Breach of Continuing Membership Application (the "CMA"); (7) Count VIII: Breach of Fiduciary Duty; (8) Count IX: Tortious Interference; (9) Count X: Account and Access to Records; (10) Count XI: Petition to Appoint a Receiver; (11) Count XII: Civil Theft; (12) Count XIV: Conversion; and (13) Count XXIX: Alternative Declaratory Relief. Defendants filed their Motion to Dismiss the TAC on April 20, 2023 (the "Motion"). Each of the Stark Plaintiffs' claims against Defendants arise from their purported purchase of RMST and RM Stark from Mr. Stark, and their negligence, malfeasance, and mismanagement of RMST and RM Stark.

First, Defendants have already filed a motion to dismiss the same claims against them, which the Court previously denied. Additionally, Defendants previously consented to entry of a preliminary injunction against them based on some of the claims they now seek to dismiss. The

---

[1] The movant Defendants are four of the six "Purchasing Defendants" identified in the Stark Plaintiffs' TAC. *See* TAC, at 2. The non-movant Purchasing Defendants are Arturo Nicolayevsky ("Nicolayevsky") and Isaac Wright "Wright"). Wright was voluntarily dismissed on January 11, 2023 (ECF No. 151).

Court entered the preliminary injunction on June 3, 2022. The procedural history of this case alone compels denial of Defendants' Motion. Moreover, Defendants' Motion does not contain any substantive arguments. Instead, Defendants' Motion relies on their mischaracterization of the Stark Plaintiff's TAC as a so-called "shotgun" pleading and a misguided contention that some counts are duplicative of one another. A review of the TAC reveals, however, that all of Defendants' arguments are without merit. The Stark Plaintiffs have sufficiently alleged facts to state claims against each of the Defendants. Accordingly, the Court should deny Defendants' Motion.

Furthermore, this Court had previously ordered that all the Defendants and Nicolayevsky file their pleadings jointly (DE-5). Nicolayevsky already filed an Answer to the TAC (DE-178). The Defendants are all privies of Nicolayevsky. *NTCH-WA v. ZTE Corp.*, 921 F.3d 1175 (9th Cir. 2019) (holding under Florida law corporation dominated by shareholder was a privy of the shareholder for res judicata or collateral estoppel purposes); *Piemonte v. Chicago Bd. Options Exchange*, 405 F.Supp. 711 (S.D.N.Y 1971) (holding a nonmoving privy of party moving to dismiss to be part a moving party nonetheless). Consequently, the Defendants cannot bring a motion to dismiss under Fed. R. Civ. Pro. 12(b) after Nicolayevksy already filed an answer. *Lewis v. Schafer*, 571 F.Supp.2d 54 (D.C.D.C. 2008).

II.     **MOTION TO DISMISS STANDARD**

In considering a motion to dismiss, the allegations in plaintiff's complaint are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998). A motion to dismiss only tests the sufficiency of the complaint and is not to be utilized to decide the merits of the case. *Wein v. American Huts, Inc.*, 313 F.Supp.2d 1356, 1359 (S.D. Fla. 2004). "[T]he threshold of sufficiency that a complaint must

meet to survive a motion to dismiss for failure to state a claim is exceedingly low." *Quality Foods de Centro America, SA v. Latin Am. Agribusiness Dev. Corp.*, 711 F.2d 989 995 (11th Cir. 1983).

## III. THE PROCEDURAL HISTORY OF THIS CASE COMPELS DENIAL OF DEFENDANTS' MOTION

Defendants previously filed a motion to dismiss the Stark Plaintiffs' claims, which the Court denied on May 11, 2022 (ECF No. 32). While the Stark Plaintiffs have since amended their complaint to add additional parties and add additional allegations against Byline Bank, the substantive allegations against the moving Defendants have not changed since the Court originally denied their motion to dismiss. When an amended pleading has been filed that does not change the allegations against a defendant that previously filed an answer, the defendant is not entitled to file a motion to dismiss against the amended pleading. *Kalin v. Xanboo, Inc.*, 526 F.Supp.2d 392 (S.D. NY 2007). Defendants wholly ignore the Court's prior decision and provide no basis or argument as to why the Court should revisit its prior determination that the Stark Plaintiffs' allegations against these Defendants are sufficient to withstand a motion to dismiss. Further, Defendants' Motion completely ignores the Court's Order Granting Joint Motion for Entry of Consent Preliminary Injunction (ECF No. 45) (the "Preliminary Injunction"), which was entered based on the Stark Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 26) and Defendants' withdrawal of opposition thereto.[2] The Preliminary Injunction was entered in connection with claims that Defendants now seek to dismiss. Defendants should not be permitted to circumvent the Preliminary Injunction by filing a stale motion to dismiss. Defendants' disregard for the procedural history of this case and attempt to dismiss a complaint with allegations

---

[2] At the time, Defendants were represented by different counsel.

that the Court already found sufficient should be rejected out of hand and Defendants' Motion should be denied.

IV. **THE STARK PLAINTIFFS HAVE SUFFICIENTLY PLED THEIR CLAIMS**

Even if Defendants' Motion is not denied based on the procedural history of this case alone, their Motion remains unavailing. Defendants have moved to dismiss the TAC as a shotgun pleading that violates Rule 8(a)(2) or Rule 10(b) of the Federal Rules of Civil Procedure. *See Barmapov. v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).[3] They allege that the TAC resembles the second and fourth categories of shotgun pleadings identified by the Eleventh Circuit in *Barmapov*. *Id.* at 1324-25. The second category is "a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," and the fourth is "a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

Plaintiff's TAC, however, does not meet the description of either of the above categories. Far from being a pleading within which "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief," *Anderson v. District Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996), the TAC clearly alleges facts supporting Plaintiffs' claims and clearly distinguishes which facts and claims apply to which defendants.

Additionally, the Defendants attempt in ¶2 of their Motion to Dismiss to imply that the 205 paragraphs of the TAC were impermissibly incorporated into each of the 29 counts. This is an

---

[3] Rule 8(a)(2) requires the complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Barmapov*, 986 F.3d at 1324. Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b); *Barmapov*, 986 F.3d at 1324. Although their motion implicates Rules 8 and 10 of the Federal Rules of Civil Procedure, Defendants have moved for dismissal pursuant to Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

incorrect interpretation of *Barmapov*. In *Pastore v. GT Marketing Group USA,* No. 6: 21-cv-1483-PGB-DCI (M.D. Fla. Feb. 10, 2022), the Court there explained

> Incorporation by reference by itself, however, does not run afoul of the rule against shotgun pleadings; instead, the allegations of each count must be "rolled into every successive count on down the line." Id. at 1324. To illustrate, Count II (the successive count here) would need to incorporate by reference all the paragraphs alleged in Count I—that is, all of paragraphs 67 through 78, on top of paragraphs 1 through 66. Instead, Count II permissibly incorporates by reference the allegations in paragraphs 1 through 68. As such, the First Amended Complaint is not a shotgun pleading.

A. <u>The TAC Clearly Alleges Facts Supporting the Claims Against Defendants</u>

Defendants seem to rely primarily on the length of Plaintiff's TAC to support their argument that the TAC is a shotgun pleading. A reading of the TAC, however, reveals that each allegation provides necessary support for Plaintiff's claims. As a result, the TAC is a far cry from a "mostly incoherent document containing duplicative, inconsistent, and wholly conclusory allegations." *Cf. Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1293 (11th Cir. 2018) (quotations omitted). The fact that this matter concerns a number of defendants, and numerous agreements and loans such that the TAC necessitates many pages does not somehow transform it from an organized complaint to a shotgun pleading. In fact, the complicated circumstances giving rise to this dispute are largely the result of Defendants' own malfeasance, convoluted corporate structure, and disregard for corporate formalities. Defendants should not be permitted to weaponize their own purposely disjointed corporate structure and dealings to now argue confusion. *See, e.g., Liu v. SEC*, 140 S. Ct. 1936 (2020).

The majority of the Stark Plaintiffs' claims concern the actions of the Purchasing Defendants—specifically, Nicolayevsky and Perez—to enter into loans on behalf of RMST and RM Stark from various entities without the consent of the Board of Directors of RMST and RM

6

Stark, and in violation of Florida law. The following roadmap outlines the information contained in the TAC:

- ¶ 1: Summarizes the nature of the instant dispute

- ¶¶ 2-24: Concerns the parties, jurisdiction, and venue

- ¶¶ 25-27: Contains background facts regarding RM Stark

- ¶¶ 28-41: Concerns Defendants' purchase of RM Stark

- ¶¶ 42-53: Describes Defendants' breach of the Supplemental Purchase Agreement

- ¶¶ 54-60: Describes the attestations that Defendants breached in connection with the FINRA CMA

- ¶¶ 61-70: Describes the unauthorized, improper, and unlawful actions of Defendants to harm RM Stark

- ¶¶ 71-200: Describes various unauthorized, improper, and unlawful loans made by Purchasing Defendants who pledged RMST and RM Stark's assets without the knowledge or consent of the Board of Directors of RMST and RM Stark

    o ¶¶ 71-110: Concerns Purchasing Defendants' fraudulently obtained Small Business Administration ("SBA") loan from Byline Bank ("Byline")

    o ¶¶ 111-132: Concerns Defendants' Nicolayevsky and Perez' improperly obtained loans from AMZ Group, LLC ("AMZ")

    o ¶¶ 133-148: Concerns fraudulently obtained Payroll Protection Program ("PPP") loans from the SBA involving the Purchasing Defendants and Byline

    o ¶¶ 149-163: Concerns an unauthorized loan from Zahav Asset Management, LLC ("ZAM")

    o ¶ 164: Concerns an unauthorized loan from Kingdom Logistics, LLC ("Kingdom")

    o ¶¶ 165-167: Concerns another unauthorized loan entered into by Nicolayevsky and Perez with NFG Advance, LLC ("NFG")

- o ¶¶ 168-171: Concerns another unauthorized loan entered into by Nicolayevsky and Perez with Prompt Capital Funds, LLC ("Prompt")

- o ¶¶ 172-175: Concerns another unauthorized loan entered into by Nicolayevsky and Perez with Pinnacle Business Funding, LLC ("Pinnacle")

- o ¶¶ 176-180: Concerns another unauthorized loan entered into by Nicolayevsky and Perez with Money Store Funding ("Money Store")

- o ¶¶ 181-190: Concerns another unauthorized loan entered into by Nicolayevsky and Perez with Bitty Advance 2, LLC ("Bitty")

- o ¶¶ 191-200: Concerns another unauthorized loan entered into by Nicolayevsky with Byline to purchase another broker-dealer called Sandlapper

- ¶¶ 201-205: Concerns the unauthorized sale by Nicolayevsky and Perez of RMST stock to Wright to raise capital for RMST

- ¶¶ 206-377: Counts I through XXIX against the defendants in this action

  - o ¶¶ 206-211: Count I, Declaratory Relief against Premium 72, Nicolayevsky, and Perez regarding the management, operation, and control of RMST and RM Stark

  - o ¶¶ 212-217: Count II, Injunctive Relief against Premium 72, Nicolayevsky, and Perez to enjoin their interference in the management, operation, and control of RMST and RM Stark

  - o ¶¶ 218-222: Count III, Declaratory Relief against Premium 72, Premium Int'l, Nicolayevsky, and Perez as to the terms of the promissory note between the parties and the security interest of Mr. Stark in the securities of RMST and other stock held be Defendants

  - o ¶¶ 223-228: Count IV, Breach of Promissory Note against Premium Int'l, Nicolayevsky, and Perez

  - o ¶¶ 229-233: Count V, Breach of Stock Purchase Agreement as to Premium 72, Nicolayevsky, and Perez

  - o ¶¶ 234-237: Count VI, Breach of Supplemental Purchase Agreement against Premium Int'l, Nicolayevsky, and Perez (*see* ¶¶ 42-53)

  - o ¶¶ 238-241: Count VII, Breach of CMA as to Premium 72, Premium Int'l, Aynbet, Nicolayevsky, and Perez

- o ¶¶ 242-245: Count VIII, Breach of Fiduciary Duty as to Premium 72, Aynbet, Nicolayevsky, and Perez

- o ¶¶ 246-249: Count IX, Tortious Interference against Premium 72, Aynbet, Nicolayevsky, Perez, and Wright

- o ¶¶ 250-255: Count X, Accounting and Access to Records against Premium 72, Aynbet, Nicolayevsky, Perez, and Wright

- o ¶¶ 256-260: Count XI, Petition to Appoint a Receiver as to Premium 72 and Premium Int'l

- o ¶¶ 261-266: Count XII, Civil Theft as to Nicolayevsky and Perez

- o ¶¶ 267-273: Count XIII, Aiding and Abetting Civil Theft as to Byline

- o ¶¶ 274-278: Count XIV, Conversion as to Nicolayevsky and Perez

- o ¶¶ 279-287: Count XV, Aiding and Abetting Conversion as to Byline

- o ¶¶ 288-300: Count XVI, Negligence as to Byline

- o ¶¶ 301-314: Count XVII, Gross Negligence as to Byline

- o ¶¶ 315-321: Count XVIII, Declaratory Relief against Premium 72, Premium Int'l, Nicolayevsky, Perez, and Byline

- o ¶¶ 322-326: Count XIX, Declaratory Relief against Premium 72, Premium Int'l, Nicolayevsky, Perez, and ZAM

- o ¶¶ 327-331: Count XX, Declaratory Relief against Premium 72, Premium Int'l, Nicolayevsky, Perez, and Kingdom

- o ¶¶ 332-336: Count XXI, Declaratory Relief against Premium 72, Premium Int'l, Nicolayevsky, Perez, and NFG

- o ¶¶ 337-341: Count XXII, Declaratory Relief against Premium 72, Premium Int'l, Nicolayevsky, Perez, and Prompt

- o ¶¶ 342-346: Count XXIII, Declaratory Relief against Premium 72, Premium Int'l, Nicolayevsky, Perez, and Pinnacle

- o ¶¶ 347-351: Count XXIV, Declaratory Relief against Premium 72, Premium Int'l, Nicolayevsky, Perez, and Money Store

- ¶¶ 352-356: Count XXV, Declaratory Relief against Premium 72, Premium Int'l, Nicolayevsky, Perez, and Bitty

- ¶¶ 357-362: Count XXVI, Declaratory Relief against Premium 72, Premium Int'l, Nicolayevsky, Perez, and Byline concerning the loan for the acquisition of Sandlapper's assets

- ¶¶ 363-369: Count XXVII, Declaratory Relief against Premium 72, Premium Int'l, Nicolayevsky, and Perez regarding their *ultra vires* actions taken on behalf of RM Stark and RMST without the approval of the Board of Directors

- ¶¶ 370-374: Count XXVIII, Declaratory Relief against Premium 72, Premium Int'l, Nicolayevsky, and Perez regarding the enforceability of the loan from Byline as to the PPP loan

- ¶¶ 375-377: Count XXIX, Alternative Declaratory Relief against Premium 72, Premium Int'l, Nicolayevsky, and Perez as to Byline, ZAM, Kingdom, NFG, Prompt, Pinnacle, Money Store, and Bitty regarding the priority of claims

The TAC is organized in such a manner that each defendant can clearly follow and identify the allegations and causes of action pertaining to them. Each of the paragraphs of the TAC with which Defendants take issue are necessary to provide context for the situations giving rise to Plaintiff's claims. For example, paragraph 62 of the TAC concerns omissions by Peggy Lebert that resulted from the bad acts of Defendants. *See* TAC, ¶ 62. The preceding paragraph asserts that Premium 72 hired Ms. Lebert as RM Stark's new Chief Compliance Officer as part of Defendants' effort to dismantle RM Stark through unlawful activity, gross mismanagement, and improper acts. *Id.*, ¶ 61(c). These actions each followed Defendants' acknowledgement that they would not actively engage in the management of RM Stark's securities business until they had completed the appropriate registrations. *See id.*, ¶ 60. These paragraphs are germane to the many counts concerning defendants' improper loans. Furthermore, paragraphs 132 and 187 support Plaintiffs' assertions that Premium 72 was aware of the improper actions of the co-defendants regarding loans made by AMZ and Bitty to RMST and RM Stark without the knowledge and

consent of their Board of Directors. Accordingly, those paragraphs support Count XXV, which includes Bitty.[4]

Defendants further argue that Counts XII (concerning civil theft) and XIV (concerning conversion) are duplicative of one another, as are Counts XIII and XV (concerning aiding and abetting civil theft and aiding and abetting conversion). However, Florida law is clear that civil theft and conversion are two distinct matters. *See Gokalp v. Unsal*, 284 So. 3d 1097, 1098-99 (Fla. Dist. Ct. App. 2019) ("Civil theft is a statutory form of conversion…A claim for civil theft consists of conversion plus criminal intent.") (citations omitted). Accordingly, each of the counts are distinct causes of action, and are not duplicative of one another.

B. The TAC Clearly Distinguishes Claims Against Specific Defendants

Defendants appear to defeat their own argument that the TAC is unclear as to which allegations and counts apply to which defendants. For example, Defendants somehow argue that they cannot determine against which defendants Count VI applies while identifying that only four of the fourteen defendants to this action are parties to the Supplemental Purchase Agreement relevant to that count (Breach of Supplemental Purchase Agreement). Clearly, this is an indication that Plaintiffs can interpret the TAC so as to understand the claims against them. Furthermore, Plaintiff's causes of action plainly delineate to which Defendants each count applies. *See, e.g.*, TAC, at 50 (listing Count III for Declaratory Relief *against Premium 72, Premium Int'l, Nicolayevsky, and Perez* as to terms of promissory note and security provision (emphasis added)). The only counts that do not specify defendants in the captions are Counts IV and VI; however, the

---

[4] Plaintiffs have not brought a cause of action against AMZ in the TAC. Paragraph 126 explains that defendants have "continued to obfuscate the details of all transactions, refused to produce documents, and failed to disclose to Plaintiffs all relevant facts and circumstances relating to their financial misdeeds." TAC, ¶ 126.

facts alleged thereunder describe exactly to whom those counts pertain. As a result, there is no question as to which defendants are responsible for which actions or omissions.

Defendants assert that a number of paragraphs of the TAC are unclear as to which defendant they concern despite the headings under which those paragraphs lie and their content. *See, e.g.*, ¶ 53 (concerning failure to perform obligations pursuant to the Supplemental Agreement—a paragraph that can only pertain to the parties thereto). It is an assertion that does not follow logical sense. The above roadmap also clearly shows that the organization of the TAC supports the Court and Defendants' understanding of Plaintiff's allegations and their claims.

Despite its length, the TAC is "a short and plain statement" of Plaintiff's claims. It clearly establishes which counts pertain to which defendants. Thus, the TAC cannot be considered a shotgun pleading that violates the Federal Rules of Civil Procedure. The Court should deny Defendants' Motion.

## V.     CONCLUSION

For the foregoing reasons, the Stark Plaintiffs have adequately alleged all of their claims against Defendants. Their Motion should be dismissed. Alternatively, the Stark Plaintiffs should be granted leave to amend the Third Amended Complaint.

Dated: May 4, 2023                                                          Respectfully Submitted,

**D'AMURA & ZAIDMAN, PLLC**

*/s/ Richard T. Lobas*
RICHARD A. D'AMURA
Florida State Bar No. 663921
RICHARD T. LOBAS (*pro hac vice*)
Ohio Bar No. 0093658
1061 Michigan Ave., Unit 1
Miami Beach, Florida 33139
Phone: (310) 945-5306
Email: rdamura@dz-pllc.com
            rlobas@dz-pllc.com

*AND*

*/s/ Joel M. McTague*
JOEL MARTIN MCTAGUE, ESQ.
*Florida Bar No. 174406*
LEANNE B. WAGNER, ESQ.
*Florida Bar No. 0057847*
*Frank Weinberg Black, P.L.*
*7805 SW 6th Court*
*Plantation, FL 33324*
*Phone: 954-474-8000*
*Email: jmctague@fwblaw.net*
            *talberga@fwblaw.net*

*Attorneys for Plaintiffs RMST Holding Company, Inc., R.M. Stark & Co., Inc., and Gary L. Stark*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 4th day of May, 2023, a copy of the foregoing has been electronically filed with the Clerk of Court using CM/ECF and is being served via Electronic Mail on parties having appeared in this matter.

I further certify that the following parties will be served by regular U.S. Mail:

Zahav Asset Management, LLC

Kingdom Logistics, LLC

Prompt Capital Funding, LLC

Pinnacle Business Funding, LLC

Bitty Advance 2, LLC

By: */s/ Richard T. Lobas*