UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:21-cv-81995-AMC CANNON/ Reinhart

RMST HOLDING COMPANY, INC.,
R.M. STARK & CO, INC., and
GARY L. STARK,

      Plaintiffs,

vs.

PREMIUM 72 CAPITAL, LLC,
PREMIUM 72 INTERNATIONAL, LLC,
AYNBET INVESTMENTS, LLC,
ARTURO NICOLAYEVSKY,
EDUARDO PEREZ,

      Defendants.
_____/

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS THIRD AMENDED COMPLAINT

Defendants, Eduardo Perez, Premium 72 Capital, LLC, Premium 72 International, LLC and Aynbet Investments, LLC, reply as follows to Plaintiffs', RMST Holding Company, Inc., R.M. Stark & Co. Inc., and Gary Stark, Response in Opposition to Defendants' Motion to Dismiss Third Amended Complaint, filed May 4, 2023 [ECF No. 218] (Plaintiff's "Response"):

## ANALYSIS

Plaintiff's Response argues that (1) Defendants are barred from bringing the motion; and (2) the Complaint is not a shotgun pleading. Both arguments are misplaced and will be addressed in turn below.

## PLAINTIFF'S PROCEDURAL ARGUMENTS

Plaintiff argues that Defendants are procedurally barred from bringing the motion to dismiss for three reasons: (1) a motion to dismiss a previous complaint, on jurisdictional grounds, was denied; (2) another defendant in the case filed an answer (*pro se*); and (3) the parties appear to have consented to a temporary injunction on the First Amended Complaint ("FAC") to avoid business interruption.

Plaintiffs rely on *Kalin v. Xanboo, Inc.* to argue that Defendants are barred from filing a motion to dismiss the TAC because their motion to dismiss the FAC was denied. 526 F.Supp.2d 392 (S.D. NY 2007) (granting motion to dismiss all three counts with prejudice and explicitly finding that motion was procedurally proper); [Plaintiff's Response, ECF No. 218, §3]. In *Kalin*, the Southern District of New York analyzed *Mull v. Cult Co.,* 31 F.R.D. 154 (S.D.N.Y 1962), to determine whether a defendant that had filed an answer to the first amended complaint could move to dismiss the second amended complaint. The Court held that

> *Mull* supports permitting [defendant] to file its Motion to Dismiss with regard to Count I, despite having previously answered the First Amended Complaint. Because the SAC adds factual allegations to Count I which further support Plaintiff's claims against [defendant], [defendant] must be permitted an opportunity to respond. This is particularly so when the Plaintiff has generously been given two opportunities to correct his Complaint.

*Id*. (further finding that Motion was properly granted on all counts). In that case, Plaintiff only added one allegation to Count I "a reference to Plaintiff's reliance on [defendant]'s integrity in agreeing to cede his shares." *Kalin*, 526 F. Supp. 2d at 397 (S.D.N.Y. 2007). In this case, rather than adding a single allegation, Plaintiff has

added 106 paragraphs worth of allegations since the FAC, and an additional 25 paragraphs of allegations since the SAC. Those allegations are incorporated into every count against the Moving Defendants. Plaintiff's interpretation of *Kalin* is incorrect and, as in *Kalin*, the Defendants should be permitted an opportunity to respond to the operative complaint.

Plaintiffs further contend that the answer filed by Defendant Nicoleyevsky, *pro se*, wholly bars separate individual parties and entities from responding to the TAC. This proposition is not supported by the Federal Rules of Civil Procedure and is not established in the series of inapposite cases cited by the Plaintiff. *Piemonte v. Chicago Bd. Options Exch., Inc.*, 405 F. Supp. 711, 718 (S.D.N.Y. 1975); *Lewis v. Schafer*, 571 F.Supp.2d 54 (D.C.D.C. 2008). Neither of these cases stand for the proposition that an answer filed by Defendant Nicolayevsky waives Defendant Perez's opportunity to respond. Plaintiff also relies on this Court's order requiring joint responses, or individual answers, to the FAC to argue this Motion is barred. However, Defendant Perez had no control over the *pro se* answer filed by another individual Defendant and should have an opportunity to defend his case. Here, defending his case will require dismissing this shotgun pleading so that he can understand the allegations against him and know which factual allegations to defend.

Finally, Plaintiff argues that this Motion is somehow barred by the parties agreeing to an order enjoining the Defendants from managing RM Stark. That order was entered long before the TAC was filed and does not speak to waiver of responses

or, as Plaintiff suggests, this Court finding Plaintiff's claims "sufficient." While it is unclear what exactly led to the entry of that agreed order, it appears that it was an effort to facilitate and clarify company operations during litigation. Ultimately, nothing in that order or the agreement of the parties suggests that the Defendants are waiving their right to file a motion to dismiss the FAC and particularly not the later, and substantially modified, TAC.

## THIRD AMENDED COMPLAINT IS A SHOTGUN PLEADING

Plaintiffs move on to address the merits and contend that their Complaint is not a shotgun pleading. Their central argument is that incorporating 205 paragraphs (some with as many as 24 subparagraphs) into each of 29 counts does not render the Complaint a shotgun pleading. [Plaintiff's Response, ECF No. 218, P. 5] ("the Defendants attempt in ¶2 of their Motion to Dismiss to imply that the 205 paragraphs were impermissibly incorporated into each of the 29 counts. This is an incorrect interpretation of *Barmapov*."). However, this argument, at most, establishes that the Complaint does not fall into the *first category* of shotgun pleading. Defendants' Motion argues that the Complaint is a shotgun pleading of the second and fourth categories, rather than the first. Accordingly, Plaintiff's argument and cited caselaw is wholly inapposite. Ultimately, their argument misapprehends the Court's holding in *Barmapov*, fails to distinguish between the four types of shotgun pleading, and ignores the long list of additional deficiencies described in Defendants' Motion to Dismiss.

The Court in *Barmapov* dismissed a complaint as a shotgun pleading and that complaint did not incorporate every prior allegation into each preceding count. The complaint in *Barmapov* was remarkably similar to Plaintiff's Complaint, and therefore did not fall into the first category of shotgun pleading where every allegation is incorporated into each count. It did, however, fall into the second category, as is argued in the Motion to Dismiss. The Court in *Barmapov* opined on this issue in great detail:

> Barmapov's second amended complaint does not fall into the first category because although nine of the 19 counts incorporate almost every factual allegation in the complaint, none of them adopts the allegations in the preceding counts. It also does not fall into the third category because each count presents a unique cause of action. Nor does it fall into the fourth category because even though several of the counts target multiple defendants, these counts "specify[ ] which of the defendants are responsible for which acts or omissions." *Id*.
>
> But the second amended complaint undoubtedly falls into the second category of shotgun pleadings. It is rife with immaterial factual allegations, including five pages and 24 paragraphs of irrelevant details about the alleged criminal backgrounds of some of the defendants. To make matters worse, the complaint then incorporates these paragraphs into 13 of the 19 counts, including counts against defendants who had no part in this background history. Other examples of inconsequential details include Barmapov's business background; the relationships among Yossi, Guy, and Avrham Amuial, Terry Rafih, and John Obeid; Barmapov's history with Reuben Sastiel; the experiences of Barmapov's grandson working for the Amuials; and the contentious business meetings between Barmapov, the Amuials, and Sastiel. **In addition, the second amended complaint indiscriminately incorporates and repeats 249 numbered paragraphs of factual allegations—spanning 50 pages—into nine of the 19 counts, without any effort to connect or separate which of those 249 factual allegations relate to a particular count. As a result, these nine counts include factual allegations that are immaterial to the underlying causes of action.** *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (describing a complaint in which four counts incorporated all 43 numbered paragraphs of factual

> allegations, many of which appeared to relate to only one or two counts, as "an all-too-typical shotgun pleading"); *see also Weiland*, 792 F.3d at 1322 n.12 (identifying *Chudasama* as an example of one of the second category of shotgun pleadings).

*Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021) (*emphasis added*). Accordingly, the fact that each preceding allegation is not incorporated into each count of the Complaint will not save a complaint from dismissal as a shotgun pleading where it falls into one of the other four categories.

Here, as in *Barmapov,* the Complaint "indiscriminately incorporates and repeats" 205 paragraphs "without any effort to connect or separate which of those [] factual allegations relate to a particular count." *Id.* While in *Barmapov* the complaint incorporated 249 numbered paragraphs of factual allegations spanning 50 pages, and here there are only 205 paragraphs spanning 46 pages, the 205 paragraphs here include an additional 30 subparagraphs. Making matters clearer, the complaint in *Barmapov* only incorporated those paragraphs into 9 of the 19 counts, which would leave a Defendant with some suggestion of which allegations apply to which count. Here, however, Plaintiff has incorporated each and every one of the 235 paragraphs and subparagraphs into each and every one of his 29 counts – with no effort to separate which of those factual allegations relate to a particular count. This, inherently, will result in each of the counts containing "factual allegations that are immaterial to the underlying cause of action." *Id.* As in *Barmapov,* "the Complaint undoubtedly falls into the second category of shotgun pleadings."

However, this Court need not rely only on those factors. The Court in *Barmapov* went on to clarify that vague and conclusory allegations provide further support to dismiss a complaint as a shotgun pleading of the second category. Further, the Motion to Dismiss explains how certain counts do not state which Defendants they are claimed against. The original Motion to Dismiss discussed those arguments in detail so they will not be rehashed here.

There is an additional argument worth consideration. In Plaintiffs' attempts to argue that this motion to dismiss is procedurally barred, he has effectively admitted that it is a shotgun pleading. In supporting his procedural arguments, Plaintiff asserts that "the substantive allegations against the moving Defendants have not changed since the Court originally denied their motion to dismiss," that targeted the FAC. [Plaintiff's Response, ECF No. 218, P. 4]. Briefly reviewing the TAC and comparing it with the FAC shows that at least 106 additional paragraphs of allegations were incorporated into each count against the Moving Defendants since the time Plaintiff states "the substantive allegations against the moving Defendants have not changed". Since 106 additional allegations are made against the Moving Defendants and incorporated into every count, and Plaintiff admits nothing of substance was added against the Moving Defendants, it must be true that each of those counts contain 106 paragraphs of "factual allegations that are immaterial to the underlying causes of action,". Immaterial factual allegations, even in a much lower volume, render the TAC a shotgun pleading of the second category. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997)

(describing a complaint in which four counts incorporated all 43 numbered paragraphs of factual allegations, many of which appeared to relate to only one or two counts, as "an all-too-typical shotgun pleading"); *See also Barmapov.*

**WHEREFORE**, Defendants respectfully request that this Honorable Court enter an order dismissing Plaintiff's Third Amended Complaint as a shotgun pleading, for failure to comply with Federal Rules of Civil Procedure 8(a)(2) or 10(b).

Dated: May 11, 2023

Respectfully submitted,

_____
**HAGOOD & HAGOOD, PLLC**
Hunter A. Hagood-James, Esq.
Florida Bar No. 1020504
501 N Magnolia Avenue
Orlando, Florida 32801
Telephone: (407) 414-3846
Primary Service Email Address:
EService@HagoodHagood.com
*Counsel for the Defendants*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 11, 2023, I electronically filed the foregoing document with the Clerk of the United States District Court for the Southern District of Florida using the CM/ECF system which will cause a copy of the foregoing document to be served by email to all counsel and pro se parties of record.

_____
Signature of Filer