UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:21-cv-81995-AMC

**RMST HOLDING COMPANY, INC.,** *et al.*

    Plaintiffs,

v.

**PREMIUM 72 CAPITAL, LLC,** *et al.*

    Defendants.
_____/

**BYLINE BANK,**                                 Consolidated Action: 22-80838-CIV-AMC

    Plaintiff,

v.

**PREMIUM 72 CAPITAL LLC,** *et al.*

    Defendants.
_____/

## STATEMENT OF MATERIAL FACTS

Plaintiff[1] Gary L. Stark ("Mr. Stark"), by and through undersigned counsel, pursuant to Local Rule 56.1, contemporaneously files this Statement of Material Facts in support of Mr. Stark's Motion for Partial Summary Judgment and states:

1. R.M. Stark & Co., Inc. ("RM Stark") is a broker-dealer registered with the Securities and Exchange Commission (the "SEC"). (ECF No. 26-2, Declaration of Gary L. Stark[2] at Page 1 ¶ 2).

---

[1] Plaintiffs in this case include jointly represented RMST Holding Company, Inc. ("RMST"), R.M. Stark & Co., Inc. ("RM Stark"), and Gary L. Stark ("Mr. Stark") (collectively, "Stark Plaintiffs"); however, the Motion for Partial Summary Judgment and thus this contemporaneously filed Statement of Material Facts is brought solely on behalf of Mr. Stark.

[2] The Declaration of Gary L. Stark was previously submitted in this matter as ECF No. 26-2. It is also attached hereto for the Court's ease of reference.

1
PLAINTIFF GARY L. STARK'S STATEMENT OF MATERIAL FACTS

2. RMST Holding Company, Inc. ("RMST") is a holding company that wholly owns RM Stark. (ECF No. 26-2, Declaration of Gary L. Stark, at Page 2, ¶ 5).

3. As a SEC registered broker-dealer, RM Stark is subject to the rules and regulations of the Financial Industry Regulatory Authority ("FINRA"). (ECF No. 26-2, Declaration of Gary L. Stark at Pages 1-2 ¶ 2).

4. Mr. Stark purchased a controlling interest in RM Stark in 1994. (ECF No. 26-2, Declaration of Gary L. Stark at Page 1 ¶ 2).

5. On October 8, 2019, on behalf of RM Stark, as President and CEO, Mr. Stark executed a Letter of Intent (the "LOI") with OPC Advisors, LLC, a Texas limited liability company ("OPC"). (ECF No. 26-2, Declaration of Gary L. Stark at Page 2 ¶ 3).

6. At the time of the LOI, RM Stark was wholly owned by RMST. (ECF No. 26-2, Declaration of Gary L. Stark at Page 2 ¶ 5).

7. OPC changed its name to Premium 72 Capital, LLC, on or about November 13, 2020. (ECF No. 26-2, Declaration of Gary L. Stark at Page 2 ¶ 3).

8. Premium 72 Capital/OPC is registered as an investment advisor in the state of Texas, and is affiliated with Defendants Premium 72 International, LLC; Aynbet Investments, LLC, Eduardo Perez, and Mr. Nicolayevsky (collectively, "Purchasing Defendants"). (ECF No. 26-2, Declaration of Gary L. Stark at Page 2 ¶ 3).

9. Arturo Nicolayevsky executed the LOI on behalf of Premium 72 Capital/OPC. (ECF No. 26-2, Declaration of Gary L. Stark at Page 2 ¶ 3).

10. On January 2, 2020, as President and CEO of RMST, Mr. Stark executed the "Gary L. Stark, et al. to OPC Advisors, LLC Stock Purchase Agreement" (the "Stock Purchase

Agreement"). (ECF No. 26-2, Declaration of Gary L. Stark at Page 2 ¶ 7). (ECF. No. 67-2 and 67-3; Stock Purchase Agreement at ECF No. 67-3 Page 14).

11. Mr. Nicolayevsky executed the Stock Purchase Agreement on behalf of himself and Premium 72 Capital/OPC on January 2, 2020. (ECF No. 26-2, Declaration of Gary L. Stark at Page 3 ¶ 7).

12. The intent of the transaction contemplated by the Stock Purchase Agreement was to sell one hundred percent (100%) of the outstanding stock of RMST (RM Stark's holding company) to Mr. Nicolayevsky, Mr. Perez, and/or entities owned or controlled by either or both of them. (ECF No. 26-2, Declaration of Gary L. Stark at Page 3 ¶ 8).

13. FINRA's rules provide that FINRA has the right to approve (or disapprove) the sale of one hundred percent (100%) of the stock of the holding company of a FINRA registered broker-dealer, like RMST. (ECF No. 26-2, Declaration of Gary L. Stark at Page 3 ¶ 9).

14. Accordingly, the Stock Purchase Agreement contemplated a bifurcated transaction, with a portion of the RMST stock to be transferred upon an initial closing (the "First Closing") and the balance of the stock transferred at a subsequent closing following the required FINRA approval (the "Second Closing"). (ECF No. 26-2; Declaration of Gary L. Stark at Page 3 ¶ 9).

15. Pursuant to the bifurcated transaction, forty-eight (48) shares, equivalent to twenty-four percent) (24%), of RMST, were transferred to Premium 72 Capital/OPC at the time of the First Closing, on or about January 2, 2020. (ECF No. 26-2, Declaration of Gary L. Stark at Page 3 ¶ 10).

16. In connection with the Stock Purchase Agreement, Premium 72 Capital/OPC caused a Continuing Member Application Form to be filed with FINRA on August 20, 2020, in

furtherance of obtaining FINRA's approval of the transaction for the contemplated change in ownership of RMST, the holding company of RM Stark. (ECF No. 26-2, Declaration of Gary L. Stark at Pages 3-4 ¶ 11).

17. On September 2, 2020, FINRA approved the Continuing Member Application via letter (the "Approval Letter"). (ECF No. 26-2, Declaration of Gary L. Stark at Page 4 ¶ 12).

18. Pursuant to the Approval Letter, the effectiveness of FINRA's approval of the transaction was contingent upon the execution of a Membership Agreement by RM Stark's replacement CEO, Stacey Stark. (ECF No. 26-2, Declaration of Gary L. Stark at Page 4 ¶ 12). (ECF No. 67-5, Approval Letter at Page 2).

19. On September 2, 2020, Ms. Stark executed an "R.M. Stark & Co., Inc. Membership Agreement" (the "Membership Agreement"), and the Membership Agreement was submitted to FINRA. (ECF No. 26-2, Declaration of Gary L. Stark at Page 4 ¶ 13).

20. On or about September 22, 2020, Mr. Stark executed a Supplemental Purchase Agreement between Mr. Stark and Premium 72 International, Mr. Nicolayevsky, and Mr. Perez to effectuate the Second Closing. (ECF No. 26-2, Declaration of Gary L. Stark at Page 4 ¶ 14).

21. In connection with the Supplemental Purchase Agreement, Mr. Nicolayevsky and Mr. Perez represented to Mr. Stark that Premium 72 International was a successor and/or affiliated entity of Premium 72 Capital/OPC. (ECF No. 26-2, Declaration of Gary L. Stark at Page 4 ¶ 15).

22. Pursuant to the Supplemental Purchase Agreement, Mr. Stark was to receive a total of four million five-hundred thousand dollars ($4,500,000) in connection with the Second Closing. (ECF No. 26-2, Declaration of Gary L. Stark at Page 4¶ 16).

23. The Supplemental Purchase Agreement contemplated payment to Mr. Stark in the amount of one million six-hundred thousand dollars ($1,600,000) on or about September 22, 2020. (ECF No. 26-2, Declaration of Gary L. Stark at Page 4 ¶ 16).

24. Per the Supplemental Purchase Agreement, Premium 72 International would execute a promissory note, to be guaranteed by Messrs. Nicolayevsky and Perez in Mr. Stark's favor for the remaining two million nine-hundred thousand dollars ($2,900,000). (ECF No. 26-2, Declaration of Gary L. Stark at Pages 4-5 ¶ 16).

25. Accordingly, on September 22, 2020, Premium 72 International, as maker, and Messrs. Nicolayevsky and Perez, as guarantors, entered into a Promissory Note in Mr. Stark's favor. (ECF No. 26-2, Declaration of Gary L. Stark at Page 5 ¶ 17); (Declaration of Ellen Adler at Page 1, ¶ 4).

26. Pursuant to the Promissory Note, Premium 72 International was to make certain payments of principal and interest to Mr. Stark over time, personally guaranteed by Messrs. Nicolayevsky and Perez. (ECF No. 26-2, Declaration of Gary L. Stark at Page 5 ¶ 17).

27. On or about September 22, 2020, at the Second Closing, as contemplated in the Supplemental Purchase Agreement, Premium 72 Capital/OPC was required to pay Mr. Stark one million six hundred thousand dollars ($1,600,000) in cash (the "Partial Payment"). (ECF No. 26-2, Declaration of Gary L. Stark at Page 5 ¶ 20).

28. Mr. Stark received the Partial Payment, except for approximately thirty five thousand dollars ($35,000), which remains outstanding. (ECF No. 26-2, Declaration of Gary L. Stark at Page 5 ¶ 20).

29. In reliance on the (deficient) Partial Payment and the promises made in the Supplemental Purchase Agreement and Promissory Note, Mr. Stark transferred the remaining shares of

RMST to Premium 72 Capital/OPC on or about September 22, 2020. (ECF No. 26-2, Declaration of Gary L. Stark at Page 6 ¶ 21).

30. Mr. Stark has received no further payment since the deficient Partial Payment. (ECF No. 26-2, Declaration of Gary L. Stark at Page 6 ¶ 22).

31. The duly executed Promissory Notes states "fail[ure] to make any payment of principal or interest within five (5) days after the same is due and payable, provided there are not more than two (2) such late payments within any consecutive twelve (12) month period" shall constitute an "Event of Default." (Declaration of Ellen Adler, Ex. A at Page 3).

32. The duly executed Promissory Note further states "Without limiting any of the rights and remedies of the Payee set forth in this Note, upon an Event of Default the Payee may, at his option, without further notice or demand, (i) declare the outstanding principal balance and all accrued but unpaid interest under this notes at once due and payable (…) The Maker, and all endorsers, Guarantors, and other persons obligated heron, hereby waive presentment, demand, protest, notice of demand, notice of protest, and notice of nonpayment. The Maker shall pay, promptly on demand of the Payee, all costs and expenses, including reasonable attorney's fees, incurred or paid by the Payee in connection with the enforcement of the Payee's rights and remedies under this Note." (Declaration of Ellen Adler, Ex. A at Page 3).

33. As Mr. Stark has received no payment since the deficient Partial Payment on September 22, 2020, Purchasing Defendants are in default. (ECF No. 26-2, Declaration of Gary L. Stark at Page 6 ¶ 22). (Declaration of Ellen Adler, Ex. A at Page 3).

Dated: June 16, 2023

        Respectfully submitted,

        **D'AMURA & ZAIDMAN, PLLC**

        */s/ Richard T. Lobas*
        RICHARD A. D'AMURA
        Florida State Bar No. 663921
        RICHARD T. LOBAS (*pro hac vice*)
        Ohio Bar No. 0093658
        1061 Michigan Ave., Unit 1
        Miami Beach, Florida 33139
        Phone: (310) 945-5306
        Email: rdamura@dz-pllc.com
               rlobas@dz-pllc.com

        AND

        */s/ Joel M. McTague*
        JOEL MARTIN MCTAGUE, ESQ.
        Florida Bar No. 174406
        LEANNE B. WAGNER, ESQ.
        Florida Bar No. 0057847
        Frank Weinberg Black, P.L.
        7805 SW 6th Court
        Plantation, FL 33324
        Phone: 954-474-8000
        Email: jmctague@fwblaw.net
               talberga@fwblaw.net

        *Attorneys for Plaintiffs RMST Holding Company, Inc., R.M. Stark & Co., Inc., and Gary L. Stark*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 16th day of June, 2023, a copy of the foregoing has been electronically filed with the Clerk of Court using CM/ECF and is being served via Electronic Mail on parties having appeared in this matter.

I further certify that the following parties will be served by regular U.S. Mail:

>Zahav Asset Management, LLC
>Kingdom Logistics, LLC
>Prompt Capital Funding, LLC
>Pinnacle Business Funding, LLC
>Bitty Advance 2, LLC

By: */s/ Richard T. Lobas*