UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:21-cv-81995-AMC

**RMST HOLDING COMPANY, INC.,** *et al.*

    Plaintiffs,

v.

**PREMIUM 72 CAPITAL, LLC,** *et al.*

    Defendants.

_____/

**BYLINE BANK,**

    Plaintiff,

v.

**PREMIUM 72 CAPITAL LLC,** *et al.*

    Defendants.

_____/

**<u>DECLARATION OF ELLEN R. P. ADLER</u>**

STATE OF FLORIDA

COUNTY OF OKEECHOBEE

I, ELLEN ADLER, under penalty of perjury attest to the following:

    1.    I am over 18 years of age and have personal knowledge of the facts stated herein.

    2.    I am an officer and director of RMST Holding Company, Inc. ("RMST") and R.M. Stark & Co., Inc. ("RM Stark").

    3.    I was a signatory to a promissory note which was executed as part of the sale of RMST to certain Defendants in this case.

    4.    A true and accurate copy of the Promissory Note is attached hereto as <u>Exhibit A</u>.

I DECLARE ON THE PENALTY OF PERJURY THAT THE ABOVE IS TRUE AND CORRECT. Signed and stated in the County of Okeechobee, in the State of Florida.

Dated: June 13, 2023

_____
ELLEN R. P. ADLER

# Exhibit A

# PROMISSORY NOTE

$2,900,000.00                                                        Lake Worth Beach, Florida

Date: 09/22/2020

FOR VALUE RECEIVED, **Premium 72 International, LLC**, a Nevada Limited Liability Company in good standing (the "**Maker**"), promises to pay to **Gary L. Stark** (the "**Payee**") the principal sum of Two Million Nine Hundred Thousand Dollars U.S. (U.S. $2,900,000.00), together with interest on the unpaid principal balance at the rate of Five Percent (5%) per annum, as follows:

Upon the **Second Closing** (as set forth in **Section 1.2** of the **OPC Stock Purchase Agreement (Exhibit "A"** hereto), **Maker** shall remit to **Payee** the sum of Seventy Two Thousand Five Hundred Dollars U.S. (U.S. $72,500.00) representing Fifty Percent (50%) of the First (1st) Year's Interest due on the principal amount of Two Million Nine Hundred Thousand Dollars U.S. (U.S. $2,900,000.00).

Within Thirty (30) Days of the aforesaid payment, **Maker** shall remit to **Payee** the sum of Seventy Two Thousand Five Hundred Dollars U.S. (U.S. $72,500.00) representing the balance of the First (1st) Year's Interest due on the principal amount of Two Million Nine Hundred Thousand Dollars U.S. (U.S. $2,900,000.00).

Thereafter, commencing on the anniversary of the Second (2nd) Year after Date, the unpaid principal balance of this **Promissory Note** (the "**Note**"), if not sooner paid or declared to be due in accordance with the terms hereof, together with all accrued and unpaid interest thereon and any other amounts due and payable hereunder shall be due and payable in Twelve (12) Quarterly Installments pursuant to the **Loan Amortization Schedule** attached to this **Note** as **Exhibit "B"** and incorporated herein by reference.

This Note is guaranteed by the personal Guaranty (herein so called) of **Arturo Nicolayevsky** and **Eduardo Perez Alduncin**, owners of **Maker** ("**Guarantors**") dated of even date herewith.

As security for the prompt payment of this **Note**, **Guarantors** shall execute stock powers for the transfer of securities held by **Guarantors** to **Payee** in an amount equal to the balance of all principal and interest due under **Note**. As additional collateral, **Arturo Nicolayevsky** shall execute an irrevocable assignment of Two Million Nine Hundred U.S. Dollars (U.S. $2,900,000.00) from the proceeds of his existing Life Insurance Policy AXA Insurance, Policy #11931115.

Payments hereunder shall be made at 16840 U.S. Highway 441 North, Okeechobee, Florida 34972, or at such other place as the **Payee** may, from time to time in writing, advise. Payments hereunder shall be timely made when deposited in the United States Mail, postage prepaid, addressed to **Payee** at the address specified above. Any payments received hereunder shall be applied first to the payment of accrued and unpaid interest, and the balance to the principal amount hereof then outstanding.

**Maker** shall have the right to prepay this **Note**, in whole or in part, at any time, without notice, premium or penalty. Any prepayment of this **Note** shall be applied first to the payment of accrued

and unpaid interest, and the balance to the principal then outstanding.

Any one or more of the following shall constitute an **Event of Default** as the term is used herein:

    (a) **Maker** fails to make any payment of principal or interest within five (5) days after the same is due and payable, provided there are not more than two (2) such late payments within any consecutive twelve (12) month period; and/or,

    (b) **Maker** becomes bankrupt or insolvent or admits, in writing, the inability to pay debts as they mature, or makes an assignment for the benefit of creditors, or consents to the appointment of a Trustee or Receiver or takes any action to liquidate, dissolve or terminate its existence; and/or,

    (c) A Trustee or Receiver is appointed for the **Maker** or for all or part of the **Maker**'s property, without its consent; and/or,

    (d) All or substantially all of **Maker**'s assets are attached, seized or levied upon; and/or,

    (e) Bankruptcy or Insolvency Proceedings, or any other Proceeding for relief in equity or under any Act(s) of Congress or any law(s) of any State of the United States or the United States of America are instituted against **Maker** or are consented to by **Maker**; and/or,

    (f) **Maker** breaches any other provision of this **Note** or any other agreement(s) securing or guaranteeing this **Note**, or **Guarantors** breach any of the provisions of the **Guaranty**.

Without limiting any of the rights and remedies of the **Payee** set forth in this **Note**, upon an **Event of Default** the **Payee** may, at his option, without further notice or demand, (i) declare the outstanding principal balance and all accrued but unpaid interest under this **Note** at once due and payable, and (ii) pursue any and all other rights, remedies and recourse available to **Payee** hereunder or under applicable law.

The **Maker**, and all endorsers, **Guarantors** and other persons obligated hereon, hereby waive presentment, demand, protest, notice of demand, notice of protest, and notice of nonpayment. The **Maker** shall pay, promptly on demand of the **Payee**, all costs and expenses, including reasonable attorney's fees, incurred or paid by the **Payee** in connection with the enforcement of the **Payee**'s rights and remedies under this **Note**.

If any provision of this **Note** or the application therof to any party or circumstance is held invalid or unenforceable, the remainder of this **Note** and the application of such provision to other parties or circumstances will not be affected thereby and the provisions of this **Note** shall be severable in any such circumstance.

This **Note** is submitted by the **Maker** to the **Payee** at the City and State first set forth above and shall be deemed to have been made thereat. This **Note** shall be governed and controlled by the laws of the State of Florida as to interpretation, enforcement, validity, construction, effect, and in all other respects without reference to the principles of choice of law. **Maker** hereby irrevocable consents to the exclusive jurisdiction of any state or federal court in the county or judicial district

in the State of Florida.

No delay or omission by **Payee** to exercise his rights hereunder shall impair any right or power of Payee or shall be construed to be a waiver of any **Event of Default** hereunder or any acquiescence therein. No waiver of any **Event of Default** shall be construed, taken or held to be a waiver, acquiescence in or consent to any further or succeeding default of the same nature.

Maker shall furnish to **Payee** such other information with respect to **Maker** or **Guarantors** which may be requested from time to time by Payee, within a reasonable time after the applicable request.

**IN WITNESS WHEREOF**, **Maker** by its appropriate Managing Members thereunto duly authorized, has executed this **Promissory Note** as of the Date first above set forth.

WITNESSES:

_Mary Jane Aumais_
MARY JANE AUMAIS

_[signature]_
ELLEN R.P. ADLER

MAKER
Premium 72 International LLC

By _[signature]_
Arturo Nicolayevsky, Managing Member

By _[signature]_
Eduardo Pérez Alduncin, Managing Member

GUARANTORS

_[signature]_
Arturo Nicolayevsky

_[signature]_
Eduardo Pérez Alduncin

Promissory Note Page 3 of 3 Pages

Principal: $2,900,000.00
Interest Rate: 5.00%
Payment Interval: Quarterly
# of Payments: 12
Payment: $261,749.11

### Schedule of Payments
Please allow for slight rounding differences.

| Pmt # | Payment | Principal | Interest | Balance |
|---|---|---|---|---|
| 1 | 261,749.11 | 225,499.11 | 36,250.00 | 2,674,500.89 |
| 2 | 261,749.11 | 228,317.85 | 33,431.26 | 2,446,183.04 |
| 3 | 261,749.11 | 231,171.82 | 30,577.29 | 2,215,011.22 |
| 4 | 261,749.11 | 234,061.47 | 27,687.64 | 1,980,949.75 |
| Year 1 | | 919,050.25 | 127,946.19 | |
| 5 | 261,749.11 | 236,987.24 | 24,761.87 | 1,743,962.51 |
| 6 | 261,749.11 | 239,949.58 | 21,799.53 | 1,504,012.93 |
| 7 | 261,749.11 | 242,948.95 | 18,800.16 | 1,261,063.98 |
| 8 | 261,749.11 | 245,985.81 | 15,763.30 | 1,015,078.17 |
| Year 2 | | 965,871.58 | 81,124.86 | |
| 9 | 261,749.11 | 249,060.63 | 12,688.48 | 766,017.54 |
| 10 | 261,749.11 | 252,173.89 | 9,575.22 | 513,843.65 |
| 11 | 261,749.11 | 255,326.06 | 6,423.05 | 258,517.59 |
| 12 | 261,749.06 | 258,517.59 | 3,231.47 | 0.00 |
| Year 3 | | 1,015,078.17 | 31,918.22 | |
| Grand Total | | 2,900,000.00 | 240,989.27 | |

Four year note.  First year interest only of $145,000.  Thereafter, 12 quarterly payments.